Robert T. Quackenboss
rquackenboss@HuntonAK.com
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 955-1950

Thomas R. Waskom (admitted *pro hac vice*)
twaskom@HuntonAK.com
Meghan A. Podolny (admitted *pro hac vice*)
mpodolny@HuntonAK.com
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8403

Lukas Moffett (admitted *pro hac vice*)
lmoffett@HuntonAK.com
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Tel: (214) 979-2908

*Counsel for Defendant Walmart Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>WALMART INC.,<br><br>   *Defendant*. | Case No. 2:21-cv-13827-BRM-AME<br><br>Hon. Brian R. Martinotti, U.S.D.J.<br>Hon. Andre M. Espinosa, U.S.M.J. |

**BRIEF IN SUPPORT OF DEFENDANT'S APPEAL OF**
**MAGISTRATE JUDGE'S DISCOVERY ORDER, OR IN THE**
<u>**ALTERNATIVE, MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**</u>

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION .............................................................................................................1

II. LEGAL STANDARD........................................................................................................2

III. FACTUAL AND PROCEDURAL HISTORY .................................................................3

    A. The Dispute Regarding the Statute of Limitations Applicable to CHRIA Arose Through a Discovery Dispute. ...................................................................................3

    B. The Magistrate Judge Ruled That He Lacked Authority to Decide the Limitations Period for Plaintiff Johnson's CHRIA Claims. ...................................4

IV. ARGUMENT.....................................................................................................................4

    A. The Court Should Apply a Two-Year Limitations Period to the CHRIA Claim. ..................................................................................................................................4

        1. CHRIA's Text, History and Purpose Support Application of the Two-Year Limitations Period................................................................................5

        2. CHRIA Claims Are More Analogous to Tort than Contract, Supporting Application of the Two-Year Limitations Period. .......................................6

        3. Pennsylvania Decisions Analyzing Analogous Statutes Support Application of the Two-Year Limitations Period. ......................................7

    B. The Court Should Hold that Magistrate Judge Espinosa Had the Authority to Decide the Limitations Issue to Resolve the Underlying Discovery Dispute..........9

    C. In the Alternative, the Court Should Enter Partial Judgment on the Pleadings in Favor of Walmart that CHRIA Is Subject to a Two-Year Limitations Period. ....................................................................................................................................11

V. CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ash v. Cont'l Ins. Co.*,
  932 A.2d 877 (Pa. 2007) .................................................................................... 5, 6, 7, 9

*Bedova v. Am. Eagle Express Inc.*,
  914 F.3d 812 (3d Cir. 2019) ..................................................................................... 3

*Cecil Tp. Mun. Auth. v. N. Am. Specialty Sur. Co.*,
  836 F. Supp. 2d 367 (W.D. Pa. 2011) ................................................................... 7, 9

*Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*,
  150 F.3d 245 (3d Cir. 1998) ..................................................................................... 9

*EEOC v. City of Long Branch*,
  866 F.3d 93 (3d Cir. 2017) .................................................................................. 9, 10

*Gabriel v. O'Hara*,
  368 Pa. Super. 383, 534 A.2d 488 (1987) ................................................................ 8

*Haugh v. Allstate Ins. Co.*,
  322 F.3d 227 (3d Cir. 2003) ..................................................................................... 7

*Jodek Charitable Trust, RA v. Vertical Net*,
  412 F.Supp.2d 469 (E.D. Pa. 2006) ......................................................................... 7

*King v. Bureau of Prof'l & Occupational Affairs, State Bd. of Barber Examiners*,
  195 A.3d 315 (Pa. Commw. 2018) .......................................................................... 5

*King v. City of Philadelphia*,
  No. CIV.A. 10-2537, 2012 WL 246070 (E.D. Pa. Jan. 25, 2012) ............................ 5

*Koken v. Steinberg*,
  825 A.2d 723 (Pa. Commw. 2003) .......................................................................... 6

