**OUTTEN & GOLDEN LLP**
Ossai Miazad*
Gregory Chiarello
Christopher M. McNerney*
Eliana J. Theodorou*
Chiamaka Echebiri*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Email: gchiarello@outtengolden.com
Email: om@outtengolden.com
Email: cmcnerney@outtengolden.com
Email: etheodorou@outtengolden.com
Email: cechebiri@outtengolden.com

**OUTTEN & GOLDEN LLP**
Pooja Shethji*
601 Massachusetts Avenue NW, Suite 200W
Washington, DC 20001
Telephone: (202) 847-4400
E-mail: pshethji@outtengolden.com

**YOUTH REPRESENT**
Michael C. Pope*
Shomari Ward*
11 Park Place, Suite 1512
New York, New York 10007
Telephone: (646) 759-8080
Email: mpope@youthrepresent.org
Email: sward@outthrepresent.org

*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Putative Classes*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>  v.<br><br>WALMART INC.,<br><br>              Defendant. | Case No. 21-13827-BRM-AME<br><br>Judge Brian R. Martinotti<br>Magistrate Judge André M. Espinosa |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT OF
<u>PLAINTIFFS' CROSS-MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  LEGAL STANDARD .......................................................................................... 2

III. ARGUMENT ........................................................................................................ 3

      A.    The Court Should Reject Walmart's Sham Standards for Determining the Applicable SOL. ........................................................................................ 3

           1.    The Pennsylvania Supreme Court Has Not Articulated a Multi-Factor Test to Govern SOL Determinations. ................................................................ 4

           2.    Walmart Presents a False Dichotomy Between Statutes Sounding in Tort and Those Sounding in Contract. ............................................................. 5

      B.    *Taha* Is the Only Case That Analyzes the Applicable SOL to CHRIA Claims, and It Is Consistent with Other Persuasive Caselaw. ................................................... 6

      C.    The Six-Year SOL Applies Even Under Walmart's Proffered Multi-Factor Test.  7

      D.    CHRIA Cannot Otherwise Be Analogized as a Wholesale Tort Statute. ............. 10

IV. CONCLUSION .................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Cases**                                                           **Page(s)**

*Ash v. Continental Insurance Co.*,
   932 A.2d 877 (Pa. 2007)..........................................................................................4, 8, 9, 10

*Cal. Borough v. Rothey*,
   185 A.3d 456 (Pa. Commw. Ct. 2018) ..................................................................1, 12

*Cecil Twp. Mun. Auth. v. N. Am. Specialty Sur. Co.*,
   836 F. Supp. 2d 367 (W.D. Pa. 2011)..........................................................................12

*Commonwealth v. D.M.*,
   143, 695 A.2d 770 (Pa. 1997)........................................................................................9

*Cubler v. Trumark Fin. Credit Union*,
   83 A.3d 235 (Pa. Super. Ct. 2013)................................................................................4

*Gabriel v. O'Hara*,
   534 A.2d 488 (Pa. Super. Ct. 1987)....................................................................5, 6, 11

*Jodek Charitable Trust, R.A. v. Vertical Net Inc.*,
   412 F. Supp. 2d 469 (E.D. Pa. 2006) ..........................................................................11

*Joey's Place LLC v. City of Clifton*,
   No. 19 Civ. 20546, 2020 U.S. Dist. LEXIS 245135 (D.N.J. Dec. 31, 2020) ...........2

*K.N.B. v. M.D.*,
   259 A.3d 341 (Pa. 2021).............................................................................................4, 5

*King v. City of Phila.*,
   No. 10 Civ. 2537, 2012 U.S. Dist. LEXIS 9326 (E.D. Pa. Jan. 25, 2012) ............4, 5

*Meadows v. Target Corp.*,
   No. 13 Civ. 17250, 2015 Pa. Dist. & Cnty. Dec. LEXIS 20311 (Pa. Com. Pl.
   Aug. 10, 2015) ..................................................................................................................8

*O'Neal v. Bedford Cnty.*,
   165 A.3d 1058 (Pa. Commw. Ct. 2017) ........................................................................6

