

Advocates for Workplace Fairness

September 9, 2022

**Via ECF**
The Honorable André M. Espinosa
United States Magistrate Judge
Martin Luther King, Jr. Courthouse
50 Walnut Street, Room 2037, Courtroom 2D
Newark, NJ 07102

Re: *Ramos v. Walmart Inc.*, No. 21 Civ. 13827 (D.N.J.)

Dear Judge Espinosa:

Pursuant to Section 10 of Your Honor's Civil Case Management Order, Plaintiffs write to respectfully request leave to file a motion to quash the overbroad and harassing third-party subpoenas that Walmart, refusing to meet and confer before moving forward, served on six companies where Plaintiffs applied or worked.[1]  Plaintiffs also respectfully request that the Court stay the subpoenas until it resolves Plaintiffs' proposed motion to quash, to prevent any further prejudice to Plaintiffs.

Walmart's subpoenas seek a wide range of information, including employment applications Plaintiffs submitted to non-party companies, information about how those non-party companies evaluated Plaintiffs' employment applications and, for former employers, performance evaluations and related personnel file documents.  None of this information is relevant to Plaintiffs' lawsuit challenging Walmart's specific criminal background check policies and practices.  Walmart served the subpoenas despite Plaintiffs' prompt request for a meet and

---

[1] Plaintiffs have standing to quash Walmart's third-party subpoenas because they have a personal right to their employment records and applications.  *Hashem v. Hunterdon Cnty.*, No. 15 Civ. 8585, 2017 U.S. Dist. LEXIS 76249, at *4 (D.N.J. May 18, 2017); *Gross v. City of Jersey City*, No. 18 Civ. 9802, 2021 U.S. Dist. LEXIS 177558, at *9 (D.N.J. Sep. 17, 2021).

**New York**  685 Third Avenue  25th Floor   New York, NY 10017   Tel (212) 245-1000   Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor   San Francisco, CA 94111   Tel (415) 638-8800   Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W   Washington, DC 20001   Tel (202) 847-4400   Fax (202) 847-4410

www.outtengolden.com

confer beforehand, which highlights that the subpoenas were issued not for a legitimate purpose, but rather to intimidate and punish Plaintiffs for challenging Walmart's practices.

## I. Background

On August 31, 2022, Walmart served Plaintiffs with a Notice of Intent to Serve Subpoenas on six companies – three relate to Plaintiff Ramos and three relate to Plaintiff Johnson. Ex. A. One subpoena is directed to a company to which Plaintiff Johnson applied but never received a response regarding his application, and seeks all documents related to Plaintiff Johnson's application, including application forms, resumes, and follow-up correspondence; internal documents about whether to extend an offer; documents about whether to withdraw any offer following a criminal background check; interview notes and evaluation materials; and documents regarding any background checks run, including forms completed. *See id.* at 5-10 (subpoena to ABM Industries, Inc.). The remaining subpoenas are directed to Plaintiffs' former employers and seek the categories of documents sought from the company to which Plaintiff Johnson applied but never received a response, and additionally seek documents related to Plaintiffs' job performance, documents about any misconduct or discipline to which Plaintiffs were subjected, and termination and separation paperwork. *See id.* at 11-40 (subpoenas to Baldwin Americas, Home Depot U.S.A. Inc., Michaels Stores, Inc., PeopleReady, Inc., and Brookhaven Foods, LLC d/b/a ShopRite of Brookhaven).

Approximately one hour after receiving Walmart's Notice of Intent to Serve Subpoenas, Plaintiffs asked Walmart to refrain from service until the parties met and conferred about "the reason for the subpoenas and the relevance of the information sought, whether there are less invasive and less harmful means other than a subpoena, and whether the subpoenas can be narrowed." Ex. B at 5. Walmart refused, *id.* at 3, and informed Plaintiffs on September 2 that Walmart "already sent [the subpoenas] out for service" and that counsel's understanding was that "at least some have already been served," *id.* at 2.

