# Exhibit A

Robert T. Quackenboss
*rquackenboss@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 955-1950

Meghan A. Podolny (*pro hac vice*)
*mpodolny@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8458

*Counsel for Defendant Walmart Inc.*

Thomas R. Waskom (*pro hac vice*)
*twaskom@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia
23219
Tel: (804) 788-8403

Lukas Moffett (*pro hac vice*)
*lmoffett@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Tel: (214) 979-2908

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-13827-BRM-AME |
| *Plaintiffs*, | Hon. Brian R. Martinotti, U.S.D.J. Hon. Andre M. Espinosa, U.S.M.J. |
| v. | |
| WALMART INC., | |
| *Defendant*. | |

### NOTICE OF INTENT TO SERVE SUBPOENA
### TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendant Walmart Inc. ("Walmart"), will serve the attached subpoenas in the above referenced action on or about September 1, 2022.

Dated: August 31, 2022

Respectfully submitted,

*/s/ Thomas R. Waskom*
Robert T. Quackenboss

*rquackenboss@HuntonAK.com*
HUNTON ANDREWS KURTH
LLP
2200 Pennsylvania Ave.,
NW Washington, DC 20037
Tel: (202) 955-1950

Thomas R. Waskom (admitted *pro hac vice*)
*twaskom@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8403

Meghan A. Podolny (admitted *pro hac vice*))
*mpodolny@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, VA 23219
Tel: (804) 788-8458

Lukas Moffett (admitted *pro hac vice*)
*lmoffett@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Tel: (214) 979-2908

*Counsel for Defendant Walmart Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2022, I caused a true and correct copy of Defendant Walmart Inc.'s NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY to be served on all counsel of record by electronic mail.

*/s/ Thomas R. Waskom*
Thomas R. Waskom

5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | | |
|---|---|---|
| Jacqueline Ramos, et al., | ) | |
| *Plaintiff* | ) | Civil Action No.  2:21-cv-13827-BRM-AME |
| v. | ) | |
| Walmart, Inc. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
ABM Industries Incorporated
c/o CT Corporation System
600 N 2nd St, Ste 401, Harrisburg, PA 17101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Hunton Andrews Kurth LLP<br>Attn: Emily S. Mordecai<br>951 East Byrd Street, Richmond, VA 23219 | Date and Time:<br><br>09/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/31/2022

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Emily S. Mordecai |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Walmart, Inc. _____ , who issues or requests this subpoena, are:

Emily S. Mordecai, emordecai@HuntonAK.com, (804) 788-6155

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-13827-BRM-AME

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

<u>INSTRUCTIONS</u>

1.      You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the superior right to compel the production from a third party (including an agency, authority or representative), you have possession, custody, or control.

2.      Electronically stored information should be produced in their original native format with all underlying metadata intact, or in another mutually agreeable format that provides the Plaintiff with all metadata associated with such electronic documents and allows the Plaintiff to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party.

3.      All documents are to be produced as they are or were kept in the usual course of business. All documents that exist only in paper or other hard-copy format shall be produced in such a way that the Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

4.      In producing documents, you are to furnish all documents in your possession, custody or control, regardless of the physical location of such documents or whether such documents are possessed directly by you or your directors, officers, agents, Employees, representatives, accountants, outside consultants, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their employees, agents, or investigators. You are to furnish all responsive documents from custodial and non-custodial sources regardless where the documents are located (*e.g.*, your servers, your Employees' work or personal computers, including all custodial and non-custodial structured and unstructured locations where data is stored, or cloud-based storage).

5.      If no documents exist which are responsive to a particular request, state this assertion in writing.

6.      All grounds for any objections to any Request should be set forth in your responses to these Requests, specifically and separately stated. Such responses must be in accord with the Federal Rules of Civil Procedure and the Instructions and Definitions set forth herein. If you object to any of the Definitions or Instructions, please state your objection(s) in your responses. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. These Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.      In producing documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred in the documents or originally attached or enclosed with the document requested or to be produced.

