# Exhibit C

| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Gregory Chiarello<br>Ossai Miazad*<br>Christopher M. McNerney*<br>Eliana Theodorou*<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Email: gchiarello@outtengolden.com<br>Email: om@outtengolden.com<br>Email: cmcnerney@outtengolden.com<br>Email: etheodorou@outtengolden.com<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060<br><br>*Admitted *pro hac vice*<br><br>*Attorneys for Plaintiffs and the Putative Classes* | **OUTTEN & GOLDEN LLP**<br>Pooja Shethji*<br>601 Massachusetts Avenue NW, Suite 200W<br>Washington, DC 20001<br>Email: pshethji@outtengolden.com<br>Telephone: (202) 847-4400<br>Facsimile: (202) 847-4410<br><br>**YOUTH REPRESENT**<br>Michael C. Pope*<br>Shomari Ward*<br>11 Park Place, Suite 1512<br>New York, New York 10007<br>Email: mpope@youthrepresent.org<br>Email: sward@youthrepresent.org<br><br>Telephone: (646) 759-8080 |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>WALMART INC.,<br><br>     Defendant. | Case No. 2:21-cv-13827-BRM-AME<br><br>Judge Brian R. Martinotti<br>Magistrate Judge André M. Espinosa |

**PLAINTIFF JACQUELINE RAMOS's SECOND SUPPLEMENTAL**
**RESPONSES TO DEFENDANT'S**
**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**
<u>**JACQUELINE RAMOS**</u>

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rule

36.1 of the District of New Jersey, Jacqueline Ramos ("Plaintiff") by Plaintiff's attorneys, makes

the following objections and supplemental responses to Defendant's First Set of Requests for Admission to Plaintiff Jacqueline Ramos ("Requests"), dated February 11, 2022.

## PRELIMINARY STATEMENT

All responses to the following Requests are based on information currently known to Plaintiff based on Plaintiffs' knowledge and review of documents available to Plaintiff at the time these responses are made, and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

All Supplemental Responses Plaintiff makes to the Requests are subject to the objections Plaintiff previously raised in response to the Requests. Plaintiff does not waive and explicitly reserves all previously-raised objections.

The production of information and/or documents pursuant to this response is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information produced pursuant to this

response in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement this response.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Admit that You were Convicted of a felony on October 10, 2017, for "credit card counterfeit," Case Reference Number 03-K-17-003594.

**RESPONSE**: Plaintiff objects that this Request is premature because, upon information and belief, Defendant referred to Documents or information in its possession to draft this Request but has not provided these Documents or information to Plaintiff. Plaintiff objects on the grounds of relevance because whether Plaintiff has a felony conviction for "credit card counterfeit" from 2017 is not job related, consistent with business necessary, or otherwise related to Plaintiff's suitability for employment with Defendant. Plaintiff objects that information about Plaintiff's criminal convictions, including an October 10, 2017 conviction for "credit card counterfeit," Case Reference Number 03-K-17-003594, is within Defendant's possession, custody, and control because Defendant sought criminal history information from Plaintiff and performed a criminal background check on Plaintiff. Plaintiff further objects on the grounds of duplication and harassment because Defendant has the information sought in its possession, custody and control.

Subject to and without waiving the foregoing objects, Plaintiff admits that a criminal background check report returned from First Advantage, and dated February 4, 2020, reflects an October 10, 2017 disposition date of "guilty" for "credit card counterfeit," Case Reference No. 03-K-17-003594.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff admits that on October 10, 2017, she plead guilty to the felony of "credit card counterfeit," Case Reference No. 03-K-17-003594.

**SECOND SUPPLEMENTAL RESPONSE:** ADMIT.

**REQUEST FOR ADMISSION NO. 2**: Admit that, on Your Background Report Authorization form that You completed on January 31, 2020, You did not disclose that Your Conviction was for "credit card counterfeit."

**RESPONSE**: Plaintiff objects that this Request is premature because, upon information and belief, Defendant referred to Documents or information in its possession to draft this Request but has not provided these Documents or information to Plaintiff.  Plaintiff objects that the Background Report Authorization form Plaintiff completed on January 31, 2020 is in Defendant's possession, custody and control.  Plaintiff further objects on the grounds of duplication and harassment because Defendant has the information sought in its possession, custody and control.

  Plaintiff stands on these objections.

**SUPPLEMENTAL RESPONSE**: ADMIT.  However, Plaintiff avers that she placed Walmart on notice of this conviction.

**REQUEST FOR ADMISSION NO. 3:** Admit that You did not provide documentation to Defendant substantiating Your "contextualiz[ation]" of Your "conviction" as alleged in Paragraphs 53 and 54 of the Complaint.

**RESPONSE**: Plaintiff objects that this Request is premature because, upon information and belief, Defendant referred to Documents or information in its possession to draft this Request but has not provided these Documents or information to Plaintiff.  Plaintiff objects that

documentation Plaintiff provided to Defendant regarding "contextualiz[ation]" of Plaintiff's conviction, as alleged in Paragraphs 53 and 54 of the Complaint, is within Defendant's possession, custody and control. Plaintiff further objects on the grounds of duplication and harassment because Defendant has the information sought in its possession, custody and control.

Subject to and without waiving this objection, Plaintiff denies that she did not provide "contextualiz[ation]" of her "conviction" as alleged in Paragraphs 53 and 54 of the Complaint.

**SUPPLEMENTAL RESPONSE**: DENY.  Plaintiff provided a written statement to Walmart that she attested was "complete and true to the best of [her] knowledge and belief." This statement serves as documentation substantiating her "conextualiz[ation]" of her "conviction" as alleged in Paragraphs 53 and 54 of the Complaint.

Dated: May 18, 2022

Respectfully submitted,

By: /s/ *Christopher McNerney*

**OUTTEN & GOLDEN LLP**
Gregory Chiarello
Ossai Miazad*
Christopher M. McNerney*
Eliana Theodorou*
685 Third Avenue, 25th Floor
New York, New York 10017
Email: gchiarello@outtengolden.com
Email: om@outtengolden.com
Email: cmcnerney@outtengolden.com
Email: etheodorou@outtengolden.com
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

**OUTTEN & GOLDEN LLP**
Pooja Shethji*
601 Massachusetts Avenue NW, Suite 200W
Washington, DC 20001
Email: pshethji@outtengolden.com
Telephone: (202) 847-4400
Facsimile: (202) 847-4410

**YOUTH REPRESENT**
Michael C. Pope*
Shomari Ward*
11 Park Place, Suite 1512
New York, New York 10007
Email: mpope@youthrepresent.org
Email: sward@youthrepresent.org

Telephone: (646) 759-8080

*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Putative Classes*

## CERTIFICATE OF SERVICE

I, Eliana J. Theodorou, hereby certify that on May 18, 2022, I caused a true and correct copy of the foregoing Second Supplemental Responses to Defendant's First Set of Requests for Admission to Plaintiff Jacqueline Ramos to be served upon counsel for Defendant via electronic mail at the following email addresses:

Robert T. Quackenboss
Kevin E. Gaunt
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
rquackenboss@HuntonAK.com
kgaunt@HuntonAK.com

Lukas Moffett
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Tel: (214) 979-2908
lmoffett@HuntonAK.com

Christy E. Kiely
Meghan A. Podolny
Thomas R. Waskom
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
ckiely@HuntonAK.com
mpodolny@HuntonAK.com
twaskom@HuntonAK.com

Dated: May 18, 2022
New York, NY

/s/ *Eliana J. Theodorou*
Eliana J. Theodorou