**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>           v.<br><br>WALMART INC.,<br><br>           Defendant. | Case No. 2:21-cv-13827 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is Defendant Walmart Inc.'s ("Walmart") Appeal of Magistrate Judge Andre M. Espinosa's July 29, 2022 Discovery Order, or in the alternative, Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 79), which the Court construes as a Motion for Judgment on the Pleadings[1] (*see* ECF No. 83). Plaintiffs Jacqueline Ramos and Edwin Johnson, individually and on behalf of all others similarly situated ("Plaintiffs") filed a Response to Walmart's Motion and a Cross-Motion for Partial Judgment on the Pleadings. (ECF No. 86.) Walmart filed a Reply in Support of its Motion and Opposition to Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings. (ECF No. 91.) Having reviewed the submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal

---

[1] Upon review of the papers, it is clear Walmart requests that the Court enter only *partial* judgment on the pleadings to determine the statute of limitations period on the Criminal History Record Information Act ("CHRIA"), 18 Pa. C.S.A. § 9125(b). Accordingly, the Court's decision is limited only to that issue.

Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Walmart's Motion is **DENIED**, and Plaintiffs' Motion is **GRANTED**.

### I.     BACKGROUND

Because the parties are familiar with the underlying facts and procedural history of this matter, and the issue is purely legal, the Court will only summarize the background material to these motions.

Plaintiffs bring this putative class action on behalf of applicants who were denied employment at Walmart pursuant to the company's criminal history screening policies and practices. (*See* Sec. Am. Compl. (ECF No. 34).) Specifically, Count Three of Plaintiffs' Second Amended Complaint challenges Walmart's consideration of criminal convictions unrelated to an applicant's suitability for employment, which they allege is prohibited by the CHRIA. (*See* ECF No. 34 ¶¶ 133-43.) CHRIA does not contain a statute of limitations period. *See* 18 Pa. C.S.A. § 1901, *et seq.*

The issue of the applicable statute of limitations to Plaintiffs' CHRIA cause of action arose in the context of the parties' discussions regarding the relevant time period for discovery. (*See* ECF No. 51; *see also* ECF No. 72.) The parties failed to reach an agreement on the period governing the claim, and raised the issue before the Honorable Andre M. Espinosa, U.S.M.J. in an April 26, 2022 discovery dispute letter, seeking guidance on the appropriate scope of discovery. (*Id.*) In a July 29, 2022 Discovery Order, Judge Espinosa "[left] the ultimate question of the limitations period applicable to the claims brought under the CHRIA unresolved" and "[found] only Plaintiffs have made a sufficient demonstration that, given the colorable possibility that a six-year statute of limitations may apply, they [were] entitled to discovery on the CHRIA claim consistent with that limitations period." (ECF No. 77 at 2.)  On August 12, 2022, Walmart filed an

appeal of Judge Espinosa's Order, or in the alternative, a Motion for Judgment on the Pleadings, (ECF No. 79), which the Court construes as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (*see* ECF No. 83). On August 30, 2022, Plaintiffs filed a Response and Cross-Motion for Partial Judgment on the Pleadings. (ECF No. 86.) On September 26, 2022, Walmart filed a Reply in Support of its Motion and Opposition to Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings. (ECF No. 91.)

## II.   LEGAL STANDARD

For the purposes of this Motion for Judgment on the Pleadings, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). "The difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6) motion." *Newton v. Greenwich Twp.*, Civ. A. No. 12-238, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012) (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)).

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988)). In resolving a motion made pursuant

to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See id.*

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Pro. Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Muhammad v. Sarkos*, Civ. A. No. 12-7206, 2014 WL 4418059, at *1 (D.N.J. Sept. 8, 2014) (citing *Turbe,* 938 F.2d at 428) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim."); *Gebhart v. Steffen*, 574 F. App'x 156, 157 (3d Cir. 2014).

