# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, | Civil Action No. 24-6232-BRM-AME |
| Plaintiffs, | **ORDER TO CONSOLIDATE** |
| v. | |
| WALMART, INC., | |
| Defendant. | |

    This matter having come before the Court on May 17, 2024, upon transfer of the motion to quash a subpoena to take the deposition of Vanessa Twyman pursuant to Federal Rule of Civil Procedure 45 (the "Twyman Subpoena"); and

    **WHEREAS** the Twyman Subpoena, issued by the United States District Court for the District of New Jersey, concerns third-party discovery in connection with a civil action pending in this Court captioned *Ramos v. Walmart, Inc.*, Case No. 21cv13827-BRM-AME (the "Ramos Action"); and

    **WHEREAS** the motion to quash the Twyman Subpoena was initially filed on May 9, 2024, in the United States District Court for the Eastern District of Pennsylvania, the district where compliance is required, *see* Fed. R. Civ. P. 45(d)(3)(A), opening a miscellaneous action in that Court; and

    **WHEREAS**, thereafter, on joint motion filed in the Eastern District of Pennsylvania, the parties requested the miscellaneous action concerning the Twyman Subpoena and the motion to quash be transferred to this Court pursuant to Rule 45(f), the issuing District, and noted that a Special Master had been appointed in Ramos Action to address discovery issues; and

**WHEREAS**, now, upon transfer of the motion to quash the Twyman Subpoena, the Court finds, in its discretion, that consolidation of the above-captioned action concerning the Twyman Subpoena with the Ramos Action is warranted under Federal Rule of Civil Procedure 42(a)(2), *see Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases"); *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir 1999) (holding consolidation appropriate if it would serve "to streamline and economize pretrial proceedings so as to avoid duplication of effort and to prevent conflicting outcomes in cases involving similar legal and factual issues"); and

**WHEREAS** the Court further finds that the motion to quash the Twyman Subpoena, which will proceed as a discovery-related motion in the Ramos Action, falls within the purview the Order Appointing Special Master entered in the Ramos Action on April 28, 2023, and accordingly is referred thereunder for handling by the Special Master; therefore,

**IT IS** on this 24th day of May 2024,

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 42(a)(2), Civil Action 24-6232 is consolidated with Civil Action 21-13827 for all purposes; and it is further

**ORDERED** that the motion to quash filed at D.E. 1 in Civil Action 24-6232, shall be entered by the Clerk as an active motion in Civil Action 21-13827, and shall be handled in that action in accordance with the Order Appointing Special Master; and it is further

**ORDERED** that a copy of this Order shall also be filed in Civil Action 21-13827; and it is further

**ORDERED** that the Clerk shall mark Civil Action 24-6232 as **CLOSED**.

                                           /s/ *André M Espinosa*
                                           ANDRÉ M. ESPINOSA
                                           United States Magistrate Judge