UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>    v.<br><br>WALMART INC.,<br><br>                     Defendant. | Civil Action No.: 21-13827(BRM)(AME)<br><br>Hon. Brian R. Martinotti, U.S.D.J.<br>Hon. Andre M. Espinosa, U.S.M.J.<br><br>**SPECIAL MASTER MEMORANDUM OPINION AND ORDER ON DISCOVERY** |

**WOLFSON, Special Master**:

Named Plaintiffs Jaqueline Ramos and Edwin Johnson ("Named Plaintiffs") filed a motion to amend the complaint (ECF 166), which was referred to me by the Court for disposition; they seek to withdraw from this case and substitute two other individuals as plaintiffs. Defendant Walmart, Inc. ("Defendant" or "Walmart") intends to oppose the motion. I issued an Order, dated May 28, 2024, staying discovery until the resolution of the motion to amend. (*See* ECF 165.) However, in the instant matter before me, Defendant requests that I permit discovery on the facts and circumstances surrounding the withdrawal of Named Plaintiffs such that Walmart can adequately respond to the motion to amend, particularly on the issues of good cause and undue delay. Both parties have submitted letter briefs on this discovery request. For the reasons set forth below, I direct Plaintiffs' counsel, by no later than July 9, 20924, to submit a supplemental declaration consistent with this Opinion and Order. Because I find that the only discovery issue outstanding on good cause/delay will be addressed by counsel's forthcoming supplemental certification, Defendant's request for additional discovery in this context is **DENIED**. Defendant

1

shall file its opposition papers to the motion to amend by no later than July 23, 2024,[1] and Plaintiffs' reply papers, if any, shall be filed by July 31, 2024.

Because the parties are familiar with the facts, I will only recount those necessary for the disposition of Defendant's discovery request. Both Named Plaintiffs seek to withdraw from this case based on unspecified personal reasons. Indeed, Named Plaintiffs each filed a certification in support of the motion to amend attesting to that fact. Defendant argues that it requires discovery on the reasons for their withdrawal, because it deems those reasons relevant to Walmart's opposition to the motion to amend to substitute for Named Plaintiffs. Specifically, Defendant contends that the catalyst and justifications for the withdrawals are paramount to the elements of bad faith, prejudice and delay under Fed. R. Civ. P. 15, or the additional "good cause" requirement under Fed. R. Civ. P. 16.[2]  I disagree with Defendant's position.

Under Rule 15(a), the court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment."). Relevant here, while delay alone is not sufficient to justify denial of leave to amend, "at some point, . . . delay will become 'undue,' placing an unwarranted burden on the court . . . [and] an unfair burden on the opposing

---

[1] Due to personal reasons involving one of the Defendant's attorneys, both parties agreed that Defendant's opposition brief would be due after July 15, 2024.

[2] In connection with this discovery dispute, the parties disagree whether Plaintiffs would have to meet the "good cause" requirement under Rule 16 because the deadline to amend the complaint has passed.  I need not resolve that issue in this Order.

party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied. *Id.* "[T]he question of undue delay requires that [the court] *focus on the movant's reasons for not amending sooner.*" *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (emphasis added); *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) ("Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend."); *Le v. City of Wilmington,* No. 08-615, 2010 U.S. Dist. LEXIS 69038, at *6 (D. Del. July 12, 2010) ("In evaluating whether a party's delay is undue, the Court must focus on the movant's reasons for not amending its pleading earlier."). The Third Circuit also places an importance on a movant articulating a "colorable excuse" for the delay. *See Arthur v. Maersk*, 434 F.3d 196, 205 n.11 (3d Cir. 2006) (internal quotation marks omitted).

Similarly, Rule 16's "good cause" standard "hinges to a large extent on the diligence, or lack thereof, of the moving party." *Lee v. A to Z Trading LLC*, No. 12-4624, 2018 U.S. Dist. LEXIS 99559, at *6 (D.N.J. June 13, 2018) (citations omitted). In other words, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. Aug. 8, 2007). As the court in *Le* succinctly explained:

> When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 U.S. Dist. LEXIS 81963, at *47 (D.N.J. Sep. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark*, No. 10-1405, 2011 U.S. Dist. LEXIS 73058, at *4 (D.N.J. Jul. 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the

>expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Commc'n., Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

*Le*, 2010 U.S. Dist. LEXIS 99559, at *6-7.

Here, notwithstanding what case law requires, Defendant argues that under both Rules 15 and 16, it needs the discovery it seeks to respond fully to Plaintiffs' motion, and that Plaintiffs' justifications for their withdrawal are integral to the analysis. While Defendant correctly cites the standard for Rule 16's "good cause" requirement, there is no case law support for its position that "detail of the circumstances surrounding withdrawal are [] at the heart of whether the plaintiff was diligent." (Def. Letter Br., 7.) Instead, Defendant cites to a series of district court cases that I do not find helpful.

