**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC.,<br>Defendant. | Case No. 2:21-cv-13827 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is an appeal (ECF No. 169) by Defendant Walmart Inc. ("Defendant") of the July 3, 2024 Memorandum Opinion and Order ("Order") (ECF No. 171) issued by the Honorable Freda L. Wolfson, U.S.D.J. (ret.) ("Judge Wolfson")[1] denying Defendant's request for discovery on the facts and circumstances surrounding the reasons for which Named Plaintiffs Jacqueline Ramos and Edwin Johnson ("Plaintiffs") are seeking to withdraw from the case and substitute two other individuals as plaintiffs in their motion for leave to amend the complaint. (*See* ECF No. 166.) Having reviewed the parties' submissions filed in connection with this appeal, for the reasons set forth below and for good cause having been shown, Defendant's appeal (ECF No. 169) is **DENIED** and Judge Wolfson's July 3, 2024 Order (ECF No. 171) is **AFFIRMED**.

---

[1] This Court appointed *sua sponte* the Honorable Freda L. Wolfson, U.S.D.J. (ret.), pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), to serve as special master on April 27, 2023, with authority "coextensive with that of a Magistrate Judge pursuant to District of New Jersey Local Civil Rule 72.1" to "resolve all discovery disputes and discovery-related motions, according to the procedures that the [s]pecial [m]aster may establish and modify as necessary." (ECF No. 156, at 6 ¶¶ 4–5.)

I. **BACKGROUND**

The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted by the Court in its prior opinions: (1) granting Plaintiffs' Motion to Quash Employer Subpoenas (ECF No. 140), (2) denying Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 79), and (3) granting Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings (ECF No. 86.) Accordingly, the Court will address only the procedural history associated with this appeal.

This appeal arises from a narrow discovery dispute in the context of a motion for leave to amend the complaint between Plaintiffs and Defendant. (ECF No. 169.) Plaintiffs are former applicants who were denied employment with Defendant. (*See* ECF No. 16, at 2–3.) Plaintiffs filed this case more than three years ago, alleging Defendant's criminal background check policy disparately impacts Black and Latinx applicants in violation of Title VII and New Jersey state laws. (ECF No. 1.) On June 7, 2024, Plaintiffs filed a motion for leave to file a Third Amended Complaint in which they sought to withdraw as the named plaintiffs and substitute two other individuals as named plaintiffs in the case. (ECF No. 166.) In certifications in support of the motion to amend (*id.*, Exs. 6, 9), both Plaintiffs attested to "personal reasons" as the cause of their request to withdraw. Plaintiffs' counsel also submitted a declaration in support of Plaintiffs' motion for leave to amend in which he provided a general history of the relevant discovery, Plaintiffs' participation in the discovery process, the proposed substitution of both named Plaintiffs, and the remaining discovery in the action. (*Id.*; ECF No. 168, McNerney Decl.) In response, Defendant asked the Court for additional discovery into the reasons for the Plaintiffs' withdrawal, arguing it was relevant to its opposition to their motion to amend; specifically, Defendant reasoned the cause for the withdrawals is integral to determining whether there was bad faith, delay, or prejudice

2

under Federal Rule of Civil Procedure 15, as well as assessing the additional "good cause" requirement under Federal Rule Civil Procedure 16. (*See* ECF No. 169, at 10–11.) On June 10, 2024, this motion was referred to Judge Wolfson for adjudication. (ECF No. 167.)

On July 3, 2024, Judge Wolfson denied Defendant's additional discovery request on the basis that it is not relevant "to either the 'good cause' or 'undue delay'" element of the motion to amend, and would "only prolong discovery and the eventual resolution of this case." (ECF No. 171, at 6.) However, Judge Wolfson found the declaration submitted by Plaintiffs' counsel was deficient in that it failed to "disclose the facts surrounding when counsel knew that Named Plaintiffs were seeking to withdraw as class representatives or whether counsel could have known of their decision to withdraw any earlier." (*Id.*) Accordingly, Judge Wolfson ordered Plaintiffs' counsel to file a supplemental certification attesting to those omitted facts no later than July 9, 2024. (*Id.*) Plaintiffs' counsel submitted the requested information in a supplemental declaration on July 9, 2024. (ECF No. 168.)

