

**Freda Wolfson**
Partner
U.S. Chief Dist. Judge (ret.)

One Lowenstein Drive
Roseland, New Jersey 07068

T: (862) 926-2708
M: (908) 715-8349
E: fwolfson@lowenstein.com

# SPECIAL MASTER LETTER ORDER

January 6, 2025

*Via ECF and Email*
**TO ALL COUNSEL OF RECORD**

      **Re:**    *Ramos, et al. v. Walmart Inc.*
                **Civ. Action No.: 21-13827(BRM)(AME)**

Counsel:

      Before me is Proposed Plaintiff John Nole's ("Nole") motion to equitably toll the deadline for him to join this class action as a substitute named plaintiff or, alternatively, to file a separate class action. Nole asserts that his 90-day right-to-sue period will expire on January 28, 2025, and he seeks tolling of that deadline while the parties await a ruling on Plaintiffs' pending motion to amend. According to Nole, tolling is warranted in the interest of fairness, as a denial could force him to file a separate lawsuit, which he contends would be inefficient and unfair.

      Defendant Walmart Inc. ("Walmart") opposes the motion, arguing that tolling in this context is impermissible under *China Agritech v. Resh*, 584 U.S. 735 (2018), because, in Walmart's view, Nole inappropriately seeks to preserve his ability to continue this putative class action in a separate, successive suit. Walmart further contends that Nole has not satisfied the requirements for equitable tolling.

      I address Walmart's arguments in turn. First, I am not persuaded that *China Agritech* categorically bars tolling as a matter of law. It is undisputed that the 90-day period to file suit pursuant to an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter is not jurisdictional, and is therefore subject to equitable tolling. *See Zipes v. TWA*, 455 U.S. 385, 393 (1982); *Commc'ns Workers of Am., Local 1033 v. N.J. Dep't of Personnel,* 282 F.3d 213, 216–17 (3d Cir. 2002). Here, Nole's time to file suit has not yet expired, and he seeks tolling of that deadline, a key fact that distinguishes this motion from *China Agritech*.

      Under the Supreme Court's decision in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 544 (1974), the timely filing of a class action tolls the applicable statute of limitations for putative class members. The Court later clarified, however, that *American Pipe* tolling does not allow a putative class member to commence a new class action outside of the statute of limitations.

*China Agritech,* 584 U.S. at 736. *China Agritech* does not apply here because neither has class certification occurred, nor has Nole's time to file suit expired. Put differently, Nole is not seeking to toll the time to file an *untimely* successive class action; rather, he is asking that his time to file any such action be tolled *before* his right to do so expires.

Second, Walmart contends that Nole has failed to meet the requirements for equitable tolling. I disagree. The Third Circuit has long identified three circumstances in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff about the plaintiff's cause of action; (2) where the plaintiff has, in some extraordinary way, been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted those rights but did so in the wrong forum. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Because equity is flexible, however, this list is not exhaustive. *Id.* ("We have instructed that there are three [principles], though not exclusive, situations in which equitable tolling may be appropriate . . . .") (emphasis added). Indeed, equitable tolling is proper "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Petroleos Mexicanos Refinacion v. M/T King A*, 554 F.3d 99, 110 (3d Cir. 2009) (citing *Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)).

The only potential equitable ground here is whether an extraordinary circumstance exists. In the interest of fairness and efficiency, courts may "grant equitable tolling, allowing for the statute of limitations on potential claims to be stayed while certain aspects of the litigation are pending." *See Chengxue Sun v. New G Nails & Spa, Inc.*, No. 22-5523, 2023 U.S. Dist. LEXIS 150449, at *15 (E.D.N.Y. Aug. 25, 2023); *Campbell v. City of N.Y.*, No. 24-02575, 2024 U.S. Dist. LEXIS 195238, at *5 (S.D.N.Y. Oct. 22, 2024). A delay caused by the time a court takes to rule on a motion can, in certain circumstances, warrant the application of equitable tolling. *See, e.g., Mendoza v. Ashiya Sushi 5, Inc.*, No. 12-8629, 2013 U.S. Dist. LEXIS 132777, at *10 (S.D.N.Y. Sept. 16, 2013); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (noting that tolling may be appropriate where a motion for appointment of counsel is pending in the context of filing a Title VII complaint after the plaintiff receives an EEOC right-to-sue letter).

Courts must also remain mindful that "[r]unning throughout the equitable estoppel cases is the obligation of the plaintiff to exercise due diligence to preserve his or her claim." *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997); *see also Satterfield v. Johnson*, 434 F.3d 185, 188 (3d Cir. 2006) ("A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in [the] way.'"); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 593 (3d Cir. 2005) (explaining that a plaintiff remains under a continuing duty to diligently pursue any discrimination claim despite interactions with the EEOC).

Here, the circumstances warrant the application of equitable tolling for a limited time to protect both Nole's and the putative class's interests. As an initial matter, Nole has diligently pursued his claims since receiving his right-to-sue letter, as well as pursuing this tolling request. Walmart does not contend otherwise. Rather, Walmart relies primarily on distinctions drawn by

2

*American Pipe* and *China Agritech*, arguments that I have rejected. Walmart additionally contends that "there is nothing stopping Nole from filing his own lawsuit tomorrow, in a forum of his choice, aside from his unfounded desire to join this action so that he can unjustly expand the scope of his claims to include individuals in the *Ramos* action that would not be included in his own class action." Def. Opp. at 2.

I need not address the precise scope of the putative class action based on Nole's proposed status; that matter will be decided when I rule on the pending motion to amend. More importantly, from an efficiency standpoint, it makes little sense for Nole to commence a new action before his 90-day right-to-sue period expires, particularly when his request to join this matter remains pending. If Nole were to file in a different forum now, and the motion to amend was subsequently granted, it would needlessly expend judicial resources—and those of the parties—to handle two overlapping lawsuits. In this sense, not only would Walmart suffer minimal prejudice, but it might also be burdened by defending two separate actions simultaneously. Under these circumstances, rigidly applying the 90-day deadline without tolling does not serve fairness or efficiency.

Accordingly, for the reasons set forth above, Nole's motion to equitably toll his deadline for a limited period is **GRANTED**. His time to file suit, if necessary, is tolled for 30 days after the decision of the motion to amend and the conclusion of any subsequent appeal to the District Judge. The parties are directed to file their letter briefs on the docket to preserve the record.

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson (ret.)
Special Master