UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE RAMOS, et al.,<br><br>    Plaintiffs,<br>v.<br><br>WALMART INC.,<br><br>    Defendant. | Civil Action No.: 21-13827(BRM)(AME)<br><br>**SPECIAL MASTER**<br>**REPORT AND RECOMMENDATION** |

**WOLFSON, Special Master**:

  In my recent Report and Recommendation ("R&R") issued on January 31, 2025, I recommended granting the request of Plaintiffs Jacqueline Ramos and Edwin Johnson ("Plaintiffs" or "Named Plaintiffs") to approve the substitution of John Nole and Rahshan Paige as new named plaintiffs. While I recommended the Court to grant the request, Nole's substitution, however, presented a substantial temporal scope issue—whether Nole, who the parties agree has timely brought his claims, can represent the putative class based on Named Plaintiffs' earlier-filed EEOC charges. Neither party identified case law directly addressing this narrow and specific issue. I suggested that the relation-back doctrine under Federal Rule of Civil Procedure ("Rule") 15(c) may resolve this issue, but deferred making a recommendation on this point to allow the parties to submit supplemental briefing. Having considered the parties' submissions, I find that this issue is best reserved for class certification under Rule 23, because determining the scope of a class is a factual inquiry in connection with weighing the Rule 23 factors. Accordingly, I

recommend deferring resolution of this issue until after class discovery is completed and the issue is fully presented on a motion for class certification.

## BACKGROUND AND PROCEDURAL HISTORY[1]

On July 19, 2021, Plaintiff Ramos initiated this proposed class action under Title VII and the New Jersey Law Against Discrimination on behalf of Black and Latinx individuals seeking employment at Walmart. (ECF No. 1.) On September 23, 2021, the original complaint was amended as of right, and Plaintiff Johnson was added as a proposed Title VII and Pennsylvania Criminal History Record Information Act class representative. The Second Amended Complaint ("SAC") alleged that Walmart's overbroad criminal history screen for qualified job applicants disparately impacts Black and Latinx applicants. (SAC, ¶¶ 2–3.)

On April 5 and May 21, 2024 respectively, Named Plaintiffs Ramos and Johnson sought to withdraw from this action for "personal reasons." (Ramos Decl. ¶¶ 5–6; Johnson Decl. ¶ 6.) Accordingly, Plaintiffs filed a Third Amended Complaint ("TAC") which sought to substitute the Proposed Plaintiffs Nole and Paige as new named plaintiffs and putative class representatives and to narrow the scope of the proposed class members to solely Black applicants.

In opposition, Defendant contended that the Proposed Plaintiffs' Title VII claims were futile because neither Page nor Nole filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Thus,

---

[1] The background and procedural history have been recounted at length in my prior R&R. Accordingly, I will only recount the facts necessary to resolve the narrow issue before me.

according to Defendant, they cannot invoke the Single Filing Rule (also known as "piggybacking"). However, after Nole filed an EEOC charge on October 22, 2024, while Plaintiff's motion to amend was pending, Defendant contended that Nole's involvement in this lawsuit should be limited to his individual claim and that the only class Nole could potentially represent would be restricted to those persons who have claims occurring within 300 days prior to his EEOC charge. Thus, Defendant argued that Nole's representation of a class extending back to 2019 was futile.

Following oral argument on December 6, 2024, I directed the parties to submit supplemental briefing on *American Pipe* tolling and relevant case law on the piggybacking rule. After considering the parties' supplemental briefing, I recommended granting Plaintiffs' request to substitute Nole and Paige as the new named plaintiffs. I explained that, as to Paige, the TAC was not futile because Paige was entitled to piggyback on the Named Plaintiffs' previously filed charges and need not have exhausted his administrative remedies. As to Nole, I concluded that since he has filed his own EEOC charge, he is no longer attempting to piggyback onto the Named Plaintiffs' charges. Thus, the narrow issue remaining is whether Nole can represent the original class that encompassed members dating back to 2019.

However, my research revealed a dearth of case law addressing the temporal scope of a class action when a substituted plaintiff assumes the role of the original named plaintiff. As I pointed out in my recent Report and Recommendations, Defendant cited no authority suggesting that a substituted plaintiff who has filed his own EEOC charge is barred from representing a putative class as originally defined in the initial complaint.

3

But, I also disagreed with Plaintiffs' contention that tolling under *American Pipe*[2] necessarily resolves the scope issue. I suggested that the relation-back doctrine under Rule 15(c) may provide an appropriate framework. But as the parties had not had the opportunity to weigh in on this doctrine, I deferred making a recommendation on this point and directed the parties to submit briefing on this specific issue before I made a recommendation to the Court, suggesting *Drennan v. PNC Bank, NA*, 622 F.3d 275 (3d Cir. 2010) as a starting point.

## DISCUSSION

Plaintiffs contend that Nole's substitution in this proposed class action does not disrupt its temporal scope as originally pled. (*See* ECF No. 194 at 1.) According to Plaintiffs, Nole can represent the full putative Title VII class based on the earlier EEOC charges of the Named Plaintiffs because his claims relate back to theirs under Rule 15(c)(1)(B).[3] (*Id.* at 7–11.) Defendant counters that this question, at its core, asks whether Nole can meet the typicality and adequacy requirements of Rule 23 and that determining the scope of the class that Nole may represent at this stage would be both unnecessary and improper.[4] (*See* ECF No. 195 at 1–3.) Defendant contends, however, that to the extent

---

[2] *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

[3] Plaintiffs reiterate their argument based on the *American Pipe* tolling doctrine as an additional basis that Nole's claims as substitute plaintiff relate back to the Named Plaintiffs' EEOC charges. (*See* ECF No. 194 at 11–15.) Because I have already found that *American Pipe* does not answer the question at issue, I will not revisit that discussion here.

