**OUTTEN & GOLDEN LLP**
Adam T. Klein*
Gregory Chiarello
Christopher M. McNerney*
Eliana J. Theodorou*
Jarron D. McAllister*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Email: atk@outtengolden.com
Email: gchiarello@outtengolden.com
Email: cmcnerney@outtengolden.com
Email: etheodorou@outtengolden.com
Email: jmcallister@outtengolden.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Putative
Classes*

**OUTTEN & GOLDEN LLP**
Ossai Miazad*
Daniel S. Stromberg*
Pooja Shethji*
1225 New York Avenue NW, Suite 1200B
Washington, D.C. 20005
Telephone: (202) 847-4400
Email: om@outtengolden.com
Email: dstromberg@outtengolden.com
Email: pshethji@outtengolden.com

**YOUTH REPRESENT**
Michael C. Pope*
Shomari Ward*
Simratpal Kaur*
11 Park Place, Suite 1512
New York, New York 10007
Telephone: (646) 759-8080
Email: mpope@youthrepresent.org
Email: sward@youthrepresent.org
Email: skaur@youthrepresent.org

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART INC., <br><br> Defendant. | Case No. 2:21-cv-13827-BRM-AME <br><br> Judge Brian R. Martinotti <br> Magistrate Judge André M. Espinosa <br> Special Master Freda L. Wolfson |

## PLAINTIFFS' CONDITIONAL OBJECTIONS TO SPECIAL MASTER WOLFSON'S JANUARY 31, 2025 AND MARCH 17, 2025 REPORT AND RECOMMENDATIONS

# **<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................................ 3

III.   LEGAL STANDARD .......................................................................................... 5

IV.   ARGUMENT ....................................................................................................... 6

    A.   Special Master Wolfson Effectively Decided the Relation Back Issue, or Should Have Done So Under Rule 15(c)(1)(B) or *American Pipe*........................ 6

        1.   The Relation Back Analysis Regarding the Pleadings and Adequacy Analysis at Class Certification Are Distinct and Not Interrelated. ............. 7

        2.   Rule 15(c)(1)(B) Provides the Appropriate Analytical Framework (in Addition to *American Pipe*) and Can Be Decided on the Pleadings. .... 9

        3.   Application of Rule 15(c)(1)(B) Warrants a Determination That Plaintiff Nole's Claims Relate Back to the Original Complaint. .............. 13

    B.   *American Pipe* Determines the Statute of Limitations Period, and Thus the Temporal Scope of the Class Period and/or Claims.............................. 15

    C.   Special Master Wolfson Did Not Decide That *American Pipe* Is Not Applicable at Class Certification. ....................................................................... 19

V.   CONCLUSION................................................................................................... 20

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Bondex Int'l, Inc.*,
   552 F. App'x 153 (3d Cir. 2014) ......................................................................... 14

*Asarco, LLC v. Union Pac. R.R. Co.*,
   765 F.3d 999 (9th Cir. 2014) ................................................................................ 6

*Benfield v. Mocatta Metals Corp.*,
   26 F.3d 19 (2d Cir. 1994) ..................................................................................... 7

*Bensel v. Allied Pilots Ass'n*,
   387 F.3d 298 (3d Cir. 2004) ........................................................................... 14, 15

*Biao Wang v. Zymergen Inc.*,
   744 F. Supp. 3d 995 (N.D. Cal. 2024) .................................................................. 8

*Blanchard v. Edgemark Fin. Corp.*,
   No. 94 Civ. 1890, 2020 U.S. Dist. LEXIS 7157 (N.D. Ill. May, 22, 2020) ....................... 10

*Bowe v. Colgate-Palmolive Co.*,
   416 F.2d 711 (7th Cir. 1969) .............................................................................. 19

*Brockman v. Sat, Inc.*,
   No. 97 Civ. 462, 1997 U.S. Dist. LEXIS 24280 (W.D. Mo. Oct. 23, 1997) ...................... 17

*Cal. Pub. Emps. Ret. Sys. v. Chubb Corp.*,
   No. 00 Civ. 4285, 2002 U.S. Dist. LEXIS 27189 (D.N.J. June 25, 2002) ........................ 16

*Carson v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
   No. 97 Civ. 5147, 1998 U.S. Dist. LEXIS 6903 (W.D. Ark. Mar. 30, 1998) ............. 10, 14-15

*Chen-Oster v. Goldman, Sachs & Co.*,
   325 F.R.D. 55 (S.D.N.Y. 2018) ........................................................................... 18

*Chen-Oster v. Goldman, Sachs & Co.*,
   No. 10 Civ. 6950, 2015 U.S. Dist. LEXIS 100852 (S.D.N.Y. Aug. 3, 2015) ..................... 18

*China Agritech, Inc. v. Resh*,
   584 U.S. 732 (2018) ............................................................................................ 11

*Crown, Cork & Seal Co., Inc. v. Parker*,
   462 U.S. 345 (1983) ............................................................................................ 16

*Dahl v. Bain Cap. Partners, LLC*,
    760 F. Supp. 2d 196 (D. Mass. 2011)..................................................................... 10

*Drennan v. PNC Bank, NA*,
    622 F.3d 299 (3d Cir. 2010) ........................................................................ *passim*

*Dukes v. Wal-Mart Stores Inc.*,
    No. 01 Civ. 2252, 2002 U.S. Dist. LEXIS 28984 (N.D. Cal. Sept. 6, 2002).............. 7, 8, 10

*Dukes v. Wal-Mart Stores Inc.*,
    No. 01 Civ. 2252, 2012 U.S. Dist. LEXIS 135554 (N.D. Cal. Sept. 21, 2012)............. 18-19

*EEOC v. Westinghouse Elec. Corp.*,
    869 F.2d 696 (3d Cir. 1989) ............................................................................... 14

*Feuerstack v. Weiner*,
    No. 12 Civ. 4253, 2013 U.S. Dist. LEXIS 106321 (D.N.J. July 30, 2013) ........................ 12

*Fund Liquidation Holdings LLC v. Bank of Am. Corp.*,
    991 F.3d 370 (2d Cir. 2021) ............................................................................... 10

*Haas v. Pittsburg National Bank*,
    526 F.2d 1093 (3d Cir. 1975) ............................................................................. 16

*Henglein v. Colt Indus. Operating Corp. Informal Plan*,
    91 F. App'x 762 (3d Cir. 2004) ...........................................................................11

*Kirchner v. Wyndham Vacation Resorts, Inc.*,
    No. 20 Civ. 436, 2023 U.S. Dist. LEXIS 51326 (D.N.J. Mar. 27, 2023).............. 7, 9, 10, 14

*KPH Healthcare Servs. v. Mylan N.V.*,
    No. 20 Civ. 2065, 2022 U.S. Dist. LEXIS 140848 (D. Kan. Aug. 8, 2022) ................. 10, 14