*Lochbaum v. U.S. Fid. & Guar. Co.*,
  136 F. Supp. 2d 386 (W.D. Pa. 2000), *aff'd*, 265 F.3d 1055 (3d Cir. 2001) ............ 7

*Mele v. FRB*,
  359 F.3d 251 (3d Cir. 2004) ..................................................................................... 3

*Northview Motors, Inc. v. Chrysler Motors Corp.*,
  227 F.3d 78 (3d Cir. 2000) .................................................................................... 7, 9

*O'Neal v. Bedford Cty.*,
   No. 179 C.D. 2016 and 249 C.D. 2016, 2017 WL 242759 (Pa. Commw. Jan.
   20, 2017) ..................................................................................................................5

*Raleigh v. Westinghouse Elec. Corp.*,
   550 A.2d 1013 (Pa. Super. 1988)...................................................................................7, 9

*Miller ex rel S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*,
   455 F.Supp.2d 1286 (D.N.M. 2006), *aff'd*, 565 F.3d 1232 (10th Cir. 2009) ..........................10

*Sikirica v. Nationwide Ins. Co.*,
   416 F.3d 214 (3d Cir. 2005)................................................................................................3

*Smart Vent Products, Inc. v. Crawl Space Door Sys., Inc.*,
   No. CV 13-5691, 2016 WL 4408818 (D.N.J. Aug. 16, 2016)...................................................11

*Taha v. Bucks Cnty. Pennsylvania*,
   408 F. Supp. 3d 628 (E.D. Pa. 2019) .................................................................................7

*Taha v. Bucks County Pa.*,
   367 F. Supp. 3d 320 (E.D. Pa. 2019) ..............................................................5, 7, 8, 9

*Thomas v. Ford Motor Co.*,
   137 F.Supp.2d 575 (D.N.J. 2001) .................................................................................2, 10

*V.Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.*,
   No. CIV.A. 06-2304 FLW, 2011 WL 1344193 (D.N.J. Apr. 8, 2011).....................................9

**Federal and Local Rules**

D.N.J. Civil L.R. 72.1(c)(1)(A) ...................................................................................1, 2

Fed. R. Civ. P. 12(c) ...........................................................................................1, 2, 3, 11

Fed. R. Civ. P. 26............................................................................................................1, 10, 11

Fed. R. Civ. P. 72.............................................................................................................1, 2

**Statutes**

19 P.S. §§ 1511–36 ........................................................................................................6

18 Pa.C.S.A. § 9101, *et seq.*.................................................................................4, 7, 8

42 Pa.C.S.A. § 5524(7) ...................................................................................................3, 4

42 Pa.C.S.A. § 5527(b) ...................................................................................................3, 4

28 U.S.C. § 636(b)(1)(A) ..............................................................................................1, 2, 9

Defendant Walmart Inc. ("Walmart") respectfully files this brief in support of its Notice of Appeal of the Magistrate Judge's July 29, 2022 Discovery Order (ECF No. 77), and In The Alternative, Motion for Partial Judgment on the Pleadings. Walmart appeals the Magistrate Judge's Order pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Local Rule 72.1(c)(1)(A), and moves in the alternative for a partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In support of the Notice, Defendant states as follows:

## I.  INTRODUCTION

Walmart asks the Court to decide a discrete legal question—the statute of limitations applicable to one of the claims in this putative class action—that has significant, immediate implications for the scope of discovery. The Court should decide now whether Plaintiff Johnson's Pennsylvania's Criminal History Records Information Act ("CHRIA") claim is subject to a two-year or six-year statute of limitations. There is no controlling decision or Pennsylvania statute that answers the question.

The Court should clear a path to an immediate answer one of two ways:  by finding that Magistrate Judge Espinosa was incorrect that he lacked the authority to decide the question, which is at present closely tied to Rule 26 issues; or by entering partial judgment on the pleadings, which is appropriate because the question implicates no facts or issues outside the pleadings. The question doesn't matter for Johnson himself—his claim is timely either way. But it matters a great deal for the putative class on whose behalf Johnson asserts the claim, and it matters a great deal to the amount of discovery Walmart must collect, review and produce.