*Schwartz v. Rockey*,
   932 A.2d 885 (Pa. 2007)...............................................................................................11

*Sec'y of Revenue v. John's Vending Corp.*,
   309 A.2d 358 (Pa. 1973)................................................................................................9

*SLPR, LLC v. San Diego Unified Port Dist.*,
  No. 06 Civ. 1327, 2010 U.S. Dist. LEXIS 89247 (S.D. Cal. Aug. 27, 2010)............................1

*Spence v. ESAB Grp., Inc.*,
  623 F.3d 212 (3d Cir. 2010)..................................................................................................3

*Taha v. Bucks Cty.*,
  367 F. Supp. 3d 320 (E.D. Pa. 2019) ...............................................................................2, 6, 7

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*,
  935 F.3d 187 (3d Cir. 2019)..................................................................................................3

**Statutes**

42 Pa. Cons. Stat. § 5523(1) ........................................................................................................7

42 Pa. Cons. Stat. § 5524(7) ........................................................................................................2

Criminal History Record Information Act ("CHRIA"),
  18 Pa. Cons. Stat. §§ 9101 - 9183 ................................................................................ *passim*

Unfair Trade Practices and Consumer Protection Law ("UTPCPL"),
  73 Pa. Stat. §§ 201-1 - 201.9.3 ..................................................................................... *passim*

I.     **INTRODUCTION**

The Court should deny Defendant's Motion for Partial Judgment on the Pleadings[1] and grant Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings as it relates to statute of limitations ("SOL") of Plaintiff Johnson's Pennsylvania Criminal History Information Act ("CHRIA") claim. Plaintiffs bring this putative class action on behalf of applicants denied employment at Walmart pursuant to the company's criminal history screening policies and practices. *See* ECF No. 34 (Second Amended Complaint), ¶¶ 107-09. Relevant to these motions, Plaintiff Johnson challenges Walmart's consideration of criminal convictions unrelated to an applicant's suitability for employment, which is prohibited by CHRIA, 18 Pa. Cons. Stat. § 9125(b). *See* ECF No. 34 (Second Amended Complaint), ¶¶ 133-43. In addition to regulating employers' consideration of criminal history information, the CHRIA also broadly governs "the collection, maintenance, dissemination, disclosure and receipt of criminal history record information," *Cal. Borough v. Rothey*, 185 A.3d 456, 467 (Pa. Commw. Ct. 2018), by: regulating government agencies' storage and dissemination of criminal history information, *see, e.g.*, 18 Pa. Cons. Stat. §§ 9111-9114, 9121-9122.5, 9131; regulating individuals' right of access to their criminal history information, *id.* §§ 9151-9153; providing for annual audits of by the Attorney General's office of repositories containing criminal history information, *id.* §§ 9141-9143; regulating repositories maintaining criminal history information, *id.* § 9171; and regulating

---

[1] Plaintiffs contend that Magistrate Judge Espinosa acted within his broad discretion in granting discovery on the six-year period while deferring to this Court to make a ruling on the ultimate legal issue. *See, e.g.*, *SLPR, LLC v. San Diego Unified Port Dist.*, No. 06 Civ. 1327, 2010 U.S. Dist. LEXIS 89247, at *4 (S.D. Cal. Aug. 27, 2010) (recognizing the broad discretion a magistrate judge exercises "over discovery and general case management"). Nonetheless, in light of this Court's order that Defendant's motion will be construed as a Rule 12(c) motion, ECF No. 83, Plaintiffs' response addresses only the question of which statute of limitations applies.

licensing agencies' use of criminal history information, *id.* § 9124. *See also* 18 Pa. Cons. Stat. § 9103 (describing scope of CHRIA's applicability).