## II. Walmart's Subpoenas Seek Irrelevant Information and Are Overbroad.

The party issuing a subpoena bears the burden of proof to demonstrate relevance. *Hashem*, 2017 U.S. Dist. LEXIS 76249, at *5; *Gross*, 2021 U.S. Dist. LEXIS 177558, at *7-8. Walmart cannot meet that burden here because its subpoenas seek documents that are irrelevant to the claims or defenses in this case, in which Plaintiffs challenge Walmart's hiring policies and practices. *See* Fed. R. Civ. P. 26(b)(1); *see also In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d

495, 501 (D.N.J. 2021) (the parameters of Rule 26(b) apply to the scope of discovery under Rule 45). First, other companies' evaluation of Plaintiffs' employment applications and hiring practices are irrelevant to Walmart's defenses. Second, Plaintiffs' qualifications are not at issue in this case, nor is their job performance, rendering Walmart's broad requests for their personnel files improper. Third, information Plaintiffs provided to prior employers or prospective employers is untethered to this lawsuit. At minimum, the production of the requested information, even if marginally relevant, would not be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

> **A.   Non-Party Companies' Hiring Practices Have No Bearing on Walmart's Defense of Its Own Hiring Practices.**

Walmart's subpoenas seek information about how non-party employers evaluated Plaintiffs' applications and their criminal histories. How other companies may have evaluated Plaintiffs' applications, however, has no relevance to Walmart's defenses in this lawsuit, namely, whether the specific criminal background check policy that Walmart created for and applies to jobs at Walmart is job related and supported by business necessity. To defend its own policies and practices, Walmart does not require internal documents from a third-party about: whether it chose to extend an offer; whether it chose to withdraw any offer following a criminal background check; interview notes and evaluation materials; or documents regarding any background checks run, including forms completed. *Cf. EEOC v. Dolgencorp, LLC*, No. 13 Civ. 4307, 2015 U.S. Dist. LEXIS 58994, at *13 (N.D. Ill. May 5, 2015) ("Under a disparate impact theory of employment discrimination, once a plaintiff shows that a challenged employment practice has a disparate impact, the burden shifts to the employer to show that 'the challenged practice is job related ***for the position in question*** and consistent with business necessity.'" (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)) (emphasis in original)). The subpoena Walmart served on Home Depot, Ex. A at 17-22, is particularly irrelevant to any potential defense, because Plaintiff Ramos applied and worked there *before* her conviction, *see* Ex. C , 27-28 (¶¶ 4-6), 33-34 (¶¶ 4-6), 39-40 (¶¶ 4-6), "amount to" an impermissibly broad "effort to obtain the entirety of the file maintained by [Plaintiffs'] other employers," *Gross*, 2021 U.S. Dist. LEXIS 177558, *14-15 (collecting cases); *see also Henry v. Morgan's Hotel Grp., Inc.*, No. 15 Civ. 1789, 2016 U.S. Dist. LEXIS 8406, at *7 (S.D.N.Y. Jan. 25, 2016) (collecting cases and concluding that "[b]y failing to limit its subpoena to certain categories of documents, Defendant

is 'merely trying to engage in a fishing expedition'" (quoting *Lewin v. Nackard Bottling Co.*, No. 10 Civ. 8041, 2010 U.S. Dist. LEXIS 123738, at *3 (D. Ariz. Nov. 4, 2010))).

The expansive requests establish that Walmart made no attempt to tailor any subpoena in light of the facts of this case and the claims being raised. Even if such a request might be appropriate in another employment matter,[2] it must be quashed here: this is a failure to hire case where Plaintiffs' eligibility for employment is not in dispute, because Plaintiffs received offers from Walmart that were subsequently rescinded based on the results of a criminal background check screen, as opposed to Plaintiffs' qualifications or ability to perform the job. *See* ECF No. 30 (Answer to Am. Compl.), ¶ 7 ("Admitted that at the time Plaintiff Ramos received a conditional offer of employment, Defendant believed she was qualified to work for Defendant"), ¶ 10 ("Admitted that at the time Plaintiff Johnson received a conditional offer of employment, Defendant believed he was qualified to work for Defendant.").

### B. Information Plaintiffs Provided to Past Employers Is Irrelevant.

Application materials Plaintiffs submitted to other employers, prior and subsequent to their Walmart applications, have no relevance to this case. To the extent Walmart asserts its purpose is to obtain information in support of its claim that Plaintiff Johnson did not fully disclose aspects of his criminal history in his application to Walmart, *see* ECF No. 73, at 2, it already has in its possession or will have access in discovery all information Plaintiff Johnson submitted to Walmart and documents reflecting Plaintiff Johnson's full criminal record. Whatever Plaintiff Johnson disclosed or failed to disclose to other prospective employers in their respective application process is not tied to Walmart's defense here. And the requested information is even less relevant as to Plaintiff Ramos; Walmart does not assert that she failed to disclose or otherwise falsified her criminal history on her application. *See* ECF No. 30 (Answer to Am. Compl.), ¶ 46 ("Admitted that Plaintiff Ramos disclosed her 2017 felony conviction.").