8.    If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

9.    If you have any questions about how to interpret this subpoena request or need additional information to comply, please contact Emily S. Mordecai, 951 E. Byrd St., Richmond, VA 23219, emordecai@HuntonAK.com, 804-788-8267

<u>DOCUMENT REQUESTS</u>

If Edwin Johnson, also known as Edward Johnson, Edwin E. Johnson, Edwin Edward Johnson (DOB ███ 1972; SSN: XXX-XX-███) has applied for employment with ABM Industries Incorporated, or any of ABM Industries Incorporated's subsidiaries or affiliates, (hereinafter "ABM INDUSTRIES") at any time from January 1, 2020 to December 31, 2020 please provide:

(1) All documents relating to EDWIN JOHNSON's application for employment with ABM INDUSTRIES, including but not limited to any completed application forms, resumes, follow-up communications between ABM INDUSTRIES and EDWIN JOHNSON; ABM INDUSTRIES' decision as to whether to extend an offer of employment to EDWIN JOHNSON; decisions as to whether or not to confirm or withdraw any offer of employment following a background check; and any documents reflecting the reason EDWIN JOHNSON did not begin employment with ABM INDUSTRIES.

(2) All documents relating to any interviews of EDWIN JOHNSON conducted by ABM INDUSTRIES, including but not limited to interview questions, interview notes, and written evaluation materials concerning any interviews of EDWIN JOHNSON; and

(3) All documents relating to any pre-employment screening or criminal background checks conducted in connection with EDWIN JOHNSON's application for employment with ABM INDUSTRIES, including but not limited to forms completed by EDWIN JOHNSON; written information regarding EDWIN JOHNSON's criminal history provided to ABM

-2-

INDUSTRIES by any third party; and any communications from ABM INDUSTRIES or EDWIN

JOHNSON regarding his criminal background history.

046636.0000060 EMF_US 90653755v3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of New Jersey

| | | |
|---|---|---|
| Jacqueline Ramos, et al., | ) | |
| *Plaintiff* | ) | Civil Action No. 2:21-cv-13827-BRM-AME |
| v. | ) | |
| Walmart, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Baldwin Americas
      c/o The Corporation Company, Inc., Registered Agent
      112 SW 7th St., Suite 3C, Topeka, KS 66603

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Hunton Andrews Kurth LLP<br>Attn: Emily S. Mordecai<br>951 East Byrd Street, Richmond, VA 23219 | Date and Time:<br>09/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/31/2022

|   CLERK OF COURT | OR | |
|---|---|---|
| _____ | | */s/ Emily S. Mordecai* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Walmart, Inc. _____ , who issues or requests this subpoena, are:

Emily S. Mordecai, emordecai@HuntonAK.com, (804) 788-6155

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-13827-BRM-AME

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____            _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## INSTRUCTIONS

1.      You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the superior right to compel the production from a third party (including an agency, authority or representative), you have possession, custody, or control.

2.      Electronically stored information should be produced in their original native format with all underlying metadata intact, or in another mutually agreeable format that provides the Plaintiff with all metadata associated with such electronic documents and allows the Plaintiff to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party.

3.      All documents are to be produced as they are or were kept in the usual course of business. All documents that exist only in paper or other hard-copy format shall be produced in such a way that the Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

4.      In producing documents, you are to furnish all documents in your possession, custody or control, regardless of the physical location of such documents or whether such documents are possessed directly by you or your directors, officers, agents, Employees, representatives, accountants, outside consultants, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their employees, agents, or investigators. You are to furnish all responsive documents from custodial and non-custodial sources regardless where the documents are located (*e.g.*, your servers, your Employees' work or personal computers, including all custodial and non-custodial structured and unstructured locations where data is stored, or cloud-based storage).

5.      If no documents exist which are responsive to a particular request, state this assertion in writing.

6.      All grounds for any objections to any Request should be set forth in your responses to these Requests, specifically and separately stated. Such responses must be in accord with the Federal Rules of Civil Procedure and the Instructions and Definitions set forth herein. If you object to any of the Definitions or Instructions, please state your objection(s) in your responses. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. These Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.      In producing documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred in the documents or originally attached or enclosed with the document requested or to be produced.