### III.   DECISION

Because the CHRIA does not contain a statute of limitations period, *see* 18 Pa. C.S.A. § 1901, *et seq.*, and because Judge Espinosa's Discovery Order left "the ultimate question of [CHRIA's] limitations period . . . unresolved" (ECF No. 77 at 2), the question is now before this Court. Walmart argues the Court should apply a two-year statute of limitations period to Plaintiffs' CHRIA claim, because the action closely resembles an action sounding in tort, and so the two-year catch-all period for tortious conduct, 42 Pa. C.S.A. § 5524(7), should apply. (Def. Br. (ECF No. 79-1) at 4-5.) Walmart asks this Court to enter partial judgment on the pleadings in its favor and to instruct Judge Espinosa to revise the Discovery Order accordingly. (*Id.* at 11-12.) Plaintiffs argue the Court should apply Pennsylvania's uniform, catch-all six-year statute of limitations period under 42 Pa. C.S.A. § 5527(b), and enter partial judgment in their favor, because their

4

CHRIA claim is "heterogenous" and cannot clearly be characterized as simply sounding in tort. (Pls.' Br. (ECF No. 86-1) at 2-3.) The Court agrees with Plaintiffs.

In deciding which statute of limitations period to impose upon Plaintiffs' CHRIA cause of action, this Court turns to Pennsylvania law. *See In re Energy Future Holdings Corp.*, 842 F.3d 247, 253-54 (3d Cir. 2016) (quoting *Illinois Nat. Ins. Co. v. Wyndham Worldwide Ops., Inc.*, 653 F.3d 225, 231 (3d Cir. 2011)) ("When interpreting state law, we follow a state's highest court; if that state's highest court has not provided guidance, we are charged with predicting how that court would resolve the issue."); *see also Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012) (citations omitted) ("In a diversity case this court must interpret substantive state law in accordance with rulings of the state's highest court. Lacking specific guidance, it must predict how the state court would resolve the issue.").

Neither party disputes that the CHRIA does not contain a statute of limitations period or that there is no binding precedent directly on point. *See* 18 Pa. C.S.A. § 1901, *et seq.* (ECF No. 79-1 at 1; ECF No. 86-1 at 3.) Accordingly, this Court must predict which statute of limitations period the Pennsylvania Supreme Court would apply. *See Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000).

In predicting how the Pennsylvania Supreme Court may decide a question of law, the federal court "can also give due regard, but not conclusive effect, to the decisional law of lower state courts." *Buffetta*, 230 F.3d at 637. Along with the decisions of state intermediate appellate courts, this Court may also consider "federal courts interpreting that state's law, . . . other state supreme courts that have addressed the issue, as well as . . . analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court

in the state would decide the issue at hand."[2] *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216-17 (3d Cir. 2010) (quotations omitted).

A federal court in Pennsylvania addressed this same question. *See Taha v. Bucks Cnty. Pennsylvania*, 367 F. Supp. 3d 320 (E.D. Pa. 2019). While the decision of another district court is not binding, its reasoning can be persuasive, *see Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017), and is an appropriate consideration in this Court's analysis, *see Spence*, 623 F.3d at 216-17.

In *Taha*, the Court was faced with deciding what statute of limitations period to apply to a plaintiff's CHRIA claim where the potential timeframes argued before the Court included:

> the six-year statute of limitations for "[a]ny civil action . . . which is neither subject to another limitation . . . nor excluded from the application of a period of limitation," 42 Pa. C.S.A. § 5527(b), and the two-year statute of limitations, for various specific torts and "[a]ny other action . . . to recover damages for injury . . . which is founded on negligent, intentional, or otherwise tortious conduct," *id.* § 5524(7).

*Id.* at 328. The Court predicted the Pennsylvania Supreme Court would hold the six-year statute of limitations applicable to violations of the CHRIA, and applied that time period to the facts of the *Taha* case. *Id.* at 329.