First, *Garcia v. AirServ, Corp.*, 2015 U.S. Dist. LEXIS 75258, at *3 (C.D. Cal. Jun. 9, 2015), dealt with Rule 56(d) in a summary judgment context, not Rule 15 or Rule 16. Rather, in *dicta*, the court discussed diligence in the context of a motion to amend and it advised that new claims could have been pursued earlier if the plaintiff, herself, knew of the facts of any potential new claims, regardless of when her counsel knew of those facts. Indeed, the court focused on the timing of when either the plaintiff or counsel had sufficient knowledge. *Id.* Similarly, in *Morel v. GOYA Foods, Inc.*, 2022 U.S. Dist. LEXIS 146189 (D.N.J. Aug. 16, 2022), the court denied the plaintiffs' request to add additional class representatives, because it found that under the diligence requirement of Rule 16, counsel for plaintiffs should have uncovered any issues with plaintiffs' capacity to serve as class representatives rather than waiting until the plaintiffs were deposed. *Id.* at *6. The court reasoned that counsel's failure to timely discover and address any possible deficiencies constitutes a lack of diligence under Rule 16. *Id.* at *7. The court went on to note that

4

this was not a case where plaintiff's counsel did not neglect to determine facts about the original class representative's willingness to serve as a class representative. *Id.* at *9. In sum, the court focused on *counsel's* diligence, not any underlying reasons as to why a particular class representative chose to withdraw from a case. Finally, the court's decision in *Hitt v. Ariz. Bev. Co., LLC,* No. 08-809, 2009 U.S. Dist. LEXIS 109702, (S.D. Cal. Nov. 24, 2009), does not counsel a different result. Pursuant to Rule 16, the court there found that "[a]lthough the Motion to Amend states that [p]laintiff 'informed counsel of her desire not to be the class representative in this action very recently,' the Motion does not indicate *when* [p]laintiff decided that she did not want to be the class representative or *when* the 'personal reasons' which led to this decision arose. Given this lack of information, the [c]ourt cannot find that good cause exists for modifying the Scheduling Order. For this additional reason, the Motion to Amend is denied." *Id.* at *16-17 (emphasis added). Indeed, the court focused on timing, not the actual excuse for substitution.

From the perspective of Rule 15's undue delay, the inquiry remains the same. While the courts in both *Gaddy v. Long & Foster Co.*, No. 21-2396, 2023 U.S. Dist. LEXIS 22935 (D.N.J. Feb. 10, 2023) and *Wilson v. Quest Diagnostics, Inc.*, No. 18-11960, 2020 U.S. Dist. LEXIS 13190 (D.N.J. Jan. 24, 2020), cited by Defendant, identified that the plaintiff in each of the cases had health issues, the courts nevertheless focused on whether there was any delay in counsel filing a motion to amend. *See Gaddy*, 2023 U.S. Dist. LEXIS 22935, at *33-34 ("The Court finds that the delay between Plaintiff's counsel's loss of contact with [the plaintiff] and the filing of the Motion in July 2022 is not excessive"; rather, "Plaintiff's counsel acted promptly to file the Motion to amend after confirming that [the plaintiff] wished to withdraw as the lead plaintiff."); *Wilson*, 2020 U.S. Dist. LEXIS 13190, at *10-11 ("As stated, the Court does not discern prejudice by virtue of the [substitution of class representative]. And even in isolation, the passage of time here is not

5

dramatic or extended. Discovery opened only four months ago. The amendment is timely filed pursuant to the scheduling order. There is no undue delay."). In other words, the undue delay element concerns whether there is an unreasonable passage of time in seeking substitution, not on examining the reasons for it.

I have reviewed the certifications submitted by Named Plaintiffs in support of their motion to amend. As to timing, Ms. Ramos certified that on April 5, 2024, she determined to withdraw from this case due to personal reasons. (*See* Ramos's Cert., ECF 166-6.) Mr. Johnson certified that on May 21, 2024, he determined to withdraw also because of personal reasons. (*See* Johnson's Cert., ECF 166-9.) Additionally, I reviewed the certification submitted by Plaintiffs' counsel that accompanies the motion to amend. Based on the reasons above, with one exception, I do not find any additional discovery into the various reasons why Named Plaintiffs are withdrawing from the case relevant to either the "good cause" or "undue delay" element of the motion to amend.[3] Indeed, to permit Defendant to wade into these issues will only prolong discovery and the eventual resolution of this case.

However, I find that counsel's certification does not disclose the facts surrounding when counsel knew that Named Plaintiffs were seeking to withdraw as class representatives or whether counsel could have known of their decision to withdraw any earlier. As such, by no later than July 9, 2024, I direct Plaintiffs' counsel to file a supplemental certification attesting to those limited facts consistent with the Order herein.

---

[3] I stress that in determining that Defendant need not take any additional discovery in this regard, I am not making any determination as to whether good cause exists (if Rule 16 applies) or whether there is any undue delay. Those issues will be decided on the motion to amend.

6

DATED: July 3, 2024

                                                    /s/ Freda L. Wolfson  
                                                   Hon. Freda L. Wolfson (ret.)  
                                                   Special Master