On July 17, 2024, Defendant appealed the Order, arguing: (1) the discovery sought is relevant to whether Plaintiffs can show the good cause required for their Motion for Leave to Amend; (2) the discovery is also relevant to whether Plaintiffs can show diligence and good faith; and (3) the Order misapplies the law and is erroneous. (ECF No. 169.) On August 5, 2024, Plaintiffs filed an opposition contending: (1) the Order was well-reasoned; (2) the Order should be reviewed under an abuse of discretion standard; and (3) Defendant failed to carry its burden of establishing that Judge Wolfson abused her discretion in denying its discovery request. (ECF No. 172.)

## II. LEGAL STANDARD

In considering an appeal of the Judge Wolfson's decisions, this Court determined that Local Rule 72.1(c)(1), applicable to magistrate judges, shall govern its filing and the standard of review. (ECF No. 156, at 6, ¶ 5.) Under the Local Rules, a magistrate judge's order on a non-dispositive issue—and, likewise, Judge Wolfson's opinion and order here—may only be modified if it is determined to be "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); *see also* 28 U.S.C. § 636(b)(1)(A) (establishing the standard of review for magistrate resolution of nondispositive matters as clear error); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. Oct. 15, 1998) (noting the Federal Magistrates Act, which accords with the Federal Rules of Civil Procedure and NJ Local Civil Rules, allows reversal of a magistrate judge's determination of a nondispositive issue only where it is "clearly erroneous or contrary to law"). Courts have long established that a finding is clearly erroneous when, upon review of all evidence, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Medeva Pharma Suisse A.G. v. Roxanne Labs.*, Civ. A. No. 07-5165, 2011 WL 223600 at *2 (D.N.J. Jan. 24, 2011) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Similarly, a finding is contrary to law where "it misinterprets or misapplies applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. Jan. 3, 2008) (quoting *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. Dec. 28, 1998)); *see also Juice Entm't, LLC v. Live Nation Entm't, Inc.*, Civ. A. No.: 11-07318, 2022 WL 2803169, at *2 (D.N.J. July 18, 2022) (explaining that a district court will only reverse a magistrate decision on pretrial matters that is clearly erroneous or contrary to law). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly

erroneous," and the reviewing court will necessarily affirm. *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

If the order of appointment of a special master does not establish an alternative standard, a special master's decisions may be set aside under an abuse of discretion standard of review. *See* Fed. R. Civ. P. 53(f)(5); *see also Conway v. State Farm Fire & Cas. Co.*, No. Civ. A. 98-CV-0832, 1998 WL 961365, at *1 (E.D. Pa. Dec. 11, 1998) ("Issues of relevancy [] are traditionally left to the discretion of the trial court, and, consequently, '[]the standard of review in most instances is not the explicit statutory standard, but the clearly implicit standard of abuse of discretion.'"). Even then, the abuse of discretion standard is "even more deferential" than the clearly erroneous or contrary to law standard of review. *Florentino v. City of Newark*, No. 2:19-cv-21055, 2022 WL 17820256, at *2 (D.N.J. Dec. 20, 2022) (quoting *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006)) (affirming a magistrate judge's denial of an appeal regarding two orders, one declining to extend a discovery deadline and another denying a motion for reconsideration). Under either the clear error or abuse of discretion standard, then, a reviewing court extends considerable deference to a special master's determinations in a nondispositive issue such as a discovery dispute. *See Katz v. AT&T Corp.*, 191 F.R.D. 433, 436 (E.D. Pa. Feb. 2, 2000). Only when a decision is "arbitrary, fanciful, or unreasonable" is the abuse of discretion standard violated and a reversal appropriate. *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2006) (quoting *Lindy Bros. Builders, Inc., of Phila., et al., v. Am. Radiator & Standard Sanitary Corp., et al.*, 540 F.2d 102, 115 (3d Cir. 1976). In other words, an abuse of discretion is "a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Allen v. Banner Life Ins. Co., et al.*, 340 F.R.D. 232, 237 (D.N.J. Jan. 4, 2022) (quoting *Tracinda Corp. v. Daimler Chrysler*