[4] Defendant argues that I am prohibited from determining the temporal scope of the class that Nole may represent, or risk rendering an advisory opinion. Defendant cites *Christoffersen v. V. Marchese, Inc.*, in which the court concluded that determining whether

4

that I address the Rule 15 (c)(1) analysis, subsection (C)—not subsection (B)—should apply, the requirements of which Nole cannot satisfy. (*Id.* at 3–11.) Having carefully considered the parties' submissions, I conclude that the determination of the applicability and the analysis of Rule 15's relation-back provision impacting the scope of the class vis-à-vis Nole's representation is more suitable during the class certification stage.

Neither the parties nor my research has revealed any precedent for addressing the scope of a putative class before class discovery has been taken and before a motion for class certification has been filed. Rather, in the Third Circuit, the temporal scope of a class is generally resolved at the class certification stage. *See, e.g.*, *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 603 (3d Cir. 2009).

Indeed, some courts in this Circuit have analyzed the temporal scope of a class as part of Rule 23(a)'s typicality requirement. *See, e.g.*, *In re Res. Am. Sec. Litig.*, 202 F.R.D. 177, 183–87 (E.D. Pa. 2001); *see also* Fed. R. Civ. P. 23(a)(1–4) (outlining the numerosity, commonality, typicality, and adequacy requirements for class certification). Others, including *Drennan* itself, considered similar issues as part of the Rule's adequacy requirement. 622 F.3d at 303–4 (reviewing whether a conflict arose between the class representatives' untimely claims, which required equitable tolling, and the timely claims

---

claims by putative class members are time-barred is tantamount to issuing an advisory opinion because putative class members are not yet parties to the litigation until a class is certified. No. 19-1481, 2020 WL 4926663 at *3 (E.D. Wisc. Aug. 21, 2020). I am not persuaded that the issue before the *Christoffersen* court is, as Defendant argues, "precisely the scenario" before me, (ECF No. 195 at 3), but I need not decide whether rendering a decision as to Nole's ability to represent the putative class would be advisory, as I have determined that this issue is best reserved for class certification.

5

of a class subgroup as part of the Circuit's adequacy analysis). Still others appear to have considered the appropriate length of a class period as a separate inquiry at the class certification stage. *See, e.g.*, *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519, 2007 WL 276150, at *3 (D.N.J. Jan. 25, 2007).

No matter the aspect of certification under which courts have conducted this analysis, determining the appropriate class scope requires a "rigorous analysis" that may involve engaging in "preliminary factual inquiries on the merits in order to resolve questions pertaining to the appropriate [class period]." *Schering Plough*, 589 F.3d at 603 (citing *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008), as amended (Jan. 16, 2009)); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006) (explaining that a class may be certified only after a rigorous analysis (citation omitted)). The record at the current stage of this litigation does not lend itself to the "rigorous analysis" required when deciding an issue that goes to the requirements for class certification. The Third Circuit has counseled that the language of Rule 23, which calls for a decision on certification "[a]t an early practicable time"—amended from the prior version which required the decision be made "as soon as practicable"—reflects the need for a careful and thorough evaluation of Rule 23's requirements. *Hydrogen Peroxide*, 552 F.3d at 318. The Rule neither "require[s] [n]or encourage[s] premature certification determinations." *Id.*[5]

---

[5] Moreover, there is no need to define the scope of the class now, as the Court remains free to re-define or modify the length of a class period as necessary throughout this litigation. *In re Res. Am. Sec. Litig.*, 202 F.R.D. at 186 (collecting cases); *see also Reardon v.*

Accordingly, because I find that the determination of the temporal scope issue is inextricably intertwined with class certification, I recommend deferring the resolution until that juncture. Moreover, resolving issues stemming from class certification at this time, including the scope of the class, is beyond my authority as the discovery special master. While the Court may refer class certification to me at a later time, that decision lies within the District Court's discretion.

To be clear, although I am not addressing the scope of the putative class here, I remain satisfied, based on the reasoning set forth in my prior R&R, that the substitution of Paige and Nole is proper, and as such, my recommendation in that regard remains. In that connection, because Plaintiffs have pled that Nole and Paige are representing a putative class dating back to 2019, discovery going forward will encompass, as it has been, that time period.

The parties have 21 days to object to my recommendations made here and those made in my previous R&R. However, should the parties decide to proceed without objections, I suggest the parties communicate that decision to me and the Court so this case may proceed expeditiously with discovery, without waiting for the full 21 days to lapse.

DATED: March 17, 2025                          /s/ Freda L. Wolfson
                                               Hon. Freda L. Wolfson (ret.)
                                               Special Master

---

*Closetmaid Corp.*, No. 8-1730, 2011 WL 13135937, at *2 (W.D. Pa. Sept. 6, 2011) (revising the temporal scope of a class after the class had been certified).