*Krupski v. Costa Crociere S.p.A.*,
    560 U.S. 538 (2010)..................................................................................... 9, 15

*Larkin v. Pullman-Standard Div., Pullman*
    854 F.2d 1549 (11th Cir. 1998) ........................................................................... 18

*MSP Recovery Claims Series, LLC v. Sanofi-Aventis U.S. LLC*,
    No. 18 Civ. 2211, 2024 U.S. Dist. LEXIS 160906 (D.N.J. Sept. 6, 2024).......................... 5

*Nahouraii v. Ind. Univ. of Pa.*,
    No. 11 Civ. 973, 2015 U.S. Dist. LEXIS 9793 (W.D. Pa. Jan. 28, 2015).............................. 8

*Naranjo v. Bank of Am. Nat'l Ass'n,*
   No. 14 Civ. 2748, 2015 U.S. Dist. LEXIS 25899 (N.D. Cal. Feb. 27, 2015) ...................... 7

*Nelson v. County of Allegheny,*
   60 F.3d 1010 (3d Cir. 1995) ................................................................................11

*New York v. Gutierrez,*
   No. 08 Civ. 2503, 2008 U.S. Dist. LEXIS 94779 (E.D.N.Y. Nov. 19, 2008) ...................... 8

*Phillips, v. Ford Motor Co.,*
   435 F.3d 785 (7th Cir. 2006) ...................................................................... 10, 14

*Ramos v. Walmart, Inc.,*
   No. 21 Civ. 13827, 2023 U.S. Dist. LEXIS 34786 (D.N.J. Mar. 2, 2023).......................... 14

*Romasanta v. United Airlines, Inc.,*
   537 F.2d 915 (7th Cir. 1976) ...................................................................... 19

*Royal Mile Co. v. UPMC,*
   40 F. Supp. 3d 552 (W.D. Pa. Aug. 21, 2014) .................................................. 10

*Ruehl v. Viacom, Inc.,*
   500 F.3d 375 (3d Cir. 2007) ...................................................................17-18

*Rupert v. PPG Indus.,*
   No. 07 Civ. 705, 2009 U.S. Dist. LEXIS 131493 (W.D. Pa. Feb. 27, 2009) ...................... 19

*Samora v. Chase Dennis Emergency Med. Grp., Inc.,*
   No. 20 Civ. 2027, 2021 U.S. Dist. LEXIS 220368 (N.D. Cal. Nov. 15, 2021) .................. 17

*Schultz v. Midland Credit Mgmt.,*
   No. 16 Civ. 4415, 2019 U.S. Dist. LEXIS 79889 (D.N.J. May 13, 2019)........................... 7

*Sperling v. Hoffman-La Roche, Inc.,*
   145 F.R.D. 357 (D.N.J. 1992) ............................................................ 10, 12, 19

*United States ex rel. Gohil v. Aventis, Inc.,*
   No. 02 Civ. 2964, 2017 U.S. Dist. LEXIS 3236 (E.D. Pa. Jan. 9, 2017)............................ 8

*Weber v. Mobil Oil Corp.,*
   506 F.3d 1311 (10th Cir. 2007) ...................................................................... 8

**STATUTES**

28 U.S.C. § 636.................................................................................................. 5

v

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1 .................................................................................................... 20

Fed. R. Civ. P. 15 ............................................................................................. *passim*

Fed. R. Civ. P. 53 .................................................................................................... 5

Fed. R. Civ. P. 72 .................................................................................................... 5

New Jersey Civil Procedure Rule 72.1 ................................................................... 5

6A Wright, Miller, et al., *Federal Practice & Procedure* § 1496 (3d ed.)................... 15

## I.    INTRODUCTION

Plaintiffs lodge these conditional objections to the portions of Special Master Wolfson's January 31, 2025 and March 17, 2025 Report and Recommendations ("R&Rs") that address the discrete issues of whether substitute named Plaintiff John Nole's claims relate back to the original named plaintiffs' charges of discrimination under Rule 15 and the related application of *American Pipe* tolling.[1]  Plaintiffs file these conditional objections in the interest of receiving clear guidance from the Court on the issues that have (or should have) been decided in the R&Rs at this stage of the litigation and the nature of the arguments that are properly reserved for and considered at class certification.

Over the course of multiple briefs, spanning dozens of pages, the parties have disputed the temporal scope of both the proposed class that substitute named Plaintiff Nole may represent and whether his allegations relate back to the Equal Employment Opportunities Commission ("EEOC") charges of discrimination filed by the original named plaintiffs.  Ultimately, Special Master Wolfson concluded that "the determination of the applicability and the analysis of Rule 15's relation-back provision impacting the scope of the class vis-à-vis Nole's representation is more suitable during the class certification stage" and recommended deferring a ruling until then. ECF No. 197 at 5.

---

[1]    Plaintiffs do not object to – and respectfully request that the Court adopt – the R&Rs' recommendation "granting Plaintiffs' request for substitution and approving Nole and Paige as replacements for Johnson and Ramos as the new named plaintiffs," ECF No. 193 at 39, as well as its determination that the proper scope of discovery for the Title VII claim extends back to 2019, *see* ECF No. 197 at 7.  The ruling on the scope of discovery should be adopted regardless of the Court's determination about whether the relation back issue with respect to Plaintiff Nole was decided by the R&Rs, because Walmart has not challenged and thus has conceded that Plaintiff Paige is entitled to represent a proposed Title VII class going back to November 27, 2019.  *See* ECF No. 195 at 1 (Walmart's supplemental brief, arguing relation back as to Plaintiff Nole only); ECF No. 197 at 3 (detailed procedural history).

Notwithstanding this conclusion, Special Master Wolfson also ruled that "because Plaintiffs have pled that Nole and Paige are representing a putative class dating back to 2019, discovery going forward will encompass, as it has been," the full time period for the proposed Title VII nationwide class. *Id.* at 7. This aspect of the R&Rs resolves the parties' dispute in a way that allows all proposed class members' claims to move forward to a decision on class certification, and to that extent, Plaintiffs do not object to this ruling. In effect, the discovery ruling also operates as a decision on the issue of relation back of the amended pleadings (whether under Rule 15 or *American Pipe* tolling) in all but name, because it establishes the scope of the pleadings that can subsequently be tested through discovery. While the R&Rs purport to nonetheless leave the door open for further argument on "relation back" at class certification, Plaintiffs are concerned that a later relation back analysis would be superfluous given the R&Rs' conclusion about the scope of discovery, and also it would be inconsistent with the Third Circuit's holding in *Drennan v. PNC Bank, NA*, that it is error for a district court to "approach[] the adequacy of representation requirement [under Rule 23] as though it were ruling on a motion to amend a pleading under Rule 15(c)." 622 F.3d 275, 290-91 (3d Cir. 2010) (explaining the Rule 15(c) analysis is "neither required nor contemplated by Rule 23"). By filing these conditional objections, Plaintiffs seek to avoid the circumstances that led to the appeal in *Drennan*.