The discovery aspect is why the question comes to the Court via an appeal of Magistrate Judge Espinosa's July 29, 2022 Order. Walmart objected to several of Plaintiffs' discovery requests because they sought information about time periods irrelevant to the claims of the putative nationwide class (asserting Title VII claims subject to a two-year statute of limitations) and the

putative Pennsylvania class (asserting the CHRIA subject to a two-year period, in Walmart's view). Plaintiffs responded that CHRIA should be governed by a six-year period. In other words, a discovery dispute hinged on resolution of the limitations question. The parties agreed to take their dispute to Magistrate Judge Espinosa, along with four other discovery disputes.

After arguments at the July 20 discovery conference, Magistrate Judge Espinosa declined to resolve the CHRIA limitations question. He held that he lacked the authority to reach the "ultimate question of the limitations period applicable to [CHRIA] claims." (July 29 Order at 2.) Unable, in his view, to decide the legal issue that will determine whether the putative class stretches two years or six years back from commencement of the action, he ruled it was enough that Plaintiffs raised a "colorable possibility" that the six-year statute applies.

Walmart should not be subject to discovery regarding a six-year class period when the Court can decide right now what the answer to the limitations question is. The Court can reach the question through one of two ways. First, Magistrate Judge Espinosa did have the authority to decide the limitations question, because it was a necessary predicate to a discovery dispute squarely within his authority. The Court can reverse Magistrate Judge Espinosa's ruling on the scope of his own authority. Second, the Court can simply take up the limitations question directly, and decide the issue of law under Federal Rule of Civil Procedure 12(c).

## II. LEGAL STANDARD

With respect to the appeal of Magistrate Judge Espinosa's ruling on the scope of his authority, the Court may reverse if it finds the decision "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72.1(c)(1)(A). The "contrary to law" provision requires that "this Court … conduct a *de novo* review of a Magistrate Judge's legal conclusions reached in considering a non-dispositive motion." *See Thomas v. Ford Motor Co.*, 137 F.Supp.2d 575, 579 (D.N.J. 2001) (internal citations omitted). The decision Walmart

2

appeals—i.e., whether the Magistrate Judge had authority to determine the proper temporal scope of written discovery—is a "legal conclusion" and pure question of law. The *de novo* standard of review therefore applies.

With respect to the alternative relief, Rule 12(c) permits parties to "move for judgment on the pleadings" after "the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The Court may enter partial judgment on the pleadings if "there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law." *Bedova v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). To decide the issue in question, the Court "does not consider matters outside of the pleadings." *Mele v. FRB*, 359 F.3d 251, 257 (3d Cir. 2004).

### III.  FACTUAL AND PROCEDURAL HISTORY

**A.   The Dispute Regarding the Statute of Limitations Applicable to CHRIA Arose Through a Discovery Dispute.**

The parties discussions about the CHRIA statute of limitations were all in the context of conferring about the relevant time period for discovery. Plaintiffs interpret CHRIA—which lacks an express limitations period—to fall within a six-year general "catch-all" statute of limitations period under Pennsylvania law (42 Pa.C.S.A. § 5527(b)), while Defendant maintains that CHRIA instead falls under a more specific two-year "catch-all" statute governing claims sounding in tort (42 Pa.C.S.A. § 5524(7)). ECF Nos. 51, 72.

After the parties failed to reach an agreement on the applicable limitations period governing Plaintiffs' discovery requests, they raised this issue (among others) in their April 26, 2022 Discovery dispute letter submitted to the Magistrate Judge. ECF No. 51. *See also* ECF No. 72 (Jul. 15, 2022 Joint Status Letter) (indicating that the limitations issue remains unresolved). In doing so, the parties requested only rulings as to the proper scope of written discovery. These

filings do not seek dismissal or partial dismissal of any claim or defense in the suit. ECF Nos. 51, 72.