The weight of reasoned authority compels the application of a six-year SOL to the CHRIA claim. Because the causes of action arising under CHRIA are "heterogenous" and cannot be cleanly characterized as sounding in tort – or in other common law analogues – Pennsylvania's catch-all SOL provision, 42 Pa. Cons. Stat. § 5524(7), must apply to CHRIA claims, as the only reasoned decision to address this question has held. *See Taha v. Bucks Cty.*, 367 F. Supp. 3d 320, 328-39 (E.D. Pa. 2019). Holding otherwise would subject plaintiffs to "'inconsistency' to the extent that courts analogize the various violations of the [CHRIA] to different common law causes of action." *Id.* at 329. In arguing for a two-year SOL valid in tort actions, Walmart misconstrues or glosses over important aspects of the CHRIA and invites the Court to use an inapplicable multi-factor test with no basis in Pennsylvania law and that, in any case, does not support its position. The Court should decline Walmart's invitation in light of persuasive authority.

## II.   LEGAL STANDARD

A party moving for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure "must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law." *Joey's Place LLC v. City of Clifton*, No. 19 Civ. 20546, 2020 U.S. Dist. LEXIS 245135, at *9 (D.N.J. Dec. 31, 2020) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). On a Rule 12(c) motion, a court may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

### III. ARGUMENT

Though CHRIA contains no express SOL, *see* 18 Pa. Cons. Stat. § 9183(b), and the Pennsylvania Supreme Court has not addressed the issue of the applicable SOL, persuasive caselaw and CHRIA's structure and purpose all lead to the conclusion that Pennsylvania's uniform six-year catch-all SOL must apply to claims brought under the statute. In the absence of both an explicit SOL and binding authority from the state's highest court, this Court must "predict" how the Pennsylvania Supreme Court "would rule if faced with the issue" of which limitations period applies to the CHRIA. *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010). A court predicting how Pennsylvania's Supreme Court would rule "must look to decisions of state intermediate appellate courts, of federal courts interpreting that state's law, . . . analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Id.* (quoting *Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 92 (3d Cir. 2008)). Here, these authorities – and *Taha* especially – weigh heavily in favor of the conclusion that Pennsylvania's highest court would hold that a six-year SOL governs. And though this Court should reject Walmart's proffered multi-factor test – which it creates out of whole cloth – its application, too, requires the same result.

### A. The Court Should Reject Walmart's Sham Standards for Determining the Applicable SOL.

As a threshold matter, rather than acknowledge the basic framework that federal courts use to determine the applicable SOL in the absence of controlling authority, Walmart urges this

Court to apply tests that have no basis in law or are irrelevant to this case.  The Court should reject these invitations.

### 1. The Pennsylvania Supreme Court Has Not Articulated a Multi-Factor Test to Govern SOL Determinations.

The three-factor test that Walmart invokes for determining the appropriate SOL and that it implies is established law, *see* ECF No. 79 ("Def. Br."), at 5, has no textual basis.  Contrary to Walmart's assertion, the Pennsylvania Supreme Court did not articulate a test for determining the applicable SOL in *Ash v. Continental Insurance Co.*, 932 A.2d 877, 878 (Pa. 2007), or elsewhere.  *See id*. at 533-36 (considering principles of law articulated in previous Pennsylvania Supreme Court decisions and broad differences between tort and contract in reaching SOL determination, without articulating multi-factor test).  A survey of Pennsylvania case law engaging in the same analysis confirms that Walmart's proffered test is one of its own creation. *See, e.g.*, *K.N.B. v. M.D.*, 259 A.3d 341, 350 (Pa. 2021) (considering whether Protection of Victims of Sexual Violence or Intimidation Act resembled a tort by looking at elements required to be alleged, damages available, and role of civil penalties, in holding that six-year catch-all SOL and not two-year tort SOL controlled, without articulating multi-factor test); *Cubler v. Trumark Fin. Credit Union*, 83 A.3d 235, 242 (Pa. Super. Ct. 2013) (considering statutory text in holding that provisions of the Uniform Commercial Code were subject to six-year, and not two-year, SOL, without articulating multi-factor test); *King v. City of Phila.*, No. 10 Civ. 2537, 2012 U.S. Dist. LEXIS 9326, at *10-11 (E.D. Pa. Jan. 25, 2012) (considering whether claim for failure to notify under the Consolidated Omnibus Budget Reconciliation Act involved a breach of contractual or statutory duties in determining whether SOL applicable to tort or contract actions applied, without articulating multi-factor test).