### III. Walmart's Subpoenas Risk Harming Plaintiffs' Future Employment.

"[E]ven if the information sought [by Walmart's subpoenas] is relevant," the employer subpoenas should be quashed because "the potential harm caused by production outweighs the

---

[2] Courts have quashed third-party subpoenas on former employers even when plaintiffs' performance may be relevant. *E.g.*, *Vuona v. Merrill Lynch & Co.*, 2011 U.S. Dist. LEXIS 131491, at *23 (S.D.N.Y. Nov. 11, 2011) ("Plaintiffs' prior work histories have nothing to do with" the central issue of whether defendant's "decision-making as to Plaintiffs was based on valid considerations or whether it was influenced by . . . bias.").

benefit." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013) (quoting *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)). Walmart's subpoenas risk harming, and may have already harmed, Plaintiffs as they target companies where Plaintiffs worked (and may therefore use as job references) and/or where they may seek employment in the future. The service of the subpoenas broadcasts to these six companies both Plaintiffs' criminal histories and participation in this lawsuit, and may cause the companies to be less likely to hire or provide references to Plaintiffs after having to deal with the real inconvenience of subpoenas issued because of their lawsuit. Courts have quashed similar subpoenas to employers because of their potential to result in intimidation, embarrassment, or other harm, including interference with employment relationships and prospects. *See, e.g.*, *Henry*, 2016 U.S. Dist. LEXIS 8406, at *5 (granting motion to quash subpoenas to former employers and finding that "if [the plaintiff] were to seek employment at any of these [employers] in the future, his application to any of them . . . might well be adversely affected by the fact that his records had been subpoenaed in this lawsuit"); *Vuona*, 2011 U.S. Dist. LEXIS 131491, at *24 (subpoena quashed because relevance of employment records was "decisively outweighed by the potential for harassment or reputational injury"); *Bickley v. Schneider Nat'l, Inc.*, No. 08 Civ. 5806, 2011 U.S. Dist. LEXIS 40674, at *9 (N.D. Cal. Apr. 8, 2011) (quashing subpoenas due to "stigma associated with the issuance of the subpoenas, as evidence of Plaintiff's participation in a lawsuit against an employer" and fear that subpoenas "may well have a profound negative impact on future employment prospects for these Plaintiffs").

While Plaintiffs may already have been damaged by Walmart's service of the subpoenas (and refusal of Plaintiffs' meet and confer request beforehand), Plaintiffs seek to curb any further prejudice by moving to quash these subpoenas.

\* \* \*

For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a motion to quash and stay the subpoena process, ordering Walmart to inform the recipients of the subpoenas as such, pending resolution of Plaintiffs' anticipated motion. We appreciate the Court's continued attention to this matter.

Dated: September 9, 2022                    Respectfully submitted,

                                                                           */s/ Gregory Chiarello*

OUTTEN & GOLDEN LLP
Ossai Miazad*
Gregory Chiarello
Christopher M. McNerney*
Eliana J. Theodorou*
Chiamaka Echebiri*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Email: gchiarello@outtengolden.com
Email: om@outtengolden.com
Email: cmcnerney@outtengolden.com
Email: etheodorou@outtengolden.com
Email: cechebiri@outtengolden.com

OUTTEN & GOLDEN LLP
Pooja Shethji*
601 Massachusetts Avenue NW, Suite 200W
Washington, DC 20001
Telephone: (212) 245-1000
Email: pshethji@outtengolden.com

YOUTH REPRESENT
Michael C. Pope*
Shomari Ward*
11 Park Place, Suite 1512
New York, New York 10007
Telephone: (646) 759-8080
Email: mpope@youthrepresent.org
Email: sward@outthrepresent.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs and the Putative Classes*

September 9, 2022
Page 7 of 7

## CERTIFICATE OF SERVICE

I, Gregory Chiarello, an attorney, hereby certify that on September 9, 2022, I caused to be served a copy of the foregoing document in the above entitled action using the CM/ECF system, which sent notification of this filing to all counsel of record.

*/s/ Gregory Chiarello*
Gregory Chiarello