8.      If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

9.      If you have any questions about how to interpret this subpoena request or need additional information to comply, please contact Emily S. Mordecai, 951 E. Byrd St., Richmond, VA 23219, emordecai@HuntonAK.com, 804-788-8267.

## DOCUMENT REQUESTS

If JACQUELINE RAMOS (DOB ███/1993; SSN: XXX-XX-███) has applied for employment with Baldwin Americas, or any of Baldwin Americas' subsidiaries or affiliates, (hereinafter "BALDWIN") and/or been employed by BALDWIN at any time from January 1, 2020 to present, please provide:

(1) All documents relating to JACQUELINE RAMOS' application for employment with BALDWIN, including but not limited to any completed application forms, resumes, follow-up communications between BALDWIN and JACQUELINE RAMOS; BALDWIN's decision as to whether to extend an offer of employment to JACQUELINE RAMOS; and decisions as to whether or not to confirm or withdraw any offer of employment following a background check;

(2) All documents relating to any interviews of JACQUELINE RAMOS conducted by BALDWIN, including but not limited to interview questions, interview notes, and written evaluation materials concerning any interviews of JACQUELINE RAMOS;

(3) All documents relating to any pre-employment screening or criminal background checks of JACQUELINE RAMOS, including but not limited to forms completed by JACQUELINE RAMOS, written information regarding JACQUELINE RAMOS' criminal history provided by JACQUELINE RAMOS or third party, and any communications from BALDWIN or JACQUELINE RAMOS regarding her criminal background history;

(4)      All documents relating to reviews or evaluations of JACQUELINE RAMOS' job performance during her employment with BALDWIN;

-2-

(5)    All documents pertaining to any misconduct or disciplinary investigations or actions involving JACQUELINE RAMOS, including but not limited to documents concerning charges or complaints of discrimination, harassment, or retaliation involving JACQUELINE RAMOS; and

(6)    All termination (voluntary or involuntary) and separation paperwork concerning JACQUELINE RAMOS, including but not limited to Documents and communications reflecting the reason for Ramos' termination or separation from BALDWIN.

-3-

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | |
|---|---|
| Jacqueline Ramos, et al., | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. 2:21-cv-13827-BRM-AME |
| Walmart, Inc. | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Home Depot U.S.A., Inc.
c/o Corporation Service Company
80 State Street, Albany, NY, 12207

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Hunton Andrews Kurth LLP<br>Attn: Emily S. Mordecai<br>951 East Byrd Street, Richmond, VA 23219 | Date and Time:<br>09/21/2022 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/31/2022

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | /s/ Emily S. Mordecai<br>_____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Walmart, Inc. _____ , who issues or requests this subpoena, are:
Emily S. Mordecai, emordecai@HuntonAK.com, (804) 788-6155

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-13827-BRM-AME

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

<u>INSTRUCTIONS</u>

1.    You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the superior right to compel the production from a third party (including an agency, authority or representative), you have possession, custody, or control.

2.    Electronically stored information should be produced in their original native format with all underlying metadata intact, or in another mutually agreeable format that provides the Plaintiff with all metadata associated with such electronic documents and allows the Plaintiff to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party.

3.    All documents are to be produced as they are or were kept in the usual course of business. All documents that exist only in paper or other hard-copy format shall be produced in such a way that the Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

4.    In producing documents, you are to furnish all documents in your possession, custody or control, regardless of the physical location of such documents or whether such documents are possessed directly by you or your directors, officers, agents, Employees, representatives, accountants, outside consultants, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their employees, agents, or investigators. You are to furnish all responsive documents from custodial and non-custodial sources regardless where the documents are located (*e.g.*, your servers, your Employees' work or personal computers, including all custodial and non-custodial structured and unstructured locations where data is stored, or cloud-based storage).