In reaching that conclusion, the *Taha* Court relied on the Pennsylvania Superior Court decision, *Gabriel v. O'Hara*, 534 A.2d 488 (1987), which "provided a broadly applicable and well-reasoned analysis that is regularly cited by Pennsylvania courts." *Taha*, 367 F. Supp. 3d at 328. The *Gabriel* Court was faced with determining the applicable statute of limitations on a plaintiff's

---

[2] Given this standard, the Court is not bound by the three-part test articulated in Walmart's brief. (ECF No. 79-1 at 5.) Instead, the statute's text, history, and purpose; the statute's intent; and the statute's scope are all possible considerations in the Court's more holistic analysis for determining how the Pennsylvania Supreme Court may decide an issue.

Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim, where the Pennsylvania legislature failed to include one. *Id.* (citing *Gabriel*, 534 A.2d at 493). The Pennsylvania court explained that the UTPCPL is "*sui generis*" in nature and encompasses an array of potential causes of action analogized to trademark infringement, disparagement, fraud, and breach of contract, among others. *Gabriel*, 534 A.2d at 494. Therefore, to apply one, uniform standard, like the two-year statute of limitations applicable to actions sounding in tort, to the facts of that particular case "threaten[ed] a multiplicity of potentially applicable statutes of repose for [other] UTPCPL actions." *Id.* In other words, plaintiffs suing under the UTPCPL "would be uncertain as to which limitations period governed their [specific] UTPCPL claim until the court determined whether their claim more closely resembled a tort action, a contract action, or an action under some other statute." *Id.* at 395. Accordingly, the *Gabriel* court chose to apply the uniform, catch-all six-year statute of limitations period under 42 Pa. C.S.A. § 5527(b). *Id.* The *Taha* Court found "the concerns motivating the *Gabriel* court apply to the CHRIA as well" because "both lack[] an explicit statute of limitations and 'encompasses an array of practices' that sound in various areas of law." *Taha*, 367 F. Supp. 3d at 329. Therefore, the *Taha* Court applied the uniform, catch-all six-year statute of limitations to the CHRIA as well. *Id.*

Walmart contends *Taha* was wrongfully decided and challenges the Court's finding that the CHRIA is "multifarious" in nature. (ECF No. 79-1 at 8.) Instead, Walmart claims the various provisions of the CHRIA all sound in tort, and none in contract, so the mere fact that the statute creates multiple causes of action is not dispositive. (*Id.* at 8-9.) Plaintiffs disagree, arguing *Taha* is the only case that directly and substantively analyzes which statute of limitations governs the CHRIA, and that it was correctly decided, as numerous causes of action are contained within the statute that bear no resemblance to a tort. (ECF No. 86-1 at 6.) This Court agrees with Plaintiffs,

and for the same reasons articulated in *Taha* and *Gabriel*, applies the six-year catch-all statute of limitations.

The CHRIA is a statute under which plaintiffs may bring claims analogous to various Pennsylvania common law causes of action, more than simply those sounding in tort, or with no common law analogue at all. *Taha*, 367 F. Supp. 3d at 329. Indeed, as Walmart suggests, potential causes of action under the CHRIA do not fit neatly into one category of claims. Pursuant to instructive Pennsylvania state law, and coupled with persuasive federal guidance, it is imperative that the courts avoid the uncertainty, confusion and inconsistency of having to apply different statutes of limitations to the various causes of action that can potentially be brought under the statute. *See Taha*, 367 F. Supp. 3d at 329; *Gabriel*, 534 A.2d. at 495. Walmart's proposed two-year catch-all statute of limitations for tort-related causes of action would create uncertainty as to which limitations period governs a claim until a court makes that determination. *See Gabriel*, 534 A.2d at 494. Therefore, the Court predicts the Pennsylvania Supreme Court, if or when confronted with this issue, would be likely to follow the reasoning in *Taha* and *Gabriel*. Accordingly, the Court concludes a six-year statute of limitations period applies to Plaintiffs' claims under the CHRIA and therefore, denies Defendant's Motion for Partial Judgment on the Pleadings and grants Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings, specifically as to the statute of limitations issue.

## IV.   CONCLUSION

Accordingly, and for good cause appearing, Walmart's Motion for Partial Judgment on the Pleadings (ECF No. 79) is **DENIED** and Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings (ECF No. 86) is **GRANTED.** An appropriate order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: January 12, 2023