*AG*, 502 F.3d 212, 240 (3d Cir. 2007)). Indeed, a party arguing abuse of discretion carries a heavy burden of proof. *Id.*

### III. DECISION

Defendant requests this Court reverse Judge Wolfson's July 3, 2024 Order in which it asked for, and was denied, additional discovery into the cause of Plaintiffs' decision to withdraw as class representatives. In support of its appeal, Defendant presents three arguments. First, Defendant argues the Order is clearly erroneous and a misapplication of law. Then, in two interrelated arguments, Defendant contends the requested discovery is relevant to whether Plaintiffs can satisfy the Rule 16 good cause requirement for their motion for leave to amend, as well as to the inquiry regarding whether Plaintiffs can show diligence and good faith.

In response to Defendant's appeal, Plaintiffs maintain the Order was well-reasoned and Defendant failed to show reversible error by Judge Wolfson in denying its discovery request under either the abuse of discretion or clear error standards. (*See* ECF No. 172, at 6–10.) Plaintiffs' central argument is that the standard of review is abuse of discretion, rather than clear error. (*Id.* at 8–10.)

The parties disagree as to whether the appropriate standard of review is clearly erroneous or contrary to law, or abuse of discretion. Under an abuse of discretion standard, a special master—acting with the full force of a magistrate judge, as is the case here—is empowered to exercise discretion in determining, based on knowledge of the law and facts of the case, the burden a moving party should carry in making a showing. *See Staff4jobs, LLC v. List Logistics, LLC*, Civ. A. No. 18-13399, 2021 WL 9667967, at *2 (D.N.J. Nov. 23, 2021) (citing *Phillips v. Greben*, Civ. No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) ("A Magistrate Judge has the discretion to decide what kind of showing the moving party must make.")). Ordinarily, this Court

6

would review the Order under an abuse of discretion standard. *See Conway*, 1998 WL 961365, at *1. However, courts must adhere to the stated standard in the appointment order of the special master, where one exists. *See* Fed. R. Civ. P. 53(f)(5) ("Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion."). Therefore, the Court in this appeal is bound to look for clear error in reviewing Judge Wolfson's Order pursuant to Local Rule 72.1(c)(1) as provided in the Order Appointing Judge Wolfson (ECF No. 156, at 6, ¶ 5.)[2]

The Court does not find that Judge Wolfson's decision was clearly erroneous in denying Defendant's discovery request. In the Court's Pretrial Scheduling Order entered on February 7, 2022, any motions to amend pleadings or add new parties were required to be filed electronically by July 27, 2022. (*See* ECF No. 39, at 1.) Federal Rule of Civil Procedure 15 provides a liberal standard for motions for leave to amend, stating in Subsection (a)(2) that "[a] Court should freely give leave when justice so requires." *See Ross v. Forster, Garbus & Garbus*, Civ. A. No. 19-574, 2021 WL 791871, at *2 (D.N.J. Mar. 1, 2021) (citing *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019)). A district court's discretion, though substantial, is "circumscribed by the Rule 15's directive in favor of amendment" and "must be 'exercised within the context of liberal pleading rules.'" *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017). A court may only deny a motion for such reasons as undue delay, bad faith or dilatory motive, undue prejudice, repeated failures to cure deficiencies, and futility of amendment. *See Foman v. Davis*,

---

[2] As will be elaborated upon further below, this Court affirms the Order, finding it was not clearly erroneous or contrary to law. The Order would still be affirmed even if this Court were to apply the more deferential abuse of discretion standard because, as Plaintiffs rightly contend, questions of relevance, being decidedly legal questions, are firmly within the discretion of the court. *See* ECF No. 172, at 9 (citing *1940 Rte. 9, LLC v. Twp. of Toms River, NJ*, Civ. A. No. 18-8008, 2024 WL 2803166, at *3 (D.N.J. May 31, 2024)) ("[W]hether information is relevant 'depends on the facts of each case, and the determination of relevance is within the discretion of the Court.'").