In passing in both R&Rs, Special Master Wolfson also opined on the *American Pipe* doctrine, disagreeing with Plaintiffs on its relevance to the issue of the temporal scope of the class and/or the amended complaint's allegations (without expressly identifying whether "the temporal scope issue" identified pertained to the scope of the *proposed* class (that is, the pleadings) or the scope of any class to be certified at a later stage under Rule 23). *See* ECF No. 193 at 38 ("But, I also disagree with Plaintiffs' contention that *American Pipe* necessarily resolves the scope issue.

The dispute here does not concern whether Nole's claims were untimely and tolled under *American Pipe* to allow his substitution as a named plaintiff. Instead, the key question is whether Nole, whose claims are timely, can represent the class based on Named Plaintiffs' earlier EEOC charges."); ECF No. 197 at 4 n.3 ("Plaintiffs reiterate their argument based on the *American Pipe* tolling doctrine as an additional basis that Nole's claims as substitute plaintiff relate back to the Named Plaintiffs' EEOC charges. (*See* ECF No. 194 at 11-15.) Because I have already found that *American Pipe* does not answer the question at issue, I will not revisit that discussion here."). While this language is arguably *dicta*, was not necessary to the ultimate holding, and is not phrased as a definitive ruling, Plaintiffs further object to this portion of the R&Rs now, in an abundance of caution, to preserve relevant arguments for class certification.

Accordingly, given the fairly unique procedural posture of this case, Plaintiffs request a ruling from the Court that relation back is proper under *American Pipe* and/or Rule 15(c)(1)(B) – by either clarifying or reversing the Special Master's ruling on this point. Depending on how the Court rules on this issue, Plaintiffs also request a ruling from the Court that either the R&Rs preserved Plaintiffs' ability to brief, at class certification, the relevance of *American Pipe*, or that the R&Rs are hereby modified to preserve this discrete issue for class certification.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2024, Plaintiffs filed a motion to amend the complaint in this action to withdraw Plaintiffs Johnson and Ramos as named plaintiffs and substitute them with Plaintiffs Nole and Paige. *See* ECF No. 166-1.[2] On October 16, 2024, after Special Master Wolfson denied Walmart's request for additional discovery into Plaintiffs Johnson and Ramos's reasons for withdrawal and

---

[2]    A more detailed factual background can be found in the Memorandum of Law in Support of Plaintiffs' Motion to Amend. *See* ECF No. 166-1 at 3-9. Here, Plaintiffs focus the background on the facts and procedural history relevant to the R&Rs and Plaintiffs' conditional objections.

the Court denied Walmart's appeal of that order, *see* ECF Nos. 171 &175, Walmart filed its opposition to Plaintiffs' motion to amend, *see* ECF No. 179, and Plaintiffs filed a reply on October 23, 2024, *see* ECF No. 180.[3]  In opposing Plaintiffs' motion to amend, Walmart argued that Plaintiff Nole's Title VII claims were futile under Rule 15 because he had not filed an EEOC charge.  *See* ECF No. 179 at 2, 18-21.  Out of an abundance of caution, Plaintiffs filed an EEOC charge for Plaintiff Nole on October 22, 2024, to preserve his rights in the event he was found an improper substitute plaintiff and dismissed from this action.  *See* ECF No. 180 at 12.  Walmart subsequently filed a sur-reply on November 1, 2024, *see* ECF No. 181, in which it argued that Plaintiff Nole's EEOC charge precluded him from piggybacking on Plaintiff Johnson's EEOC charge, and as a result, that Plaintiff Nole cannot represent a class that relates back to the original pleading, *see id.* at 1-3.

Following a December 6, 2024 hearing on the motion to amend, Special Master Wolfson ordered supplemental briefing on: (1) whether Plaintiffs Nole and Paige could piggyback on Plaintiff Johnson's earlier EEOC charge, and (2) the interplay between *American Pipe* and Plaintiff Nole's timely EEOC charge.  *See* ECF No. 193 at 26.  The parties submitted their supplemental briefings on December 16, 2024.  *See* ECF Nos. 183 & 184.[4]  On January 31, 2025, after reviewing the underlying briefing and the parties' supplemental briefs, Special Master Wolfson issued an R&R recommending that, *inter alia*, Plaintiffs Nole and Paige be substituted as named plaintiffs.  *See* ECF No. 193 at 39.  The R&R also opined on the application of *American Pipe* tolling to

---

[3]    Plaintiffs' unsealed reply was filed publicly at ECF No. 187.

[4]    On December 18, 2024, Plaintiffs also submitted to the Special Master a letter requesting that Plaintiff Nole's time to join the action be tolled considering his 90-day right-to-sue period. *See* ECF No. 188.  After Walmart's January 3, 2025 opposition, *see* ECF No. 190, and Plaintiff's January 5, 2025 reply, *see* ECF No. 189, the Court granted Plaintiff Nole's request for equitable tolling on January 6, 2025, *see* ECF No. 191.

Plaintiff Nole, ultimately finding "[t]he dispute here does not concern whether Nole's claims were untimely and tolled under *American Pipe* to allow his substitution as a named plaintiff." *Id.* at 38. Considering a different approach, Special Master Wolfson ordered the parties to file additional briefing on whether the concept of relation back under Rule 15(c) and corresponding Third Circuit caselaw answered the question of whether Plaintiff Nole could "represent the class temporarily defined by Named Plaintiff [Johnson and Ramos's] EEOC charges." *Id.* at 38 n.24 & 38-39. The parties submitted this additional briefing in February and March 2025. *See* ECF Nos. 194-96. Finally, on March 17, 2025, after reviewing the briefing on this narrow issue, Special Master Wolfson issued an R&R recommending that the Court defer resolution of the temporal scope question until class certification. *See* ECF No. 197 at 4-7.[5]

## III.    LEGAL STANDARD

In reviewing a Report and Recommendation issued by a special master, a district court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* Fed. R. Civ. P. 53(f)(1); *cf.* L. Civ. R. 72.1(c)(2) (objections to magistrate judge R&Rs); 28 U.S.C. § 636(b)(1) (same); Fed. R. Civ. P. 72(b)(3) (same). Where a party files a timely objection to a special master recommendation, "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master," meaning the court must arrive at its own, independent conclusions regarding those portions. Fed. R. Civ. P. 53(f)(4); *see also MSP Recovery Claims Series, LLC v. Sanofi-Aventis U.S. LLC*, No. 18 Civ. 2211, 2024 U.S. Dist. LEXIS 160906, at *7-9 (D.N.J. Sept. 6, 2024) (Martinotti, J.). Here, Plaintiffs' objections focus on Special Master

---

[5]    Special Master Wolfson had previously granted Walmart's request (on Plaintiffs' consent) to consolidate the deadlines for objections to the two R&Rs. *See* ECF No. 197 at 7.