B.   **The Magistrate Judge Ruled That He Lacked Authority to Decide the Limitations Period for Plaintiff Johnson's CHRIA Claims.**

The parties raised this statute of limitations issue with the Magistrate Judge during the July 20, 2022 status conference. *See* Exhibit 1 (Waskom Decl.) at ¶ 4. In his written order following the conference, the Magistrate Judge held that Plaintiffs are entitled to written discovery spanning the six-year limitations period that they asserted governed their CHRIA claims. ECF No. 77 at 2, 4.

However, the Magistrate Judge declined to answer the "ultimate question of the [CHRIA] limitations period," indicating that he lacked authority to do so where Plaintiffs presented a "colorable possibility" supporting their proposed limitations period. *Id.* In the Magistrate Judge's view, deciding that "ultimate question" outright would have required him to improperly "reach[] a legal conclusion that would effect [sic] a dispositive outcome on the CHRIA claim." *Id.* He therefore left it to this Court to determine the statute of limitations governing CHRIA claims at some later, unspecified date.

## IV.  ARGUMENT

A.   **The Court Should Apply a Two-Year Limitations Period to the CHRIA Claim.**

CHRIA itself does not contain a statute of limitations. *See* 18 Pa.C.S.A. § 9101, *et seq.* The decision therefore turns on which of two "catch-all" Pennsylvania statutes of limitations apply to Plaintiff Johnson's CHRIA claims: the two-year catch-all created for actions sounding in tort (42 Pa.C.S.A. § 5524(7)), or the more general six-year period created for "[a]ny civil action or proceeding" whose limitations periods are not otherwise prescribed (42 Pa.C.S.A. § 5527(b)).

There is no controlling precedent directly on point.[1] But Pennsylvania law provides the necessary framework for deciding which catch-all statute should govern. Within that framework, the answer clearly is that the two-year limitations period applies.

The selection of the proper catch-all limitations period "lies in whether the claim alleges violations of statutorily imposed duties or contractual duties," and the former requires application of the two-year limitations period. *See King v. City of Philadelphia*, No. CIV.A. 10-2537, 2012 WL 246070, at *3 (E.D. Pa. Jan. 25, 2012). Relevant considerations include (1) the statute's text, history, and purpose; (2) whether the statute is required to be interpreted broadly to achieve its purpose; and (3) whether the statute involved a narrow or predictable range of claims and types of plaintiffs. *See Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 884-85 (Pa. 2007). *All* of the factors enumerated by *Ash* militate towards application of the two-year limitations period. Its purpose is to accomplish a public policy rather than regulate private commercial transactions, and it accomplishes its purpose through the creation of tort-like claims. Thus, the two-year limitations period should apply.

    1.    <u>CHRIA's Text, History and Purpose Support Application of the Two-Year Limitations Period.</u>

"CHRIA's general purpose is to control the collection, maintenance, dissemination or receipt of criminal history record information" by third parties. *King v. Bureau of Prof'l & Occupational Affairs, State Bd. of Barber Examiners*, 195 A.3d 315, 329 (Pa. Commw. 2018). Its preamble specifically reinforces its intention to protect against invasions of privacy with respect

---

[1] The cases to address this issue split down the middle, and neither binds this Court. See *O'Neal v. Bedford Cty.*, No. 179 C.D. 2016 and 249 C.D. 2016, 2017 WL 242759 (Pa. Commw. Jan. 20, 2017) (applying two-year); *Taha v. Bucks County Pa.*, 367 F. Supp. 3d 320 (E.D. Pa. 2019) ("predict[ing]" that the Pennsylvania Supreme Court would apply the six-year in dicta, after determining that the defendant had waived its statute of limitations defense).

to criminal history information, while also protecting competing interests of access to such information:

> An [a]ct [r]elating to criminal history record information; providing for the protection of individual right to privacy and for the completeness and accuracy of, the control of dissemination of, the establishment of guidelines for the security of, and provision for quality control of criminal history record information; and providing for the right of individuals to inspect, review and challenge the accuracy of such information ...; and providing penalties for violations of this act.