In predicting how the Pennsylvania Supreme Court would rule here, this Court therefore need not apply Walmart's proffered test.

### 2. Walmart Presents a False Dichotomy Between Statutes Sounding in Tort and Those Sounding in Contract.

Walmart attempts to create a false choice by suggesting that where a statute does not protect contractual rights but instead furthers a public policy goal, the statute must sound in tort. Walmart cites *King* for the proposition that proper inquiry for all SOL determinations is "whether the claim alleges violations of statutorily imposed duties or contractual duties." *See* Def. Br. at 5 (citing *King*, 2012 U.S. Dist. LEXIS 9326, at *10). But the *King* court was presented only with question of whether the federal statute at issue was "akin to a tort claim" or "more analogous to a breach of contract claim," 2012 U.S. Dist. LEXIS 9326, at *9. Here, neither party suggests that the CHRIA protects contractual rights, and tort and contract are not the only options. Courts frequently apply other SOLs to statutes that further public policy goals by providing causes of actions to parties aggrieved by violations of the rights created by those statutes. *See, e.g.*, *K.N.B.*, 259 A.3d at 344, 352 (applying six-year catch-all SOL, rather than two-year tort SOL, to Protection of Victims of Sexual Violence or Intimidation Act, which was passed by the General Assembly to "give victims of sexual violence 'safety and protection from further interactions with their offender, regardless of whether they seek criminal prosecution'" (quoting 42 Pa. Cons. Stat. § 62A02(5))); *Gabriel v. O'Hara*, 534 A.2d 488, 496 (Pa. Super. Ct. 1987) (applying six-year SOL to Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), which legislature enacted with "the broad remedial policies" of "ensur[ing] that those consumers injured by unfair or deceptive practices may pursue their rights").

5

### B. *Taha* Is the Only Case That Analyzes the Applicable SOL to CHRIA Claims, and It Is Consistent with Other Persuasive Caselaw.

This Court should adopt the well-reasoned holding in *Taha v. Bucks County*, the only case that directly and substantively analyzes which SOL governs the CHRIA.[2] The *Taha* court followed the Pennsylvania Superior Court's widely cited decision *Gabriel v. O'Hara*, which held that the six-year catch-all provision applied to Pennsylvania's UTPCPL and other *sui generis* statutes with no clear common law analogue to avoid "uncertainty and inconsistency" that would result from plaintiffs having to wait for "the court [to] determine[] whether their claim more closely resembled a tort action, a contract action, or an action under some other statute" for an answer about "which limitations period governed." *Taha*, 367. F. Supp. 3d, at 329 (quoting *Gabriel*, 534 A.2d at 494). The *Taha* court recognized that attempting to analogize the CHRIA, a statute which contains "multifarious claims" which "sound in various areas of law" to a single type of common law cause of action will inevitably "yield[] inconsistent determinations." *Id.* at 328.

Walmart's attempt to discredit *Taha*'s reasoning is unavailing because it minimizes the heterogeneity of the statute. Contrary to Walmart's assertion that all provisions of the CHRIA sound in tort, *see* Def. Br. at 6-7, the *Taha* court recognized that numerous causes of action contained within the CHRIA bear no resemblance to a tort, *Taha*, 367 F. Supp. 3d at 329. For example, the CHRIA provides that criminal records "'shall be expunged' under a variety of circumstances," *id.* at 329 (citing 18 Pa. Cons. Stat. § 9122(a)) and that "criminal justice agencies

---

[2] Contrary to Walmart's assertion, "[t]he cases to address this point" are not "split down the middle." Def. Br. at 5 n.1. *O'Neal v. Bedford County*, 165 A.3d 1058 (Pa. Commw. Ct. 2017), should not be afforded any persuasive weight because it contains no analysis of the SOL issue. Instead, the *O'Neal* court assumed a two-year SOL applied in passing when ruling that the plaintiff could amend the complaint to fix a technical error in naming the proper defendant (even though the SOL had run by the time of amendment, assuming the two-year SOL applied).