5.    If no documents exist which are responsive to a particular request, state this assertion in writing.

6.    All grounds for any objections to any Request should be set forth in your responses to these Requests, specifically and separately stated. Such responses must be in accord with the Federal Rules of Civil Procedure and the Instructions and Definitions set forth herein. If you object to any of the Definitions or Instructions, please state your objection(s) in your responses. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. These Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.    In producing documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred in the documents or originally attached or enclosed with the document requested or to be produced.

8.      If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

9.      If you have any questions about how to interpret this subpoena request or need additional information to comply, please contact Emily S. Mordecai, 951 E. Byrd St., Richmond, VA 23219, emordecai@HuntonAK.com, 804-788-8267.

<u>DOCUMENT REQUESTS</u>

If JACQUELINE RAMOS (DOB ████ 1993; SSN: XXX-XX-████) has applied for employment with Home Depot U.S.A., Inc. (hereinafter "HOME DEPOT"), or any of HOME DEPOT's subsidiaries or affiliates, and/or been employed by HOME DEPOT at any time from January 1, 2012 to December 31, 2018, please provide:

(1) All documents relating to JACQUELINE RAMOS' application for employment with HOME DEPOT, including but not limited to any completed application forms, resumes, follow-up communications between HOME DEPOT and JACQUELINE RAMOS; HOME DEPOT's decision as to whether to extend an offer of employment to JACQUELINE RAMOS; and decisions as to whether or not to confirm or withdraw any offer of employment following a background check;

(2) All documents relating to any interviews of JACQUELINE RAMOS conducted by HOME DEPOT, including but not limited to interview questions, interview notes, and written evaluation materials concerning any interviews of JACQUELINE RAMOS;

(3) All documents relating to any pre-employment screening or criminal background checks of JACQUELINE RAMOS, including but not limited to forms completed by JACQUELINE RAMOS, written information regarding JACQUELINE RAMOS' criminal history provided by JACQUELINE RAMOS or third party, and any communications from HOME DEPOT or JACQUELINE RAMOS regarding her criminal background history;

(4)    All documents relating to reviews or evaluations of JACQUELINE RAMOS' job performance during her employment with HOME DEPOT;

(5)    All documents pertaining to any misconduct or disciplinary investigations or actions involving JACQUELINE RAMOS, including but not limited to documents concerning charges or complaints of discrimination, harassment, or retaliation involving JACQUELINE RAMOS; and

(6)    All termination (voluntary or involuntary) and separation paperwork concerning JACQUELINE RAMOS, including but not limited to Documents and communications reflecting the reason for Ramos' termination or separation from HOME DEPOT.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of New Jersey

| | | |
|---|---|---|
| Jacqueline Ramos, et al., | ) | |
| *Plaintiff* | ) | Civil Action No. 2:21-cv-13827-BRM-AME |
| v. | ) | |
| Walmart, Inc. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Michaels Stores, Inc.

To: c/o Corporation Service Company
2595 Interstate Dr., #103, Harrisburg, PA 17110

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Hunton Andrews Kurth LLP<br>Attn: Emily S. Mordecai<br>951 East Byrd Street, Richmond, VA 23219 | Date and Time:<br>09/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/31/2022

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Emily S. Mordecai |
| Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Walmart, Inc. _____ , who issues or requests this subpoena, are:
Emily S. Mordecai, emordecai@HuntonAK.com, (804) 788-6155

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-13827-BRM-AME

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                   _____
                                                            *Printed name and title*

                                                   _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## INSTRUCTIONS

1.      You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the superior right to compel the production from a third party (including an agency, authority or representative), you have possession, custody, or control.

2.      Electronically stored information should be produced in their original native format with all underlying metadata intact, or in another mutually agreeable format that provides the Plaintiff with all metadata associated with such electronic documents and allows the Plaintiff to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party.