371 U.S. 178, 182 (1962); *Mullin*, 875 F.3d at 149–50 ("The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities . . . ."). In particular, courts have emphasized that prejudice is decisive in denying leave to amend. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("Prejudice to the non-moving party is the touchstone for the denial of an amendment.").

The "strong liberality" of Rule 15 is not limitless, however, because while Rule 15 is crafted to focus the analysis on the merits rather than on technicalities, Rule 16 sets the outer bounds of the court's discretion. *Sutton v. New Century Fin. Servs.*, Civ. No. 05-3125, 2006 WL 3676303, at *1 (D.N.J. Dec. 11, 2006) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990)). The Third Circuit established that parties must satisfy the Rule 16(b)(4) "good cause" standard once the scheduling order deadline has passed. *See Premier Comp Sols. LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also Celgene Corp. v. Mylan Pharm., Inc.*, 17 F.4th 1111, 1130 (Fed. Cir. 2021) ("No good cause, no leave to amend."). "Good cause" under Rule 16(b) enquires into the moving party's diligence in litigating the case based on best available information at the relevant juncture. *See Hildebrand v. Dentsplay Int'l., Inc.*, 264 F.R.D. 192, 198 (E.D. Pa. Jan. 25, 2010) ("Where . . . the party knows or is in possession of the information that form the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent."); *Staff4jobs*, 2021 WL 9667967, at *2 ("A court must determine whether the movant possessed, or through reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline."). In other words, the timeline of when information became known—and not the substance of the information itself—is what constitutes a Rule 16(b) "good cause" inquiry. A court can only evaluate a post-deadline motion to amend under Rule 15 after a Rule 16 assessment of the moving party's diligence and, consequently, good cause. *See*

*Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. June 30, 2014) ("Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a). If the moving party is unable to demonstrate 'good cause[,]' the Court will deny the motion and will not proceed to a Rule 15 analysis." (quoting *Velto v. Reliance Standard Life Ins. Co.*, Civ. A. No. 10-cv-01829, 2011 WL 810550, at *2 (D.N.J. Mar. 1, 2011))).

The central question on appeal is whether Judge Wolfson clearly erred in finding the Defendant's request for additional discovery not relevant to the "good cause" or "undue delay" elements of Plaintiffs' motion to amend as well as to a showing of Rule 16 diligence.[3] Given that the relevant case law clearly emphasizes timing and not substance as the linchpin for a Rule 16 diligence analysis, Defendant's request for additional discovery into the reasons for Plaintiffs' withdrawal was properly denied because the analysis does not require such information. *See, e.g.*, *Hildebrand*, 264 F.R.D. at 198; *Staff4jobs*, 2021 WL 9667967, at *2. As Judge Wolfson explained in the Order, Defendant's contention that specific factual details underlying Plaintiffs' decision to withdraw are critical to its ability to oppose the Rule 15 motion to amend runs contrary to the decisive case law in this Circuit. Indeed, courts have consistently emphasized timing as the defining element of a Rule 16 diligence finding, not any substantive reasons or justifications provided for a motion to amend. *See, e.g.*, *Gaddy v. Long & Foster Co., Inc.*, Civ. A. No. 21-2396, 2023 WL 1926654, at *11 (D.N.J. Feb. 10, 2023) (finding a delay in filing a motion to amend was not "so protracted or unjustified" that it qualifies as undue); *Wilson v. Quest Diagnostics, Inc.*, Civ.

---

[3] Echoing Judge Wolfson's emphasis in footnote 3 of the Order, this Court is not making a Rule 16 good cause or undue delay determination at this juncture. Instead, this appeal is focused solely on the narrow issue regarding the relevance of Defendant's additional discovery request to a Rule 16 analysis. That determination will be made by Judge Wolfson on the motion to amend.

9

A. No. 18-11960, 2020 WL 401814 (D.N.J. Jan. 24, 2020) (emphasizing that pre-certification amendments allowing withdrawal and substitution of class representatives are routinely allowed as both efficient and expeditious); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (holding the district court erred in denying amendment ten years after the original complaint where there was no clear prejudice to the other party).