Wolfson's legal conclusions as to the doctrine of relation back, so the Court should review them *de novo*.

## IV.    ARGUMENT

Plaintiffs submit these conditional objections to clarify the scope of the Court's ruling as to the relation back doctrine, and to argue that a finding of relation back is warranted through an application of Rule 15 or *American Pipe* tolling, based on the pleadings alone.  Plaintiffs also seek to preserve, if necessary, their ability to raise issues concerning the application of *American Pipe* to the proposed class to be certified.

### A.    Special Master Wolfson Effectively Decided the Relation Back Issue, or Should Have Done so Under Rule 15(c)(1)(B) or *American Pipe*.

As explained above, the R&Rs' ultimate conclusion on the scope of the discovery effectively resolves the parties' dispute over the application of relation back by identifying the allegations and claims that will set the limits of any remaining discovery.  *See* ECF No. 197, at 7; *cf. Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014) ("Under Rule 15(c)'s liberal standard, a plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant. The exact contours of those claims – the facts that will ultimately be alleged and the final scope of relief that will be sought – can and should be sorted out through later discovery and amendments to the pleadings.").  Nonetheless, should the Court view the R&Rs' language about deferring "determination of the applicability and the analysis of Rule 15's relation-back provision" until class certification as controlling, Plaintiffs respectfully request that this aspect of the R&Rs be modified and that the Court hold that Rule 15(c)(1)(B) and/or *American Pipe* tolling require relation back of Plaintiff Nole's claims to the class claims pled by the original named plaintiffs, which were tied to the EEOC charges they filed.

### 1.    The Relation Back Analysis Regarding the Pleadings and Adequacy Analysis at Class Certification Are Distinct and Not Interrelated.

Special Master Wolfson erred to the extent she concluded that "the determination of the applicability and the analysis of Rule 15's relation-back provision" cannot be decided absent further class discovery, ECF No. 197 at 5, because this recommendation conflates the relation back analysis of the scope of the operative pleadings (and the temporal scope of the *proposed* class) with the Rule 23 analysis regarding the scope of the class to be certified after discovery.[6]

Plaintiffs do not contest the R&Rs' discussion of how courts analyze the temporal scope of a certified class under Rule 23 factors, including adequacy and typicality. *See id.* But that analysis is separate from the analysis under Rule 15's relation back provision, which is concerned only with the question of the scope of the pleadings to be tested through discovery. *See* Fed. R. Civ. 15(c) (governing relation back of "[a]n amendment to a pleading"); *e.g.*, *Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14 Civ. 2748, 2015 U.S. Dist. LEXIS 25899, at *27-28 (N.D. Cal. Feb. 27, 2015) (considering arguments regarding the temporal scope of a *putative* class period under Rule 15(c)). The Third Circuit took a "detour" to emphasize a similar point in *Drennan* (an appeal from the certification of a settlement-only class), explaining that for a court to "approach[] the adequacy of representation requirement [under Rule 23] as though it were ruling on a motion to amend a pleading under Rule 15(c)" is to "engag[e] in an analysis that [is] neither required nor contemplated by Rule 23." *Drennan*, 622 F.3d at 291; *see id.* at 297 (explaining that it "need not definitively

---

[6]    The Court can decide the scope of the operative pleadings in the context of Rule 15(c), *see, e.g.*, *Kirchner v. Wyndham Vacation Resorts, Inc.*, No. 20 Civ. 436, 2023 U.S. Dist. LEXIS 51326, at *6-10 (D.N.J. Mar. 27, 2023), or *American Pipe*, *see, e.g.*, *Schultz v. Midland Credit Mgmt.*, No. 16 Civ. 4415, 2019 U.S. Dist. LEXIS 79889, at *25-39, *26 n.4 (D.N.J. May 13, 2019); *Dukes v. Wal-Mart Stores Inc.*, No. 01 Civ. 2252, 2002 U.S. Dist. LEXIS 28984, at *30-35 (N.D. Cal. Sept. 6, 2002); *see also Drennan*, 622 F.3d at 298-301 (discussing both frameworks, but resolving dispute on alternative grounds); *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19, 23 (2d Cir. 1994) (noting viability of both theories.

resolve here this Rule 15(c) question," but taking a "detour" to "explain [its] serious doubts regarding" the argument only "because the [p]arties have devoted so much of their arguments to the Rule 15(c) issue (both before us and before the District Court)").  This further highlights the differences between the two analyses, which occur at different stages of litigation.

Relation back does not constitute a determination about the proper temporal scope – for either the beginning or end date of the class period – of any certified class, and can be determined on the basis of the allegations alone.  *See Biao Wang v. Zymergen Inc.*, 744 F. Supp. 3d 995, 1008 (N.D. Cal. 2024) ("Relation back under Rule 15(c)(1)(B) depends entirely on the contents of the original and amended pleadings.").  If an amended pleading relates back to the original filing, it is treated as having been filed on that same date "for the purpose of calculating the statute of limitations."  *United States ex rel. Gohil v. Aventis, Inc.*, No. 02 Civ 2964, 2017 U.S. Dist. LEXIS 3236, at *11 (E.D. Pa. Jan. 9, 2017).[7]

---

[7]    The act of defining the scope of an action by the original complaint, rather than by subsequent actions of the named plaintiff or substitute plaintiffs (whatever those actions may be), is fundamental to Rule 15 relation back, as well as a host of related doctrines like *American Pipe* tolling, administrative exhaustion piggybacking, and even jurisdictional inquiries under the Class Action Fairness Act and other statutes.  *See* ECF No. 183 (Pls.' Supp. Br. re Mot. Amend), at 1-7; *Weber v. Mobil Oil Corp.*, 506 F.3d 1311, 1315-16 (10th Cir. 2007) (holding that intervention did not "change the commencement date of the suit" for purpose of CAFA jurisdiction and collecting other cases finding same, for purposes of other jurisdictional statutes, when adding or substituting plaintiffs); *Dukes*, 2002 U.S. Dist. LEXIS 28984, at *28-29, *35 (holding that statute of limitations for class action was governed by scope of original named plaintiff's EEOC charge, even after several new named plaintiffs were added and original named plaintiff became an absent class member); *New York v. Gutierrez*, No. 08 Civ 2503, 2008 U.S. Dist. LEXIS 94779, at *42 (E.D.N.Y. Nov. 19, 2008) (finding, for determining statute of limitations period, that claims of proposed intervenors related back to original complaint); *cf. Nahouraii v. Ind. Univ. of Pa.*, No. 11 Civ. 973, 2015 U.S. Dist. LEXIS 9793, at *40 (W.D. Pa. Jan. 28, 2015) ("[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination[.]" (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1025-26 (3d Cir. 1997))).

### 2. Rule 15(c)(1)(B) Provides the Appropriate Analytical Framework (in Addition to *American Pipe*) and Can Be Decided on the Pleadings.