19 P.S. §§ 1511–36.  In other words, CHRIA effectuates broad public policy, via statutory duties that are broadly applicable.

CHRIA's legislative history underscores its focus on public policy.  Legislative discussions leading to enactment indicate that CHRIA was enacted in response to the fact that Pennsylvania was "one of the remaining three states in the United States which has not enacted some privacy and security legislation with respect to criminal justice records." PA. LEG. J., HOUSE, Sept. 13, 1978, at 2829.  Those discussions further characterize CHRIA as "a good effort to try to balance" competing interests of "those who are primarily interested in privacy, [and] those who are primarily interested in open access" where necessary for government operations or for use by the press.  *Id.*

    2.    <u>CHRIA Claims Are More Analogous to Tort than Contract, Supporting Application of the Two-Year Limitations Period.</u>

CHRIA's various provisions demonstrate that it more closely resembles tort than contract.  *Ash* explains that "the key difference between tort actions and contract actions is this: 'tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.'"  932 A.2d at 884 (quoting *Koken v. Steinberg*, 825 A.2d 723, 729 (Pa. Commw. 2003)) (selecting two-year catch-all for insurance bad faith statute at issue in part because the

6

legislature sought to achieve public policy goals rather than merely protect contractual rights between parties).

For instance, CHRIA permits punitive damages for "willful violations" of the statute. *See* 18 Pa.C.S.A. §§ 9103, 9183.[2] "[U]nder Pennsylvania law punitive damages are typically a remedy only in tort actions." *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 235 (3d Cir. 2003). Causes of action that involve "inquir[ies] into the reasonableness" of the alleged offender's conduct "bear[] the classic earmarks of the law of torts." *See Lochbaum v. U.S. Fid. & Guar. Co.*, 136 F. Supp. 2d 386, 390 (W.D. Pa. 2000), *aff'd*, 265 F.3d 1055 (3d Cir. 2001). Such legislation aimed to deter intentional or willful violations through punitive damages falls within the two-year catch-all. *Cf. Jodek Charitable Trust, RA v. Vertical Net*, 412 F.Supp.2d 469, 481-83 (E.D. Pa. 2006) (selecting six-year catch-all for claims under stock registration statutes because "neither the word 'negligent' nor the word 'wrongful' appear anywhere in th[ese] statutory provision[s]," and the statutes do not provide for punitive damages).

    3.    <u>Pennsylvania Decisions Analyzing Analogous Statutes Support Application of the Two-Year Limitations Period.</u>

Courts analyzing analogous Pennsylvania laws have applied the two-year rather than six-year limitations period. *See Ash*, 932 A.2d at 884-85; *Raleigh v. Westinghouse Elec. Corp.*, 550 A.2d 1013, 1014 (Pa. Super. 1988) (selecting two-year catch-all for employment racial discrimination claims brought under the Pennsylvania Human Relations Act because the "cause of action charges intentional as well as tortious conduct"); *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 90 (3d Cir. 2000) (acknowledging two-year statute of limitations set forth in

---

[2] "Notably, the statute as enacted in 1978 contained the same punitive damages provision—… between $1,000 and $10,000 per willful violation—as the law does today $1,000 would, of course, have been a much greater penalty 30 years ago than [now]." *Taha v. Bucks Cnty. Pennsylvania*, 408 F. Supp. 3d 628, 640 (E.D. Pa. 2019).

7

*Raleigh*); *Cecil Tp. Mun. Auth. v. N. Am. Specialty Sur. Co.*, 836 F. Supp. 2d 367, 382-84 (W.D. Pa. 2011) (legislation intended to level the playing field between large entities and "the little guy" sound in tort and thus the two-year limitations period applies). These factors weigh strongly in favor of applying a two-year statute of limitations period for Plaintiff Johnson's CHRIA claims, in light of the nature of CHRIA as a whole.