'shall ensure the confidentiality and security of criminal history record information' through several specified procedures," *id.* (citing 18 Pa. Cons. Stat. § 9131). The CHRIA also imposes public notice requirements on repositories of criminal history information, 18 Pa. Cons. Stat. § 9171, provides for audits by the Attorney General, *id.* §§ 9141-9143, and provides individuals with rights of access to their criminal history information, *id.* §§ 9151-9153. These causes of action more closely resemble detailed regulatory schemes and have no common law analogue.

Walmart's own briefing also underscores that different aspects of the CHRIA can be analogized to different common law causes of action. Walmart notes the resemblance of CHRIA claims to invasion of privacy claims when it states that the CHRIA's "preamble specifically reinforces its intention to protect against invasions of privacy with respect to criminal history information." Def. Br. at 5-6. Yet claims for invasion of privacy are subject to yet another statutory SOL. *See* 42 Pa. Cons. Stat. § 5523(1) (one-year SOL applicable to libel, slander or invasion of privacy). Plaintiffs do not highlight this to suggest that the Court consider applying 42 Pa. Cons. Stat. § 5523(1) to the CHRIA (and, indeed, *Taha* persuasively rejected its application, *see* 367 F. Supp. 3d at 328). Rather, this highlights that the CHRIA does not fit neatly into any one category of claims – its causes of action implicate several common law analogues, while others have no logical analogue. Applying the six-year catch-all SOL is the only rule that would offer plaintiffs a measure of consistency and predictability.

### C. The Six-Year SOL Applies Even Under Walmart's Proffered Multi-Factor Test.

Even if the Court were to apply Walmart's proposed multi-factor test (which it is not compelled to do), *see supra* Section III.A.1, the factors weigh strongly in favor of finding that a six-year SOL should apply. Walmart, citing *Ash*, asks the Court to consider: "(1) the statute's text, history, and purpose; (2) whether the statute is required to be interpreted broadly to achieve

its purpose; and (3) whether the statute involved a narrow or predictable range of claims and types of plaintiffs." Def. Br. at 5. Contrary to Walmart's assertion, *see id.*, all these factors weigh against finding the CHRIA to sound in tort and instead counsel application of the six-year catch-all SOL.

       As to Walmart's first factor, CHRIA's text, history, and purpose all demonstrate that the text is a broad, multi-part regulatory statute intended to provide far-reaching protections for individuals with criminal histories, rather than a narrow, statutorily created tort claim. As Walmart's own briefing acknowledges, "'CHRIA's general purpose is to control the collection, maintenance, dissemination or receipt of criminal history record information' by third parties." Def. Br. at 5 (citing *King v. Bureau of Prof. & Occupational Affairs, State Bd. of Barber Exam'rs*, 195 A.3d 315, 329 (Pa. Commw. Ct. 2018)). As discussed in Section III.A.2, *supra*, CHRIA's "focus on public policy," Def. Br. at 6, does not make it a tort. Rather, the CHRIA resembles the UTPCPL, which "regulates 'an array of practices,'" *Ash*, 932 A.2d at 881 (citing *Gabriel*, 534 A.2d at 495), by providing individuals with heterogenous causes of action in order to broadly "effectuate" a public policy "objective" – which, in the case of the UTPCPL is "protecting the consumers of this Commonwealth from fraud and unfair or deceptive business practices," *id.* (citing *Commonwealth by Creamer v. Monumental Props., Inc.*, 329 A.2d 812, 816-17 (Pa. 1974)), and in the case of the CHRIA is "balanc[ing] the public's right to know with privacy rights of citizens of this Commonwealth by describing what police records shall be made available to the public and which records shall be protected from dissemination to any entity other than another law enforcement agency," *Meadows v. Target Corp.*, No. 13 Civ. 17250, 2015 Pa. Dist. & Cnty. Dec. LEXIS 20311 (Pa. Com. Pl. Aug. 10, 2015) (quoting *In re Pittsburgh Citizen Police Rev. Bd.*, 16 Pa. D. & C.5th 435, 445 (Pa. Com. Pl. 2010)). This is in sharp

8

contrast to the bad-faith insurance statute at issue in *Ash*, which the Pennsylvania Supreme Court observed "does not relate to the same broad category of persons or things subject to the UTPCPL." *Ash*, 923 A.3d at 882.