3.      All documents are to be produced as they are or were kept in the usual course of business. All documents that exist only in paper or other hard-copy format shall be produced in such a way that the Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

4.      In producing documents, you are to furnish all documents in your possession, custody or control, regardless of the physical location of such documents or whether such documents are possessed directly by you or your directors, officers, agents, Employees, representatives, accountants, outside consultants, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their employees, agents, or investigators. You are to furnish all responsive documents from custodial and non-custodial sources regardless where the documents are located (*e.g.*, your servers, your Employees' work or personal computers, including all custodial and non-custodial structured and unstructured locations where data is stored, or cloud-based storage).

5.      If no documents exist which are responsive to a particular request, state this assertion in writing.

6.      All grounds for any objections to any Request should be set forth in your responses to these Requests, specifically and separately stated. Such responses must be in accord with the Federal Rules of Civil Procedure and the Instructions and Definitions set forth herein. If you object to any of the Definitions or Instructions, please state your objection(s) in your responses. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. These Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.      In producing documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred in the documents or originally attached or enclosed with the document requested or to be produced.

8.    If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

9.    If you have any questions about how to interpret this subpoena request or need additional information to comply, please contact Emily S. Mordecai, 951 E. Byrd St., Richmond, VA 23219, emordecai@HuntonAK.com, 804-788-8267.

<u>DOCUMENT REQUESTS</u>

If EDWIN JOHNSON, also known as Edward Johnson, Edwin E. Johnson, Edwin Edward Johnson (DOB ███ 1972; SSN: XXX-XX-███), has applied for employment with Michaels Stores, Inc. (hereinafter "MICHAELS"), and/or been employed by MICHAELS at any time from January 1, 2016 to December 31, 2020, please provide:

(1) All documents relating to EDWIN JOHNSON'S application for employment with MICHAELS, including but not limited to any completed application forms, resumes, follow-up communications between MICHAELS and EDWIN JOHNSON; MICHAELS' decision as to whether to extend an offer of employment to EDWIN JOHNSON; and decisions as to whether or not to confirm or withdraw any offer of employment following a background check;

(2) All documents relating to any interviews of EDWIN JOHNSON conducted by MICHAELS, including but not limited to interview questions, interview notes, and written evaluation materials concerning any interviews of EDWIN JOHNSON;

(3) All documents relating to any pre-employment screening or criminal background checks of EDWIN JOHNSON, including but not limited to forms completed by EDWIN JOHNSON, written information regarding EDWIN JOHNSON'S criminal history provided by EDWIN JOHNSON or third party, and any communications from MICHAELS or EDWIN JOHNSON regarding her criminal background history;

(4)    All documents relating to reviews or evaluations of EDWIN JOHNSON'S job performance during her employment with MICHAELS;

-2-

(5)     All documents pertaining to any misconduct or disciplinary investigations or actions involving EDWIN JOHNSON , including but not limited to documents concerning charges or complaints of discrimination, harassment, or retaliation involving EDWIN JOHNSON; and

(6)     All termination (voluntary or involuntary) and separation paperwork concerning EDWIN JOHNSON, including but not limited to Documents and communications reflecting the reason for EDWIN JOHNSON'S termination or separation from MICHAELS.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of New Jersey

| | | |
|---|---|---|
| Jacqueline Ramos, et al., | ) | |
| *Plaintiff* | ) | Civil Action No. 2:21-cv-13827-BRM-AME |
| v. | ) | |
| Walmart, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: PeopleReady, Inc.
c/o Corporation Service Company, Registered Agent
1015 A St., Tacoma, WA 98402-5122

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Hunton Andrews Kurth LLP<br>Attn: Emily S. Mordecai<br>951 East Byrd Street, Richmond, VA 23219 | Date and Time:<br><br>09/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/31/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Emily S. Mordecai |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Walmart, Inc. _____ , who issues or requests this subpoena, are:

Emily S. Mordecai, emordecai@HuntonAK.com, (804) 788-6155

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:21-cv-13827-BRM-AME

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

<u>INSTRUCTIONS</u>

1.      You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the superior right to compel the production from a third party (including an agency, authority or representative), you have possession, custody, or control.