Moreover, Defendant constructs an artificial barrier between good cause on the one hand and diligence on the other when the case law demonstrates the two concepts are effectively co-terminus. *See, e.g., Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, Civ. A. No. 15-7614, 2018 WL 1891474, at *6 (D.N.J. Apr. 20, 2018) ("The good cause standard requires that the party seeking to amend the pleading be diligent."); *Contour Data Sols. LLC v. Gridforce Energy Mgmt. LLC*, Civ. A. No. 20-3241, 2021 WL 8362652, at *3 n.23 ("[T]he 'good cause' requirement of Rule 16 would be met in this case by Contour's lack of delay in filing the New Claims."); *Staff4jobs*, 2021 WL 9667967, at *3 ("[G]ood cause is integrally connected to the diligence of the party seeking leave to amend."). In support of its contentions, as the Order rightly stressed, Defendant relied on non-binding case law which either concerns an entirely different motion, and thereby could not affect Judge Wolfson's considerations, or is directly supportive of Judge Wolfson's findings. (*See* ECF No. 169, at 12–13 (citing *Garcia v. Air Serv. Corp.*, No. CV 14-4620, 2015 WL 12672738 (C.D. Cal. June 9, 2015); *Morel v. GOYA Foods, Inc.*, Civ. A. No. 2:20-cv-05551, 2022 WL 3369664 (D.N.J. Aug. 16, 2022)). The *Garcia* case—in which a district court judge granted defendants' motion for summary judgment on the basis that the plaintiff failed to show that her request for further time and discovery under Fed. R. Civ. P. Rule 54 would defeat the summary judgment motion—while offering little direct relevance to this present matter, underscores the importance of the chronological timeline of when counsel knew certain key information, and de-

10

emphasizes the substance of that information, to considerations of such pre-trial motions. 2015 WL 12672738, at *1. Moreover, the decision in *Morel*—in which a magistrate judge denies plaintiffs' motion for leave to file a second amended complaint in a putative class action based upon a finding of non-diligence, 2022 WL 3369664, at *3—directly supports Judge Wolfson's Order. In its discussion, the court in *Morel* clearly expresses "the settled fact that Rule 16 diligence is lacking when a party fails to timely move to amend notwithstanding that, before the amendment deadline, it knew, or should have known, of the facts giving rise to the proposed amendment." 2022 WL 3369664, at *2.

The Court therefore concludes Judge Wolfson's July 3, 2024 Memorandum Opinion and Order demonstrates she thoroughly considered both parties' arguments and submissions, examined the relevant case law, and came to a well-reasoned and supported decision in denying Defendant's discovery request and ordering Plaintiffs' counsel to file a supplemental certification attesting to a set of limited facts consistent with the Order. As the discussion of the law regarding Rule 16 above illustrates, a finding of diligence involves an assessment of the timing with which a moving party proceeds in filing a motion to amend and not, as Defendant incorrectly contends, a probe of the specific reasons underpinning the motion. Judge Wolfson's relevance determination, then, was not only correct but necessarily and inevitably flowed from the guidance in the case law. Defendant has therefore failed to show that the Order was clearly erroneous, contrary to law, or an abuse of Judge Wolfson's broad discretion.

The circumstances in this matter do not leave this Court "with the definite and firm conviction that a mistake has been committed" by Judge Wolfson. *Medeva*, 2011 WL 223600 at *2 (citing *Gypsum*, 333 U.S. at 395). Defendant fails to carry its burden of showing why Judge

11

Wolfson's Order was clearly erroneous or contrary to law. Accordingly, Defendant's appeal is **DENIED** and the Order is **AFFIRMED**.

## IV.    CONCLUSION

For the reasons set forth above, and for good cause appearing, Defendant's appeal (ECF No. 169) is **DENIED** and Judge Wolfson's July 3, 2024 Memorandum Opinion & Order (ECF No. 171) is **AFFIRMED**.

Date: September 24, 2024                                     /s/ *Brian R. Martinotti*
                                                                               HON. BRIAN R. MARTINOTTI
                                                                               UNITED STATES DISTRICT JUDGE