Turning to the substance of the analysis, Rule 15(c)(1) governs when an amended pleading "relates back" to the claims asserted in the original pleading. *See* Fed. R. Civ. P. 15(c)(1). "[T]he purpose of relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010). Rule 15(c)(1) "*mandates* relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Id.* at 553 (emphasis supplied).

Rule 15(c)(1) has three separate subsections, each of which applies in different circumstances. *See* Fed. R. Civ. P. 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when" either subsection A, B, or C is met). Here, Plaintiff Nole's substitution is best governed by Rule 15(c)(1)(B), which permits relation back if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."[8] Fed. R. Civ. P. 15(c)(1)(B). *See Drennan*, 622 F.3d at 298 (explaining, "[i]n this context [of substituting an absent class member as a named plaintiff], the better conclusion may be that an amended complaint adding a class member as a new named plaintiff need only satisfy Rule 15(c)(1)(B) to relate back to an earlier complaint," as opposed to Rule 15(c)(1)(C)); *Kirchner*, 2023 U.S. Dist. LEXIS 51326, at *6-10 (approving addition of named

---

[8]    Rule 15(c)(1)(A), which allows relation back if "the law that provides the applicable statute of limitations allows relation back," is inapplicable here. Fed. R. Civ. P. 15(c)(1)(A).

plaintiff through Rule 15(c)(1)(B) consistent with reasoning in *Drennan*); *Royal Mile Co. v. UPMC*, 40 F. Supp. 3d 552, 592 n.24 (W.D. Pa. Aug. 21, 2014) (same).[9]

While some courts have instead applied subsection (c)(1)(C),[10] the Court should reject that approach as (1) inconsistent with the plain text of the Rule; (2) called into question by the Third Circuit in *Drennan*; and (3) inconsistent with the policies underlying the Federal Rules of Civil Procedure in general, and Rule 15 in particular, as applied to class actions.

*First*, by its plain text, Rule 15(c)(1)(C) does not apply to the substitution of named plaintiffs, but instead applies to amendments that change the party "against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C); *see also Drennan*, 622 F.3d at 297; *Kirchner*, 2023 U.S. Dist. LEXIS 51326, at *7 n.2 ("Because no amendment has 'change[d] the party or the naming of the party against whom a claim is asserted,' Rule 15(c)(1)(C) does not apply."); *Sperling v. Hoffman-La Roche, Inc.*, 145 F.R.D. 357, 361 n.4 (D.N.J. 1992) ("By its own terms, Rule 15(c)[(1)(C)] applies to situations where a different defendant is named."). Here, there is no

---

[9]    Many courts outside this circuit have taken the same approach. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006) (granting motion to amend to substitute named plaintiffs because original plaintiffs' claims were time barred and substituted named plaintiffs satisfied Rule 15(c)(1)(B)); *KPH Healthcare Servs. v. Mylan N.V.*, No. 20 Civ. 2065, 2022 U.S. Dist. LEXIS 140848, at *60-68 (D. Kan. Aug. 8, 2022) (granting motion to amend when proposed class representatives satisfied Rule 15(c)(1)(B)); *Dahl v. Bain Cap. Partners, LLC*, 760 F. Supp. 2d 196, 199 (D. Mass. 2011) (same); *Dukes*, 2002 U.S. Dist. LEXIS 28984, at *9, *28-33, *33 n.9 (permitting amendment of complaint to add absent class members, including those who had filed their own EEOC charges, without altering temporal scope of class, which was based on a former named plaintiff's earliest filed class-wide EEOC charge); *Carson v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 97 Civ. 5147, 1998 U.S. Dist. LEXIS 6903, at *35-37 (W.D. Ark. Mar. 30, 1998) (same as to substitution of named plaintiff); *see also Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 393 (2d Cir. 2021) (noting that, on remand, the motion to amend should be granted when proposed class representatives satisfied Rule 15(c)(1)(B)).

[10]    *See, e.g.*, *Blanchard v. Edgemark Fin. Corp.*, No. 94 Civ. 1890, 2000 U.S. Dist. LEXIS 7157, at *23-26 (N.D. Ill. May, 22, 2020) (allowing relation back under former Rule 15(c)(3) for new named plaintiffs when no new claims were added, defendant was not prejudiced by their addition, and the amended complaint asserted "the same alleged fraudulent behavior").

change to the party against whom a claim is asserted because the Third Amended Complaint does not name a new defendant. Moreover, there is no change to the plaintiffs either, for these purposes, because absent class members are already existing parties to putative class actions for the statute of limitations analysis. *See Drennan*, 622 F.3d at 298 ("As the Supreme Court has explained, absent members of a class – at least in relation to an applicable statute-of-limitations period – are essentially 'parties' to the class action while a certification decision is pending" (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974))).[11]

*Second*, in *Drennan* the Third Circuit rejected the defendant's argument that Rule 15(c)(1)(C) must apply to the substitution of named plaintiffs because of *Nelson v. County of Allegheny*, 60 F.3d 1010 (3d Cir. 1995), which denied relation back under Rule 15(c)(1)(C)'s prior analog after class certification had been denied, tolling had ceased, and the plaintiffs had waited two years to seek to amend the then-pending individual matter, *see Drennan*, 622 F.3d at 297 ("disagree[ing]" that *Nelson* was "dispositive" and barred amendment).[12] In contrast, in *Drennan*,

---

[11]    While, in prior briefing, Walmart identified situations where class members may or may not be considered parties (*compare* ECF No. 195 at 4-5, *with* ECF No. 196 at 1 & n.2), the *Drennan* court limited its analysis to class member status in relation to the statute of limitations period, finding that class members were parties for this limited purpose (and not for other purposes). In turn, contrary to another of Walmart's prior arguments, *cf.* ECF No. 195 at 6 n.1, *Drennan*'s analysis for why Rule 15(c)(1)(B) applies did not implicate *China Agritech, Inc. v. Resh*, 584 U.S. 732 (2018), because *Drennan* addresses the question of additional named plaintiffs in an existing case, and not a new case.