*Taha* does not support, let alone compel, a different result. *Taha*'s chief error lies in its statement that "[t]he Pennsylvania Supreme Court does not appear to have offered an analytical framework for addressing situations … where two separate catchall statute of limitations provisions might each plausibly be implicated." 367 F. Supp. 3d at 328. Jumping off from that on that erroneous premise, *Taha* arrived at its outcome based solely on the "multifarious" nature of CHRIA. *Id.* at 329. *Taha* reasoned that CHRIA, like a Pennsylvania deceptive trade practices statute to which the Pennsylvania Superior Court had previously assigned the six-year catchall, "encompasses an array of causes of action," and therefore requires the more general six-year catchall. *Id.* at 328-29 (citing *Gabriel v. O'Hara*, 368 Pa. Super. 383, 534 A.2d 488 (1987)). Its analysis ends there. *Id.*

The variety of provisions factor in fact favors a two-year limitations period. The litany of CHRIA provisions cited in *Taha*—which declined to choose the two-year tort catch-all—sound in tort, not contract. 367 F. Supp. 3d at 329 (citing 18 Pa.C.S.A. § 9121(b)) (controlling dissemination of criminal history); *id.* § 9122(a) (requiring expungement of criminal history record information in certain circumstances); *id.* §§ 9124(a), (b) (controlling consideration of criminal history in state professional licensing decisions); *id.* at § 9125 (controlling consideration of criminal history in employment decisions); *id.* at § 9131 (requiring agencies to ensure the confidentiality of criminal history information)). *Taha* assumed that because CHRIA imposes

8

multiple statutory duties, it is analogous to a deceptive trade practices statute, which regulates private commercial dealings in specific ways. But the mere fact that both statutes create multiple causes of action is not relevant under *Ash*, let alone dispositive. Courts must look at the nature of the causes of action, and the purpose of the statute that creates them. *Taha* failed to do either.

Even the provisions pertaining to consideration of criminal history in employment and professional licensing decisions fall within the scope of the two-year period, given that they are intended to protect the "little guy" against more powerful government private corporations. *Cecil*, 836 F. Supp. 2d at 382-84. And in the analogous context of discrimination by employers, the two-year catch-all governs. *See* pp. 9-10, *supra* (citing *Raleigh v. Westinghouse Elec. Corp.*, 550 A.2d 1013, 1014 (Pa. Super. 1988); *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 90 (3d Cir. 2000)).

**B.     The Court Should Hold that Magistrate Judge Espinosa Had the Authority to Decide the Limitations Issue to Resolve the Underlying Discovery Dispute.**

In deferring the decision on the "ultimate question" of the statute of limitations governing Plaintiff Johnson's CHRIA claims, the Magistrate Judge declined to fully consider and decide the discovery questions before him. The Magistrate Judge underestimated the extent of his own authority.

The Federal Magistrates Act allows "[a] district court [to] refer a non-dispositive motion to a magistrate judge 'to hear and determine'" outright. *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing 28 U.S.C. § 636(b)(1)(A)). "Unlike a nondispositive motion (such as a discovery motion), a motion is dispositive if a decision on the motion would effectively determine a claim or defense of a party," or "would dispose of the lawsuit or a claim." *Id.* (citing *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998)).

Decisions regarding discovery disputes fall squarely within the nondispositive motion category. *City of Long Branch*, 866 F.3d at 99; *V.Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.*, No. CIV.A. 06-2304 FLW, 2011 WL 1344193, at *5 (D.N.J. Apr. 8, 2011) ("[Pretrial discovery matters are invariably treated as non-dispositive pretrial motions by courts in this jurisdiction and elsewhere.") (internal quotations omitted).

This is true even where the magistrate judge's decision touches on "the merits of [the] claims," or considers "the substantive law" creating the need for the discovery at issue. *Miller ex rel S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 455 F.Supp.2d 1286, 1298 (D.N.M. 2006), *aff'd*, 565 F.3d 1232 (10th Cir. 2009). *See Thomas v. Ford Motor Co.*, 137 F.Supp.2d 575, 579, 589 (D.N.J. 2001) (characterizing magistrate judge's denial of motion to amend as a "non-dispositive" order even though it contained "dispositive elements"); *Miller*, 455 F.Supp.2d at 1298 (magistrate judge properly considered substantive law to the extent it "provides a backdrop for applying the appropriate standard for a discovery ruling under Fed. R. Civ. P. 26," and did not "erroneously prejudged the merits of [plaintiffs'] claims" in doing so).