In considering Walmart's remaining factors,[3] the distinction between the bad-faith insurance statute at issue in *Ash* and the CHRIA becomes even clearer. As to the second factor of the statute's breadth, *Ash*'s statute "applies only in limited circumstances," *Ash*, 932 A.2d at 882, while the CHRIA is a far-reaching, multi-part statute intended to generally further a broad public policy goal: the "avoid[ance of] unwarranted stigmatization of and unreasonable restrictions upon former offenders," *Sec'y of Revenue v. John's Vending Corp.*, 309 A.2d 358, 362 (Pa. 1973); *see also id.* ("This State in recent years has been unalterably committed to rehabilitation of those persons who have been convicted of criminal offenses. To forever foreclose a permissible means of gainful employment because of an improvident act in the distant past completely loses sight of any concept of forgiveness for prior errant behavior and adds yet another stumbling block along the difficult road of rehabilitation."); *Commonwealth v. D.M.*, 695 A.2d 770, 776 (Pa. 1997) (Newman, J., dissenting) ("The Criminal History Record Information Act provides ample protection against unwarranted dissemination of his arrest record to noncriminal justice agencies and individuals."). Here too, the CHRIA is more like the UTPCPL: a "broad" statute that "encompass[es] all claims of unfair and deceptive acts or practices in the conduct of any trade or commerce." *Ash*, 923 A.3d at 882.

Applying the third factor likewise elucidates the dissimilarities between the bad-faith insurance statute and the CHRIA. The former "permits [only] a narrow class of plaintiffs to

---

[3] Walmart itself does not directly address the latter two prongs of its proposed three-part test. *See* Def. Br. at 6-8.

9

pursue the bad faith claim against a narrow class of defendants." *Ash*, 932 A.2d at 882. In contrast, not only can a broad range of plaintiffs bring a claim under the CHRIA, *see* 18 Pa. Cons. Stat. § 9183(a), (b)(1) (an action for an injunction can be brought by "[t]he Attorney General or any other individual or agency," and an action for damages can be brought by "[a]ny person aggrieved by a violation of the provisions of this chapter or of the rules and regulations promulgated under this chapter"), but they can also do so against a broad range of defendants, including criminal justice agencies (*see id.* §§ 9111-14, 9121-22), repositories of criminal history records, (*id.* §§ 9131, 9171), employers (*id.* § 9125), and state licensing agencies (*id.* § 9124).

For these reasons, applying Walmart's three-part test establishes that there are material differences between the bad-faith insurance statute in *Ash* and the CHRIA here. These differences undermine Walmart's argument that the same two-year SOL that applied in *Ash* governs in this case.

### D. CHRIA Cannot Otherwise Be Analogized as a Wholesale Tort Statute.

Walmart's other attempts to analogize the CHRIA to a tort are similarly unavailing. First, the availability of punitive damages for a subset of willful violations under the CHRIA, *see* 18 Pa. Cons. Stat. § 9183(b)(2), does not convert it into a tort action, *see* Def. Br. at 7. Unlike the "bad faith" insurance statute at-issue in *Ash*, which, as its name suggests, only prohibits bad-faith conduct, *Ash*, 932 A.2d at 882 (quoting 42 Pa. Cons. Stat. § 8371), the CHRIA is not primarily concerned with the defendant's scienter. Instead, the CHRIA is primarily a strict-liability statute that provides a cause of action for its violation regardless of the defendant's scienter. *See* 18 Pa. Cons. Stat. § 9183 (providing that "[a]ny person aggrieved by a violation of the provisions of this chapter or of the rules and regulations promulgated under this chapter, shall have the substantive right to bring an action for damages *by reason of such violation* in a court of

10

competent jurisdiction," without requirement that violation be unreasonable, negligent, or willful (emphasis added)). The mere availability of punitive damages in limited circumstances does not convert the entire statute into a tort. Indeed, the UTPCPL at issue in *Gabriel* similarly provides for civil penalties, 73 Pa. Stat. § 201-8 (civil penalties, including higher penalties for willful violations); and discretionary treble damages, *id.* § 201-9-2 (allowing for discretionary treble damages), which the Pennsylvania Supreme Court held should be awarded in situations involving "intentional or reckless, wrongful conduct." *Schwartz v. Rockey*, 932 A.2d 885, 898 (Pa. 2007). Yet the *Gabriel* court held that a six-year, not four-year, SOL applied. *See Gabriel*, 534 A.2d at 495.