2.      Electronically stored information should be produced in their original native format with all underlying metadata intact, or in another mutually agreeable format that provides the Plaintiff with all metadata associated with such electronic documents and allows the Plaintiff to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party.

3.      All documents are to be produced as they are or were kept in the usual course of business. All documents that exist only in paper or other hard-copy format shall be produced in such a way that the Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

4.      In producing documents, you are to furnish all documents in your possession, custody or control, regardless of the physical location of such documents or whether such documents are possessed directly by you or your directors, officers, agents, Employees, representatives, accountants, outside consultants, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their employees, agents, or investigators. You are to furnish all responsive documents from custodial and non-custodial sources regardless where the documents are located (*e.g.*, your servers, your Employees' work or personal computers, including all custodial and non-custodial structured and unstructured locations where data is stored, or cloud-based storage).

5.      If no documents exist which are responsive to a particular request, state this assertion in writing.

6.      All grounds for any objections to any Request should be set forth in your responses to these Requests, specifically and separately stated. Such responses must be in accord with the Federal Rules of Civil Procedure and the Instructions and Definitions set forth herein. If you object to any of the Definitions or Instructions, please state your objection(s) in your responses. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. These Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.      In producing documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred in the documents or originally attached or enclosed with the document requested or to be produced.

8.    If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

9.    If you have any questions about how to interpret this subpoena request or need additional information to comply, please contact Emily S. Mordecai, 951 E. Byrd St., Richmond, VA 23219, emordecai@HuntonAK.com, 804-788-8267.

## DOCUMENT REQUESTS

If JACQUELINE RAMOS (DOB ████ 1993; SSN: XXX-XX-████) has applied for employment with PeopleReady, Inc., or any of PeopleReady, Inc.'s subsidiaries or affiliates, (hereinafter "PeopleReady") and/or been employed by PeopleReady at any time from January 1, 2018 to December 31, 2020, please provide:

(1) All documents relating to JACQUELINE RAMOS' application for employment with PeopleReady, including but not limited to any completed application forms, resumes, follow-up communications between PeopleReady and JACQUELINE RAMOS; PeopleReady's decision as to whether to extend an offer of employment to JACQUELINE RAMOS; and decisions as to whether or not to confirm or withdraw any offer of employment following a background check;

(2) All documents relating to any interviews of JACQUELINE RAMOS conducted by PeopleReady, including but not limited to interview questions, interview notes, and written evaluation materials concerning any interviews of JACQUELINE RAMOS;

(3) All documents relating to any pre-employment screening or criminal background checks of JACQUELINE RAMOS, including but not limited to forms completed by JACQUELINE RAMOS, written information regarding JACQUELINE RAMOS' criminal history provided by JACQUELINE RAMOS or third party, and any communications from PeopleReady or JACQUELINE RAMOS regarding her criminal background history;

(4)    All documents relating to reviews or evaluations of JACQUELINE RAMOS' job performance during her employment with PeopleReady;

(5)     All documents pertaining to any misconduct or disciplinary investigations or actions involving JACQUELINE RAMOS, including but not limited to documents concerning charges or complaints of discrimination, harassment, or retaliation involving JACQUELINE RAMOS; and

(6)     All termination (voluntary or involuntary) and separation paperwork concerning JACQUELINE RAMOS, including but not limited to Documents and communications reflecting the reason for Ramos' termination or separation from PeopleReady.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | |
|---|---|
| Jacqueline Ramos, et al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:21-cv-13827-BRM-AME |
| Walmart, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Brookhaven Foods, LLC d/b/a ShopRite of Brookhaven
5004 State Road, Second Floor, Drexel Hill, PA 19026

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Hunton Andrews Kurth LLP | Date and Time: |
|---|---|
| Attn: Emily S. Mordecai<br>951 East Byrd Street, Richmond, VA 23219 | 09/21/2022 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/31/2022

_CLERK OF COURT_

OR

_____          /s/ Emily S. Mordecai
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Walmart, Inc. _____ , who issues or requests this subpoena, are:

Emily S. Mordecai, emordecai@HuntonAK.com, (804) 788-6155

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-13827-BRM-AME

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                  _____

                                                          *Server's signature*

                                              _____

                                                          *Printed name and title*

                                              _____

                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

<u>INSTRUCTIONS</u>

1.      You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the superior right to compel the production from a third party (including an agency, authority or representative), you have possession, custody, or control.