[12]    *See Drennan*, 622 F.3d at 297-98 ("We affirmed [in *Nelson*] the District Court's dismissal of these new plaintiffs' claims as time-barred: though it was undisputed that the statute of limitations was tolled for these individuals (as well as the entire class) until the District Court denied class certification, they had waited an additional two years to add themselves as named plaintiffs in the remaining individual action, and could not satisfy Rule 15(a)(1)(C)'s requirements."; "The two plaintiffs whose claims were dismissed in *Nelson* were new parties' because, after class certification had been denied, they waited too long to seek to join the action through filing an amended complaint."); *cf. Henglein v. Colt Indus. Operating Corp. Informal Plan*, 91 F. App'x 762, 765 (3d Cir. 2004) (similar case involving late-filing plaintiffs outside the Rule 23 class action context, explaining that *Nelson* "held that 'all *three* conditions specified in

the "absent members of a class [who sought to join the suit] – at least in relation to an applicable statute-of-limitations period – [were] essentially 'parties' to the class action while a certification decision is pending." *Id.* at 298 (quoting *Am. Pipe*, 414 U.S. at 550). The same reasons support the application of Rule 15(c)(1)(B) here: absent class members that were already part of the suit (and who benefited from its tolling) sought to become named plaintiffs, and promptly moved to do so.[13]

*Third*, applying Rule 15(c)(1)(C) to the substitution of absent class members as named plaintiffs would essentially preclude relation back in class actions. As the Third Circuit explained in *Drennan*, Rule 15(c)(1)(C) requires showing a "mistake concerning the proper party's identity[,]" and so if it were applied to the substitution of named plaintiffs, the likely result would be that "an amended class complaint that adds a new named plaintiff could never relate back to the initial complaint[,]" because "the failure to name [him] as a plaintiff in the initial complaint" was not a mistake, as required by Rule 15(c)(1)(C) caselaw. *Drennan*, 622 F.3d at 298; *see also Sperling*, 145 F.R.D. at 361 n.4 ("[I]t appears that Rule 15(c) does not readily apply to the opting-in of plaintiffs to a class action" because, *inter alia*, "for the amended pleading to relate back, there must have been a mistake concerning the identity of the proper party."). "[S]uch a result fails the purpose of the class action device[.]" *Drennan*, 622 F.3d at 298.

---

Rule 15(c)(3) must be satisfied' for the claims of late-filing plaintiffs to relate back to timely-filed claims'" (quoting *Nelson*, 60 F.3d at 1014) (emphasis supplied)).

[13]    In prior briefing, Walmart relied on a district court case, *Feuerstack v. Weiner*, to argue that Rule 15(c)(1)(C) controls, but *Feuerstack* cited *Drennan* in recognizing the "incongruity of applying Rule 15(c)(1)(C)," No. 12 Civ. 4253, 2013 U.S. Dist. LEXIS 106321, at *9 (D.N.J. July 30, 2013) (including a typographical error in referencing the Rule 15(c)(1)(B) standard). Moreover, its reasoning does not apply here for the same reason that *Drennan* distinguished *Nelson*: both addressed the addition of new parties, but Plaintiff Nole is not a new party because he was an absent class member from the outset. *See Feuerstack*, 2013 U.S. Dist. LEXIS 106321, at *10 (seeking to expand state class nationwide); *Drennan*, 622 F.3d at 297-98.

In reaching this conclusion, the Third Circuit quoted the Seventh Circuit's reasoning that:

> Relation back to add named plaintiffs in a class action suit is of particular importance because of the interests of the unnamed class members. Suppose Mr. X files a class action and after the statute of limitations has run the defendant settles with X. If a named plaintiff cannot be substituted for X with relation back to the date of the filing of the original complaint, the class will be barred from relief.

*Id*. (quoting *Phillips*, *v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006)).  Thus, named plaintiff substitution – which is a well-established and routine part of class action litigation[14] – can only be effectuated by allowing relation back under Rule 15(c)(1)(B), rather than Rule 15(c)(1)(C).

Ultimately, in *Drennan*, the Third Circuit put forth a strong case for why Rule 15(c)(1)(B) and not Rule 15(c)(1)(C) should govern the substitution of class representatives, and definitively rejected the argument that *Nelson* is controlling.  Walmart has provided no Third Circuit appellate authority to question *Drennan*'s analysis or policy rationales.  If the Court finds Rule 15 relation back the proper vehicle to analyze the proper temporal scope of the pleadings at this time, subsection (c)(1)(B), and not (c)(1)(C), is the correct vehicle for analyzing Plaintiff Nole's substitution.

### 3.    Application of Rule 15(c)(1)(B) Warrants a Determination That Plaintiff Nole's Claims Relate Back to the Original Complaint.

Applying Rule 15(c)(1)(B), Plaintiff Nole can stand in the shoes of the original plaintiffs because his claims arose out of the same "conduct, transaction, or occurrence set out . . . in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B); *see also supra* note 9.

Here, Plaintiff Nole's claims in the Third Amended Complaint relate back to those in the original complaint under Rule 15(c)(1)(B) because there is a "common core of operative facts in

---

[14]    *See* ECF No. 193, at 36 (Special Master stating that "[a]fter dedicating substantial judicial resources to this case . . . it would be inefficient to force a second case to be filed, especially in light of the seemingly universal allowance of substitution of lead plaintiffs due to genuine issues" (quoting *Wilson v. Quest Diagnostics Inc.*, No. 18 Civ. 11960, 2020 U.S. Dist. LEXIS 13190, at *8-9 (D.N.J. Jan. 24, 2020))).

the two pleadings." *Anderson v. Bondex Int'l, Inc.*, 552 F. App'x 153, 157 (3d Cir. 2014) (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)); *Bensel*, 387 F.3d at 310 (stating (c)(1)(B) standard); *EEOC v. Westinghouse Elec. Corp.*, 869 F.2d 696, 704 (3d Cir. 1989) (same), *vacated on other grounds*, 110 S. Ct. 37 (1989). This is because, regardless of amendment, Plaintiffs' disparate impact case will continue to focus on Walmart's "hiring procedures and specifically its policy of screening job applicants' criminal history, which Plaintiffs allege violates Title VII by disproportionately denying employment to Black . . . applicants." *Ramos v. Walmart, Inc.*, No. 21 Civ. 13827, 2023 U.S. Dist. LEXIS 34786, at *10 (D.N.J. Mar. 2, 2023).

Plaintiff Nole's substitution into this case "doesn't change the scope of the claims asserted by the original Complaint." *KPH Healthcare Servs.*, 2022 U.S. Dist. LEXIS 140848, at *61; *see* ECF No. 193, at 21 ("Plaintiffs are not seeking to add any new claims."); *Phillips*, 435 F.3d at 787 (stating that substitution should be readily allowed before class certification because "the case is not yet a class action" and so "substitution for the named plaintiffs is allowed"); *Bensel*, 387 F.3d at 310 ("The additional purported breaches particularized in the [amended] Complaint derive directly from the factual circumstances adumbrated in the original Complaint. This conclusion is buttressed by the lack of any resulting disadvantage or prejudice to [defendant], who by virtue of the original Complaint was undoubtedly aware of general fact situation and legal theory upon which the Class sought to hold it liable."); *Kirchner*, 2023 U.S. Dist. LEXIS 51326, at *8 (finding new named plaintiff's claims related back to original complaint because he "was a member of a class described in the complaint" and favorably citing *Drennan* to argue new named plaintiff was an absent class member – and thus a party – in original complaint). Moreover, Walmart has "had fair notice of the general fact of the situation and legal theory" outlined in both pleadings. *Bensel*, 387 F.3d at 310 (citing *Michelsen v. Penney*, 135 F.2d 409, 416-17 (2d Cir. 1943)); *Carson*, 1998

U.S. Dist. LEXIS 6903, at *37 (granting motion to amend and substituting new plaintiffs when defendant was on notice of new named plaintiffs' claims through original complaint); *see also infra* note 16 (Special Master Wolfson finding Walmart conceded notice).