Here, the issue of the CHRIA limitations period was presented to the Magistrate Judge solely as a discovery question—*i.e.*, a question as to the temporal scope relevant to Plaintiff Johnson's claims under Federal Rule 26. *See* Fed. R. Civ. P. 26(b)(1) (restricting discovery to nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case"). To date, this issue has ***only*** ever been a discovery question: it did not arise through any motion to strike or dismiss, or any motion for summary judgment.

Indeed, the Magistrate Judge's order—had it addressed the limitations period question head-on—would have been simply a routine, non-dispositive order on a discovery motion. *See EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (discovery motions are non-

dispositive). It would not have dismissed or otherwise disposed of any parties' claims, because neither party has requested that relief from the magistrate. The Magistrate Judge therefore had authority to decide the limitations period for CHRIA claims, as a decision on that issue is necessary for the determination of the discovery issue the parties presented.

The scope of the Magistrate Judge's authority makes a difference: had the magistrate judge properly confronted the limitations question head-on, rather than deferring to Plaintiffs so long as they presented a "colorable" argument in support of their interpretation, the Magistrate Judge would have determined the relevant temporal scope to be two years, rather than six.

**C.    In the Alternative, the Court Should Enter Partial Judgment on the Pleadings in Favor of Walmart that CHRIA Is Subject to a Two-Year Limitations Period.**

In the event this Court determines that the Magistrate Judge properly interpreted his authority, this Court should nevertheless decide the applicable limitations period through a judgment on the pleadings, and order that the Magistrate Judge revise his discovery order accordingly. Rule 12(c) promotes judicial economy by allowing courts to "dispose of claims where the material facts are undisputed and judgment can be entered [only] on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Smart Vent Products, Inc. v. Crawl Space Door Sys., Inc.*, No. CV 13-5691, 2016 WL 4408818, at *7 (D.N.J. Aug. 16, 2016).

A judgment on the pleadings on the applicable statute of limitations period would best achieve judicial economy. The applicable limitations period should be decided outright now, so that the parties can obtain a final resolution on the proper temporal scope of Plaintiff Johnson's CHRIA claims under Federal Rule 26 and exchange written discovery accordingly. Further, a decision now will eliminate the possibility of the parties being burdened with unnecessary discovery on irrelevant matters: if the Court leaves untouched the Magistrate Judge's decision to

defer a decision on the CHRIA statute of limitations until some later date, Walmart could be forced to provide written discovery now at a temporal scope *three times* too large, should the Court pick up the issue later and decide that the two-year statute of limitations applies.

## V.  CONCLUSION

Walmart respectfully asks that this Court overturn the Magistrate Judge's decision that he lacked authority to decide the statute of limitations period governing CHRIA claims, or in the alternative, issue a judgment on the pleadings establishing the limitations period.

Dated: August 12, 2022                              Respectfully submitted,

/s/ Robert T. Quackenboss
Robert T. Quackenboss
*rquackenboss@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 955-1950

Thomas R. Waskom (admitted *pro hac vice*)
*twaskom@HuntonAK.com*
Meghan A. Podolny (admitted *pro hac vice*))
*mpodolny@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8403

Lukas Moffett (admitted *pro hac vice*)
*lmoffett@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Tel: (214) 979-2908

*Counsel for Defendant Walmart Inc.*

13

## CERTIFICATE OF SERVICE

I, Robert T. Quackenboss, counsel for Defendant Walmart Inc., hereby certify that on August 12, 2022, the foregoing document was served via the Court's CM/ECF filing system on all counsel of record.

*/s/ Robert T. Quackenboss*
Robert T. Quackenboss