Second, Walmart's discussion of statutes that "involve 'inquir[ies] into the reasonableness of the alleged offender's conduct," Def. Br. at 7 (internal citations omitted), has no bearing here because, as discussed above, the CHRIA is primarily a strict-liability statute unconcerned with the defendant's scienter. Walmart's argument fails for the same reason the court in *Jodek Charitable Trust, R.A. v. Vertical Net Inc.*, 412 F. Supp. 2d 469 (E.D. Pa. 2006), rejected application of the two-year tort SOL; the *Jodek* court reasoned that "[w]hile a claim under Section 8-401 can certainly be brought for intentional or negligent failure to register a stock transfer, the statute does not require that the failure be either intentional or negligent. Thus, not every claim that could potentially be brought under Section 8-401 sounds in tort." 412 F. Supp. 2d at 483 (citing *Gabriel*, 534 A.2d at 495-96). Here, too, a plaintiff may bring a cause of action for a willful violation of the CHRIA, but the plaintiff is not required to do so to sustain a cause action.

Third, the cases Walmart cites that purportedly analyze "analogous laws" are distinguishable because the laws in those cases are far narrower than the multifarious CHRIA,

11

which establishes a statutory scheme for "the collection, maintenance, dissemination, disclosure and receipt of criminal history record information," *Cal. Borough*, 185 A.3d at 467; *see* Def. Br. at 7 (citing *Raleigh v. Westinghouse Elec. Corp.*, 550 A.2d 1013, 1014 (Pa. Super. 1988) (applying the two-year SOL to a cause of action challenging termination based on race discrimination), *superseded by statute as recognized by Burgh v. Borough Council of Montrose*, 251 F.3d 465, 475 (3d Cir. 2001); *Cecil Twp. Mun. Auth. v. N. Am. Specialty Sur. Co.*, 836 F. Supp. 2d 367, 381 (W.D. Pa. 2011) (applying the two-year SOL to a statute that "may be invoked only for one type of specific action" where there is a claim of bad faith and that applies "only in very narrow circumstances" and against only "the insurer or the government agency")).

## IV.   CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Walmart's Motion for Partial Judgment on the Pleadings and grant Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings on the basis that a six-year SOL applies to claims under CHRIA.

Dated: August 30, 2022

Respectfully submitted,

*/s/ Gregory Chiarello*

OUTTEN & GOLDEN LLP
Ossai Miazad*
Gregory Chiarello
Christopher M. McNerney*
Eliana J. Theodorou*
Chiamaka Echebiri*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Email: gchiarello@outtengolden.com
Email: om@outtengolden.com
Email: cmcnerney@outtengolden.com
Email: etheodorou@outtengolden.com
Email: cechebiri@outtengolden.com

12

OUTTEN & GOLDEN LLP
Pooja Shethji*
601 Massachusetts Avenue NW, Suite 200W
Washington, DC 20001
Telephone: (212) 245-1000
Email: pshethji@outtengolden.com

YOUTH REPRESENT
Michael C. Pope*
Shomari Ward*
11 Park Place, Suite 1512
New York, New York 10007
Telephone: (646) 759-8080
Email: mpope@youthrepresent.org
Email: sward@outthrepresent.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs and the Putative Classes*

**CERTIFICATE OF SERVICE**

    I, Gregory Chiarello, an attorney, hereby certify that on August 30, 2022, I caused to be served a copy of the foregoing Plaintiffs' Response to Defendant's Motion for Partial Judgment on the Pleadings and Brief in Support of Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings in the above entitled action using the CM/ECF system, which sent notification of this filing to all counsel of record.

*/s/ Gregory Chiarello*
Gregory Chiarello