2.      Electronically stored information should be produced in their original native format with all underlying metadata intact, or in another mutually agreeable format that provides the Plaintiff with all metadata associated with such electronic documents and allows the Plaintiff to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party.

3.      All documents are to be produced as they are or were kept in the usual course of business. All documents that exist only in paper or other hard-copy format shall be produced in such a way that the Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

4.      In producing documents, you are to furnish all documents in your possession, custody or control, regardless of the physical location of such documents or whether such documents are possessed directly by you or your directors, officers, agents, Employees, representatives, accountants, outside consultants, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their employees, agents, or investigators. You are to furnish all responsive documents from custodial and non-custodial sources regardless where the documents are located (*e.g.*, your servers, your Employees' work or personal computers, including all custodial and non-custodial structured and unstructured locations where data is stored, or cloud-based storage).

5.      If no documents exist which are responsive to a particular request, state this assertion in writing.

6.      All grounds for any objections to any Request should be set forth in your responses to these Requests, specifically and separately stated. Such responses must be in accord with the Federal Rules of Civil Procedure and the Instructions and Definitions set forth herein. If you object to any of the Definitions or Instructions, please state your objection(s) in your responses. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. These Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.      In producing documents in connection with these Requests, each document to be produced should include all attachments and all enclosures referred in the documents or originally attached or enclosed with the document requested or to be produced.

8.      If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

9.      If you have any questions about how to interpret this subpoena request or need additional information to comply, please contact Emily S. Mordecai, 951 E. Byrd St., Richmond, VA 23219, emordecai@HuntonAK.com, 804-788-8267.

<u>DOCUMENT REQUESTS</u>

If EDWIN JOHNSON, also known as Edward Johnson, Edwin E. Johnson, Edwin Edward Johnson (DOB ███ 1972; SSN: XXX-XX-███), has applied for employment with ShopRite of Brookhaven (hereinafter "ShopRite"), or any of ShopRite's subsidiaries or affiliates, and/or been employed by ShopRite at any time from January 1, 2019 to December 31, 2020, please provide:

(1) All documents relating to EDWIN JOHNSON'S application for employment with ShopRite, including but not limited to any completed application forms, resumes, follow-up communications between ShopRite and EDWIN JOHNSON; ShopRite's decision as to whether to extend an offer of employment to EDWIN JOHNSON; and decisions as to whether or not to confirm or withdraw any offer of employment following a background check;

(2) All documents relating to any interviews of EDWIN JOHNSON conducted by ShopRite, including but not limited to interview questions, interview notes, and written evaluation materials concerning any interviews of EDWIN JOHNSON;

(3) All documents relating to any pre-employment screening or criminal background checks of EDWIN JOHNSON, including but not limited to forms completed by EDWIN JOHNSON, written information regarding EDWIN JOHNSON'S criminal history provided by EDWIN JOHNSON or third party, and any communications from ShopRite or EDWIN JOHNSON regarding her criminal background history;

(4)      All documents relating to reviews or evaluations of EDWIN JOHNSON'S job performance during her employment with ShopRite;

-2-

(5)     All documents pertaining to any misconduct or disciplinary investigations or actions involving EDWIN JOHNSON, including but not limited to documents concerning charges or complaints of discrimination, harassment, or retaliation involving EDWIN JOHNSON; and

(6)     All termination (voluntary or involuntary) and separation paperwork concerning EDWIN JOHNSON, including but not limited to Documents and communications reflecting the reason for EDWIN JOHNSON'S termination or separation from ShopRite.

046636.0000060 EMF_US 90653735v3