Once Rule 15(c)(1) is satisfied, a substitute plaintiff's claims *necessarily* relate back to the original complaint. *See* Fed. R. Civ. P. 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when [the requirements of a subsection are met] . . . ."); *see also Krupski*, 560 U.S. at 553 (stating "once the Rule's requirements are satisfied," relation back is "mandate[d]"); *Bensel*, 387 F.3d at 310 ("In accordance with the general theory of liberalized pleading in the federal system, Rule 15(c) is premised on the notion that a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading."); 6A Wright, Miller, et al., *Federal Practice & Procedure* § 1496 (3d ed.) ("Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations . . . .").

### B. *American Pipe* Determines the Statute of Limitations Period, and Thus the Temporal Scope of the Class Period and/or Claims.

Special Master Wolfson also erred in declining to apply *American Pipe* to the temporal scope analysis of the pleadings (if the Rule 15 analysis is not adopted) and/or the class period for the pre-certification putative class (under one potential reading of the opinion), *see infra* IV(C). Effectuating *American Pipe* tolling requires that the similar claims of substitute named plaintiffs relate back to the filing of the original named plaintiff(s) charge or complaint. Otherwise, the substitution of a named plaintiff would lead to a shorter statute of limitations, which is inconsistent with the principle that the claims of all class members were tolled by filing the original complaint.

15

Under *American Pipe* tolling, the "commencement of a class action suspends the applicable statute of limitations" for putative class members. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983); *see also* ECF No. 193, at 34-35 (Special Master Wolfson outlining *American Pipe* tolling). "Once the statute of limitations has been tolled, it remains tolled for *all members* of the putative class until class certification is denied" or there otherwise is a final adverse action. *Crown*, 462 U.S. at 354 (emphasis supplied).

The Third Circuit has applied the *American Pipe* doctrine in the context of named plaintiff substitution, and that reasoning is controlling here. *See Haas v. Pittsburg National Bank*, 526 F.2d 1093, 1097-98 (3d Cir. 1975); *cf. Drennan v. PNC Bank, NA*, 622 F.3d 275, 299 (3d Cir. 2010) ("[E]ven assuming an amended pleading adding a class member as a new named plaintiff could not relate back under Rule 15(c), the 'class action tolling' doctrine . . . may come into play").[15]  In *Haas*, the Third Circuit held that the amendment to add in a new substitute named plaintiff "relate[d] back to" the original plaintiff's initial filing of the complaint by operation of *American Pipe* tolling, which "tolled the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."  526 F.2d at 1096-98 ("The amendment of the complaint by the addition of Equibank cardholder Mitchell, therefore, relates back to the initial filing of the complaint on November 13, 1972.").

District courts, either through reliance on *Haas* or the underlying doctrine, have similarly applied *American Pipe* under circumstances such as those presented in this case. *See Cal. Pub. Emps. Ret. Sys. v. Chubb Corp.*, No. 00 Civ. 4285, 2002 U.S. Dist. LEXIS 27189, at *89-90, *93

---

[15]    *Drennan* cited *Haas* with approval, *see* 622 F.3d at 299, but did not fully rely on it because *Drennan* dealt with the different situation (not presented here) of whether a complaint filed by objectors in one action could relate back to a complaint in the consolidated action to which they objected, *see id.* at 280-81, 285, 288, 295, 297, 298-300, raising arguments that simply implicate different concerns, *see id.* at 299.

(D.N.J. June 25, 2002) (relying on *Haas* to grant tolling of substitute plaintiffs who could represent class for entire period, and collecting cases holding "that *American Pipe* is appropriately applied to motions to amend complaints to substitute a proper class representative with standing prior to a decision on class certification"); *Samora v. Chase Dennis Emergency Med. Grp., Inc.*, No. 20 Civ. 2027, 2021 U.S. Dist. LEXIS 220368, at *7 (N.D. Cal. Nov. 15, 2021) (on a motion to amend to add an additional named plaintiff, explaining that "[i]t is not clear that the Court need reach the relation back doctrine" where "[t]he court has not denied a motion for class certification, and Defendants admit that [the proposed additional named plaintiff] is a member of the putative class, so the filing of this class action tolled the statute of limitations on [proposed additional named plaintiff's] claims [under *American Pipe*] as long as they were asserted in the operative pleading"); *Brockman v. Sat, Inc.*, No. 97 Civ. 462, 1997 U.S. Dist. LEXIS 24280, at *25 (W.D. Mo. Oct. 23, 1997) ("Furthermore, the underlying policy of *American Pipe*, favors allowing parties to relate class action claims back to original complaints.").

Here, there is no credible dispute that Plaintiff Nole was and is a proposed class member, and thus he properly benefits from the operation of *American Pipe*. *See* ECF No. 166-3 (Third Am. Compl.) ¶ 100 (defining proposed nationwide class as "All Black individuals nationwide who, during the relevant statute of limitations period, were denied employment at Walmart based in whole or in part on their criminal history"). Plaintiff Nole filed his own EEOC charge of discrimination in an abundance of caution, but this filing does not alter the analysis because it did not interrupt the effect of *American Pipe* tolling. While filing a charge serves the separate purpose in a Title VII case of administrative exhaustion, in the Third Circuit "a single EEOC charge alleging class-wide discrimination satisfies the exhaustion requirement for all class plaintiffs because it achieves the EEOC goals of notice and conciliation." *Ruehl v. Viacom, Inc.*, 500 F.3d

375, 386 (3d Cir. 2007) (citations omitted); *see also* ECF No. 193, at 25 n.20; ECF No. 183, at 2-

7.  That is precisely the situation presented here.[16]

Neither Plaintiffs nor Walmart have identified any Third Circuit Court of Appeals case that

cuts off the Title VII class period because of a subsequently filed charge.  Such a ruling would

make little practical sense because the purpose of requiring a charge to be filed (notice and

conciliation) has already been achieved by the first filed charge (and would conflate administrative

exhaustion with tolling).[17]  As the Eleventh Circuit explained in *Larkin v. Pullman-Standard Div.,*

*Pullman*, allowing a plaintiff to rely on the earliest filed charge of discrimination even when other

charges have been filed, is "fair to the employer, in that it turn[s] on his receiving adequate notice,"

and "advance[s] judicial economy by ensuring that all the claims of employees discriminated

against in similar fashion [are] heard in a single action."  854 F.2d 1549, 1564 (11th Cir. 1998)

(remanding after district court failed to rely on earliest-filed viable charge); *see Dukes v. Wal-Mart*

*Stores, Inc.*, No. 01 Civ. 2252, 2012 U.S. Dist. LEXIS 135554, at *26-27 (N.D. Cal. Sept. 21,

---

[16]    While it would be difficult to argue otherwise, Special Master Wolfson found notice was provided by Plaintiff Johnson's "earlier filed EEOC charge."  ECF No. 193, at 25 n.20.

[17]    A contrary rule would also frustrate the purposes of the statute because it would put absent class members in an untenable bind to the extent they have additional claims not covered by the class charge, that they wished to pursue, that required separate administrative exhaustion (for example, individual age, sex, or disability claims, in addition to class-wide race discrimination claims).  The rule Walmart advocates for would mean that, by filing their own charge to preserve those separate claims, class members would thus limit their ability to be substitute or additional class representatives.  This would frustrate the substantive provisions of Title VII, and is simply not how Title VII class actions work.  *E.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2015 U.S. Dist. LEXIS 100852, at *12 (S.D.N.Y. Aug. 3, 2015) (granting intervention of new plaintiffs, while noting "it is common to permit intervention in a class action in order to cure some deficiency in the ability of the named plaintiffs to represent the class" (collecting cases)), *adopted*, 2016 U.S. Dist. LEXIS 197579 (S.D.N.Y. June 6, 2016); *id.*, ECF No. 411 ¶¶ 31-32 (Aug. 3, 2015) (Second Amended Complaint) (noting that one plaintiff filed charge in 2005 and one in 2010); *id.*, ECF No. 486 (Supp. Compl.) ¶¶ 13-15 (noting a named plaintiff filed additional retaliation charge with EEOC); *Chen-Oster v. Goldman, Sachs & Co.*, 325 F.R.D. 55, 63, 84 (S.D.N.Y. 2018) (granting certification of classes stretching back to 2002 and 2004, with all named plaintiffs included as class representatives).

2012) ("Once the train has left the station, the conductor does not return every now and then to make sure that the person who bought the group ticket remains on the train until the last stop. That would serve no purpose where, as here, Odle's decision to bring a separate action no more unrung the notice bell or made conciliation more likely in this 2001 suit than did her dismissal from the position of named plaintiff.); *see also Rupert v. PPG Indus.*, No. 07 Civ. 705, 2009 U.S. Dist. LEXIS 131493, at *6 (W.D. Pa. Feb. 27, 2009) (defining scope of class period, in ADEA case, as "300 days preceding the earliest-filed representative charge"); *Sperling*, 145 F.R.D. at 363, (rejecting defendant's argument that filing of consent forms in ADEA case interrupts tolling under *American Pipe* because "filing of consent forms does not" impact or "necessarily strain judicial resources because they necessitate separate judicial determinations").[18]

### C.    Special Master Wolfson Did Not Decide That *American Pipe* is Not Applicable at Class Certification.

Arguably, Special Master Wolfson did not rule *definitively* on the issue of the applicability of *American Pipe* to the temporal scope of any certified class because her statements were part of an effort to determine the proper analytical framework, and she ultimately deferred the issue to class certification. *See* ECF No. 193 at 38 ("But, I also disagree with Plaintiffs' contention that *American Pipe* necessarily resolves the scope issue. The dispute here does not concern whether Nole's claims were untimely and tolled under *American Pipe* to allow his substitution as a named plaintiff. Instead, the key question is whether Nole, whose claims are timely, can represent the

---

[18]    Courts have also explained that all eligible class members may recover regardless of whether they filed a charge. *See Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 919 (7th Cir. 1976) (instructing that "relief should be made available to all who were so damaged, whether or not they filed EEOC or comparable state agency charges and whether or not they joined in the suit") (cleaned up); *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 721 (7th Cir. 1969) (explaining that "relief should be made available to all who were so damaged whether or not they filed charges and whether or not they joined in the suit"). This further illustrates that once exhaustion and conciliation occur for the class, the actions other class members or plaintiffs take regarding filing (or not filing) charges of discrimination are, practically speaking, irrelevant.

class based on Named Plaintiffs' earlier EEOC charges."); ECF No. 197 at 4 n.3 ("Plaintiffs reiterate their argument based on the *American Pipe* tolling doctrine as an additional basis that Nole's claims as substitute plaintiff relate back to the Named Plaintiffs' EEOC charges. (*See* ECF No. 194 at 11–15.) Because I have already found that *American Pipe* does not answer the question at issue, I will not revisit that discussion here."), at 7 ("Accordingly, because I find that the determination of the temporal scope issue is inextricably intertwined with class certification, I recommend deferring the resolution until that juncture. Moreover, resolving issues stemming from class certification at this time, including the scope of the class, is beyond my authority as the discovery special master."; "To be clear, although I am not addressing the scope of the putative class here . . . .").

Nonetheless, should the Court view this as a ruling for purposes of the law of the case, Plaintiffs respectfully request that the R&Rs be modified to preserve their ability to make *American Pipe* arguments at class certification, if needed. Plaintiffs believe such a modification is warranted for three related reasons. *First*, it is consistent with the intent and spirit of the R&Rs to allow the parties to fully flesh out the issue in the context of class certification – and the most efficient option for the Court. *See also* Fed. R. Civ. P. 1. *Second*, it is unfair and potentially prejudicial to Plaintiffs to foreclose one argument available to them as to an issue that has not yet been decided. *Third*, as discussed above, on the merits, *American Pipe* tolling informs at class certification the proper temporal scope of any class to be certified.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs conditionally object to the R&Rs.

Dated: April 7, 2025

Respectfully submitted,

*/s/ Gregory Chiarello*

**OUTTEN & GOLDEN LLP**
Adam T. Klein*
Gregory Chiarello
Christopher M. McNerney*
Eliana J. Theodorou*
Jarron D. McAllister*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Email: atk@outtengolden.com
Email: gchiarello@outtengolden.com
Email: cmcnerney@outtengolden.com
Email: etheodorou@outtengolden.com
Email: jmcallister@outtengolden.com

**OUTTEN & GOLDEN LLP**
Ossai Miazad*
Daniel S. Stromberg*
Pooja Shethji*
1225 New York Avenue NW
Suite 1200B
Washington, D.C. 20005
Telephone: (202) 847-4400
Email: om@outtengolden.com
Email: dstromberg@outtengolden.com
Email: pshethji@outtengolden.com

**YOUTH REPRESENT**
Michael C. Pope*
Shomari Ward*
Simratpal Kaur*
11 Park Place, Suite 1512
New York, New York 10007
Telephone: (646) 759-8080
Email: mpope@youthrepresent.org
Email: sward@outthrepresent.org
Email: skaur@youthrepresent.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs and the Putative Classes*

21

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory Chiarello, hereby certify that on April 7, 2025, I caused a true and correct copy

of the foregoing document to be served upon all counsel of record via the CM/ECF system.

<u>*/s/ Gregory Chiarello*</u>
Gregory Chiarello