<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE RAMOS and EDWIN JOHNSON, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-13827(BRM)(AME) |
| Plaintiffs, | **OPINION** |
| v. | |
| WALMART INC., | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are objections to two related Report and Recommendations ("R&R") by

Special Master Freda L. Wolfson, U.S.D.J. (ret.) ("Judge Wolfson"),[1] dated January 31, 2025 (ECF

No. 193) (the "January 31 R&R")[2] and March 17, 2025 R&R (ECF No. 197) (the "March 17

---

[1] On April 27, 2023, the Court *sua sponte* appointed Judge Wolfson pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), to serve as special master, with authority "coextensive with that of a Magistrate Judge pursuant to District of New Jersey Local Civil Rule 72.1" to "resolve all discovery disputes and discovery-related motions, according to the procedures that the [s]pecial [m]aster may establish and modify as necessary." (ECF No. 156 at 6 ¶¶ 4–5.)

[2] Judge Wolfson recommended granting Plaintiffs Jacqueline Ramos ("Ramos") and Edwin Johnson's ("Johnson") (together, the "Named Plaintiffs") request (ECF No. 166) to approve the substitution of John Nole ("Nole") and Rahshan Paige ("Paige") (together, the "Proposed Plaintiffs") (collectively, the "Plaintiffs") as new named plaintiffs. (ECF No. 193.) She reserved judgment on whether Nole can represent the class temporally defined by the Named Plaintiffs' earlier-filed EEOC charges and requested supplemental briefing on the issue (*id.* at 39), which the parties filed (ECF No. 194–96).

R&R") (together, the "R&Rs"),[3] respectively.

Defendant Walmart Inc. ("Defendant") filed an objection to the January 31 R&R. (ECF No. 198.) Plaintiffs filed a response (ECF No. 201), and Defendant filed a reply (ECF No. 203).

Plaintiffs filed conditional objections to both the January 31 R&R and the March 17 R&R. (ECF No. 199.) Defendant filed an opposition (ECF No. 200), and Plaintiffs filed a reply (ECF No. 202).

In October 2025, Plaintiffs filed a notice of supplemental authority citing *Cabrera v. Oliphant Financial, LLC*, Civ. A. No. 23-22466, 2025 WL 2092305 (D.N.J. July 25, 2025) in support of their motion to amend. (ECF No. 206.) Defendants responded, arguing *Cabrera* supports its position that Plaintiffs' motion to amend should be denied. (ECF No. 207.)

Having reviewed and considered the parties' submissions filed in connection with the R&Rs and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b), for the reasons set forth below and for good cause having been shown, the parties' objections are **OVERRULED**, and the R&Rs (ECF Nos. 193, 197) are **ADOPTED**. Plaintiffs' motion for leave to file a third amended complaint (ECF No. 166) is **GRANTED** as recommended in the R&Rs, and resolution of the temporal scope issue is **DEFERRED** to the class certification stage.

I.    **BACKGROUND**

The factual and procedural backgrounds of this matter are well known to the parties and were previously recounted by the Court in its prior opinions: (1) granting the Named Plaintiffs' Motion to Quash Employer Subpoenas (ECF No. 140), (2) denying Defendant's Motion for Partial

---

[3] Following supplemental briefing, Judge Wolfson recommended that because the temporal scope issue of Nole's representation is intertwined with class certification, resolution of that issue should be deferred until the class certification stage. (ECF No. 197.)

2

Judgment on the Pleadings (ECF No. 79), (3) granting the Named Plaintiffs' Cross-Motion for Partial Judgment on the Pleadings (ECF No. 86), and (4) affirming Judge Wolfson's July 3, 2024 order (ECF No. 175). Accordingly, the Court will address only the procedural history associated with this appeal.

On July 19, 2021, Ramos initiated this proposed class action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD") on behalf of Black and Latinx individuals seeking employment at Walmart. (ECF No. 1.) On September 23, 2021, before Defendant entered an appearance, the original complaint was amended as of right, and Johnson was added as a proposed Title VII class representative. (ECF No. 16.) Subsequently, the parties jointly stipulated to the filing of a Second Amended Complaint ("SAC"), which added claims based on the Pennsylvania Criminal Information Act ("CHRIA").[4] (ECF No. 31.) The SAC alleged that Defendant's criminal history screening policy was too broad, failing to account for evidence of rehabilitation or mitigation circumstances, disparately impacting Black and Latinx applicants, who are "significantly over arrested, convicted, and incarcerated in the United States." (ECF No. 34 ¶¶ 2–3.) The Named Plaintiffs claim that "denying employment to applicants with old and unrelated convictions is an unwarranted stigmatization and unreasonable restriction on the economic opportunities of such minority populations" in violation of Title VII, the NJLAD, and the CHRIA. (*Id.* ¶¶ 3, 13.) Accordingly, the Named Plaintiffs bring claims on behalf of the class alleging that Defendant's criminal history screening policy disproportionately excludes Black and Latinx applicants who are otherwise qualified for employment. (*Id.* ¶ 12.)

---

[4] On December 14, 2021, the Hon. André M. Espinosa, U.S.M.J., approved the joint stipulation regarding the filing of the SAC. (ECF No. 32.)

On June 6, 2024, Plaintiffs moved to file a Third Amended Complaint ("TAC") (ECF No. 166), because the Named Plaintiffs sought to withdraw from the case for "personal reasons" (ECF Nos. 166-6 ¶¶ 5–6, 166-9 ¶ 6). Plaintiffs moved to amend in order to: (1) substitute in the Proposed Plaintiffs as new named plaintiffs and putative class representatives, and (2) narrow the scope of the class to only Black applicants. (ECF. No. 166-3.)[5]

Defendant opposed, contending that the Proposed Plaintiffs' Title VII claims were futile because neither Paige nor Nole filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 179.) Defendant asserted that they therefore could not invoke the Single Filing Rule.[6] (*Id.*) After Nole filed an EEOC charge on October 22, 2024, while Plaintiffs' motion to amend was pending, Defendant alleged that Nole's involvement in this suit should be limited to his individual claim, and that Nole was restricted to potentially representing the class of persons who have claims occurring within 300 days prior to his EEOC charge, rendering Nole's representation of a class extending back to 2019 futile. (ECF No. 180.)

**A.  January 31, 2025 Report and Recommendation (ECF No. 193)**

Judge Wolfson addressed Plaintiffs' third motion to amend in a report filed January 21, 2025. (ECF No. 193.) Plaintiffs sought to substitute the two Proposed Plaintiffs, or, in the alternative, the Proposed Plaintiffs sought to intervene. (ECF No. 166.) The proposed pleading

---

[5] Defendant sought discovery regarding the Named Plaintiffs' withdrawal, which Judge Wolfson denied. (ECF No. 171.) Defendant filed an appeal, which this Court denied. (ECF Nos. 175–76.)

[6] To invoke the Single Filing Rule, the putative plaintiff must first show that a timely charge with the EEOC was filed by a class representative that gave the employer notice regarding the alleged class-wide discrimination. *Evans v. Port Auth.*, Civ. A. No. 06-3239, 2007 WL 3071808, at *12 (D.N.J. Oct. 18, 2007). Second, the plaintiff must also establish that the filed action is "on behalf of others similarly situated, or in other words is a class action." *Id.*

also narrowed the membership of the Title VII and NJLAD disparate impact classes from Black and Latinx applicants to Black applicants alone. (*Id.*) Plaintiffs did not otherwise seek to change any substantive counts of the operative complaint; therefore, Judge Wolfson only addressed the appropriateness of the substitution of the Proposed Plaintiffs, or, alternatively, their addition as intervenors. (ECF No. 193 at 1–2.)

Following a December 6, 2024 hearing on the motion to amend, Judge Wolfson ordered supplemental briefing on (1) whether the Proposed Plaintiffs could piggyback on Johnson's earlier EEOC charge; and (2) the interplay between *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) and Nole's timely EEOC charge.[7] (ECF No. 193 at 26.) The parties submitted their supplemental briefings on December 16, 2024. (ECF Nos. 183, 184.)

Judge Wolfson's January 31 R&R recommended granting Plaintiffs' Motion to Amend because the motion implicated none of the three instances from *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.* where a court typically may exercise discretion in denying leave to amend if (1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party.[8] (ECF No. 193 at 12 (citing 839 F.3d 242, 249 (3d Cir. 2016)).) The January 31 R&R also

---

[7] In *American Pipe*, the U.S. Supreme Court held that where class action status was denied solely because of the purported class representative's failure to demonstrate that joinder of all members was not practical, the commencement of the original suit tolled the running of the statute for all members of the class who made timely motions to intervene after the court denied class action status. 414 U.S. at 553–54.

[8] Undue delay assesses whether the party seeking leave to amend has inexcusably failed to take advantage of previous opportunities to amend, resulting in unfair burdens to the court and opposing party. *Arthur v. Maersk Inc.*, 434 F.3d 196, 204 (3d Cir. 2005). Futility means that the pleading, as amended, would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the

addressed the application of *American Pipe* to Nole, ultimately finding that "[t]he dispute here does not concern whether Nole's claims were untimely and tolled under *American Pipe* to allow his substitution as a named plaintiff." (*Id.* at 38.) Judge Wolfson ordered the parties to file additional briefing regarding the concept of relation back under Rule 15(c) and if Third Circuit caselaw answered the issue of whether Nole could represent the class temporarily defined by Named Plaintiffs' EEOC charges. (*Id.*)

Plaintiffs filed a supplemental brief as to the relation back doctrine, arguing: (1) Rule 15(c)(1)(B) governs relation back for named plaintiff substitution; and (2) Nole's claim relates back to the filing of the original complaint, satisfying the tolling doctrine articulated in *American Pipe*. (ECF No. 194.) Defendant filed its brief in opposition to Plaintiffs' supplemental brief, alleging: (1) whether Nole's claims relate back to Johnson and Ramos's EEOC charges is a class scope issue properly determined at class certification; (2) Rule 15(c)(1)(C), not Rule 15(c)(1)(B), governs the application of the relation-back doctrine because Nole is a new plaintiff; and (3) Nole cannot meet the requirements of Rule 15(c)(1)(C).[9] (ECF No. 195.) On March 7, 2025, Plaintiffs filed a reply brief in support of their supplemental brief, reiterating that: (1) *American Pipe*

_____

resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

[9] Rule 15(c)(1)(C) states that an amendment relates back to the date of the original pleading when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity.

independently requires relation back; (2) the proper scope of the class will be defined at class certification; and (3) the relevant rule is Rule 15(c)(1)(C). (ECF No. 196.)

### B.  March 17, 2025 Report and Recommendation (ECF No. 197)

On March 17, 2025, following review of the supplemental briefing, Judge Wolfson filed the March 17 R&R addressing the substantial temporal scope issue—whether Nole could represent the putative class based on Named Plaintiffs' earlier-filed EEOC charges. (ECF No. 197.) Judge Wolfson found this issue was best reserved for class certification under Rule 23, which governs class actions, because determining the scope of a class is a factual inquiry in connection with weighing Rule 23 factors. (*Id.* at 1–2.) Judge Wolfson recommended deferring resolution of this issue until after class discovery was completed and the issue was fully presented on a motion for class certification. (*Id.* at 2.) She noted that her prior recommendation, that substitution of the Proposed Plaintiffs is proper, still stands. (*Id.* at 7.)

### C.  Defendant's Objections to the January 31 R&R

Defendant argues: (1) Plaintiffs should have had to satisfy Rule 16(b)(4)'s "good cause" requirement for modification of a scheduling order, because they seek "significant" amendments to the [SAC] two years after the deadline for amendment of pleadings; and (2) Judge Wolfson's Rule 16 analysis "misapplies the good cause standard" because that interpretation of Rule 16 "would allow endless amendments with no limiting principle whatsoever."[10] (ECF No. 198 at 1.) Defendant asks this Court to decline to adopt the January 31 R&R and deny Plaintiffs' Motion to Amend. (*Id.* at 2; *see also* ECF No. 203.)

---

[10] Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent."

Plaintiffs filed a Response to Defendant's objections, contending the Court has repeatedly held the standard for good cause under Rule 16 does not encompass plaintiffs' personal reasons for withdrawal because "the timeline of when information became known—and not the substance of the information itself—is what constitutes a Rule 16(b) 'good cause' inquiry." (ECF No. 201 at 1.) Plaintiffs argue the Court should overrule Defendant's objections because: (1) "Rule 16 need not even apply in this situation because the original scheduling order that set the original deadline has been rendered inoperative and stale by subsequent actions and the parties' own understanding of discovery"; (2) "even if Rule 16 applies here, Special Master Wolfson correctly determined that good cause exists because Plaintiffs diligently sought to amend promptly after they learned of the [Named Plaintiffs'] decisions to withdraw"; and (3) "even if the Court disagreed and found good cause was not present here, [Proposed] Plaintiffs . . . would be entitled to intervene under Rule 24 . . . because good cause is not an element of the standard for either mandatory or permissive intervention." (*Id.* at 2.)

### D.  Plaintiffs' Conditional Objections (ECF Nos. 199 and 200)

Plaintiffs conditionally objected to Judge Wolfson's R&Rs, contending: (1) Judge Wolfson effectively decided the relation back issue already, or should have done so either under Rule (c)(1)(B) or *American Pipe*; (2) *American Pipe* determines the statute of limitations period, and thus the temporal scope of the class period and/or claims; and (3) Judge Wolfson did not decide that *American Pipe* is inapplicable at class certification. (ECF Nos. 199, 202.)

Defendant filed an Opposition to Plaintiffs' Conditional Objections, arguing that Plaintiffs' requests are irrelevant to the question before the Court—whether Plaintiffs may file their Third Amended Complaint. (ECF No. 200 at 1.) Defendants contend Plaintiffs urge the Court to decide the issue regarding the scope of any future class prematurely and unnecessarily, and that the Court

8

should recognize this relief "would encroach upon class certification issues, and challenge rules prohibiting advisory opinions." (*Id.*) Defendant also urges the Court to inquire into the reasons why the original Named Plaintiffs withdrew, citing the legal standard for good cause under Rule 16.[11]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 53(a)(1)(C), the Court may appoint a Special Master to "address pretrial and posttrial matters." Fed. R. Civ. P. 53(a)(1)(C). The Special Master must report his findings to the court that appointed him and serve a copy of his findings on each party. Fed. R. Civ. P. 53(e). Parties may file objections to the Special Master's order, report, or recommendations. Fed. R. Civ. P. 53(f)(2). "Motions to amend are usually considered non-dispositive motions." *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001). The Federal Magistrates Act ("FMA") provides that regarding non-dispositive motions, "a District Court may reverse a Magistrate Judge's determination only if it is 'clearly erroneous or contrary to law.'" *Id.*

Pursuant to the Order Appointing Special Master dated April 21, 2021, any decisions of the Special Master are to be reviewed under the same standard as a decision of a magistrate judge. (ECF No. 128 ¶ 3 ("The Special Master's decision resolving any dispute may be appealed to Judge Martinotti in the same manner . . . as a decision of a Magistrate Judge, following Local Civil Rule 72.1(c)(1) and Rule 53(f)(3)-(5).")). Accordingly, the Court applies the same standard as it would in reviewing an appeal from a magistrate judge's decision. *See, e.g., In re Mercedes-Benz Emissions Litig.*, Civ. A. No. 16-881, 2020 WL 487288, at *4 (D.N.J. Jan. 30, 2020); *United States ex rel. Simpson v. Bayer A.G.*, Civ. A. No. 05-3895, 2021 WL 363705, at *3 (D.N.J. Feb. 2, 2021).

---

[11] *But see supra* note 4.

With respect to a district judge's review of a magistrate judge's decision, Rule 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, Local Civil Rule 72.1(c)(1)(A) provides "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days" and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function").

The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an

10

even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 2770980, at *1 (D.N.J. Sept. 22, 2006); *Callas v. Callas*, Civ. A. No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. A. No. 15-3271, 2018 WL 3993449, at *3 (D.N.J. Aug. 21, 2018) (same). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" *Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III.    DECISION

### A.  Defendant's Objection

Defendant argues in its April 7, 2025 objection to the January 31 R&R: (1) Plaintiffs should have had to satisfy Rule 16(b)(4)'s "good cause" requirement for modification of a scheduling order, because Plaintiffs seek "significant" amendments to the SAC two years after the deadline for amendment of pleadings; and (2) Judge Wolfson's Rule 16 analysis "misapplies the good cause standard" because that interpretation of Rule 16 "would allow endless amendments with no limiting principle whatsoever." (ECF No. 198 at 1.) The Court addresses each in turn.

Defendant contends that Third Circuit law requires application of Rule 16's good cause standard, and that declining to apply this standard contravenes a pronouncement made by the Third Circuit in *Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020): "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies." (*Id.* at 5, 7.) The Court need not

11

resolve this question because Judge Wolfson nonetheless determined that "good cause" exists. (*See* ECF No. 198 at 16–20.)

Assuming application of Rule 16, Defendant argues Plaintiffs have not satisfied the rule's good cause standard. (ECF No. 198 at 8.) Defendant alleges: (1) Rule 16 requires that parties and their counsel provide evidence they were diligent in seeking amendment, and Plaintiffs did not; (2) Judge Wolfson relied on Rule 15's leniency to dismiss Walmart's arguments under the "more stringent" Rule 16; and (3) the January 31 R&R's formulation of the good cause standard is mistaken, and if allowed to stand, would lead to impractical results. (*Id.* at 8–11.) None of these arguments satisfy the clear error standard.

Judge Wolfson discussed the possible application of Rule 16's "good cause" standard at length in the January 31 R&R. (*See* ECF No. 198 at 16–20.) She stated: "While my determination is sufficient under Rule 15, I will, for completeness, also address Defendant's diligence arguments that it made under Rule 16." (*Id.* at 16.) In reviewing Plaintiffs' diligence—a key component of "good cause"—*Premier Comp. Sols., LLC v. UPMC*, 970 F.3d at 319, Judge Wolfson determined that "nothing suggests" that Plaintiffs' counsel knew or was suspicious of "the facts giving rise to the proposed amendment prior to the amendment deadline." (*Id.* at 17.) Moreover, given the lack of "any evidence of fraud on the Court," Judge Wolfson concluded that she need not doubt the sworn representation made by Johnson's counsel that "counsel could not have anticipated Johnson's withdrawal earlier" given his role as an "officer of the Court." (*Id.*) Judge Wolfson also rejected Defendant's argument that "Plaintiffs' counsel['s] determin[ation] that the Latinx class claim was not viable and advi[ce] [that] Ramos . . . withdraw" meant that "counsel should have recognized [the need to amend] sooner in the litigation." (*Id.* at 18.) Indeed, Judge Wolfson explained that "whether the Latinx class could have been dismissed earlier is not

12

relevant" because the focus is "solely on whether the substitutions could have occurred at an earlier time." (*Id.*) Furthermore, Judge Wolfson rejected Defendant's policy arguments by making clear once again that what matters, "pursuant to Rule 16," is "*when*" the purported reason for amendment arose. (*Id.* at 18 (emphasis in original) (citing *Ramos v. Walmart Inc.*, Civ. A. No. 21-13827, 2024 WL 3456218, at *2 (D.N.J. July 17, 2024), *aff'd*, Civ. A. No. 21-13827, 2024 WL 4318603 (D.N.J. Sept. 24, 2024)).) Simply put, under the standard of review applicable here, Judge Wolfson properly granted leave to amend given her determination that Plaintiffs had shown the existence of "good cause."

Both parties filed Notices of Supplemental Authority, arguing that *Cabrera* affirms their position. (*Compare* ECF No. 206 (citing 2025 WL 2092305), *with* ECF No. 207 (same).) First, *Cabrera* is not binding on this Court. *Intimateco LLC v. Apparel Distribution, Inc.*, Civ. A. No. 23-1759, 2023 WL 7986336, at *2 n.3 (D.N.J. Nov. 17, 2023) ("[T]his Court is only bound by precedents of the Supreme Court of the United States [and] the U.S. Court of Appeals for the Third Circuit[] . . . on matters of [federal] law . . . ."). Second, the Rule 16 "good cause" analysis in *Cabrera* hinges on "dilligen[ce]" and "timel[iness]." 2025 WL 2092305, at *2–3. These factors must be assessed in context. *See, e.g., id.* at *2. Here, as already discussed, Judge Wolfson concluded that Plaintiffs exercised due diligence. Additionally, while Defendant is correct that "it was not until nearly two years after the amendment deadline that Plaintiffs moved for leave to amend their Second Amended Complaint," that two-year span is not dispositive with respect to timeliness. (ECF No. 207 at 2.) Again, as already discussed, Judge Wolfson determined that after counsel learned of the facts giving rise to the proposed amendment arose, namely the Named Plaintiffs' "personal reasons," counsel promptly notified Defendant of their decision to do so. (ECF No. 193 at 14–15 ("Based on the record before me, Plaintiffs' counsel filed the motion

13

very shortly after they became aware that both Johnson and Ramos sought to withdraw from suit for personal reasons.")

Because Defendant has failed to establish that Judge Wolfson's determination that good cause exists was clearly erroneous or contrary to law, Walmart's objections are therefore **OVERRULED** and Judge Wolfson's January 31 R&R is **AFFIRMED**.

## B. Plaintiffs' Conditional Objections

Plaintiffs request the Court rule relation back is proper under *American Pipe* and/or Rule 15(c)(1),[12] and, depending on the outcome of this issue, Plaintiffs also request a ruling that either: (1) the R&Rs preserved Plaintiffs' ability to brief, at the class certification stage, the relevance of *American Pipe*; or (2) that the R&Rs are modified to preserve this discrete issue for class certification. (ECF No. 199.) The Court addresses each in turn.

### 1. Fed. R. Civ. P. 15 Relation-Back

Plaintiffs first argue Judge Wolfson should not have concluded that the determination of the applicability and the analysis of Fed. R. Civ. P. 15's relation-back provision cannot be decided until further class discovery "because this recommendation conflates the relation back analysis of the scope of the operative pleadings (and the temporal scope of the proposed class) with the Rule 23 analysis regarding the scope of the class to be certified after discovery."[13]  (ECF No. 199 at 7.)

Judge Wolfson carefully considered the parties' submissions in determining "the

---

[12] Rule 15(c)(1) governs when an amended pleading "relates back" to the claims asserted in the original pleading. "An amendment to a pleading relates back to the date of the original pleading" under three possible scenarios outlined in the Rule. Fed. R. Civ. P. 15(c)(1)(B). Plaintiffs argue that Nole's substitution is best governed by Rule 15(c)(1)(B), which permits relation back if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." (ECF No. 199 at 9 (citing *id.*).)

[13] Rule 23(a) establishes the prerequisites for class actions—(1) "the class is so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the

14

applicability and the analysis of Rule 15's relation-back provision impacting the scope of the class vis-à-vis Nole's representation is more suitable during the class certification stage." (ECF No. 197 at 5.) Judge Wolfson acknowledged some courts in the Third Circuit have analyzed the temporal scope of a class as part of Rule 23(a)'s typicality requirement, others have considered similar issues as part of the Rule's adequacy requirement, and others have considered the appropriate length of a class period as a separate inquiry at the class certification stage. (*Id.* at 5–6.) Judge Wolfson found "the determination of the temporal scope issue is inextricably intertwined with class certification," and because the Third Circuit has counseled that the language of Rule 23 "reflects the need for a careful and thorough evaluation of Rule 23's requirements," deferring the temporal scope issue until class certification is appropriate. Judge Wolfson's determinations were neither clearly erroneous nor contrary to law. (*Id.* at 6–7 (citing *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008), *as amended* (Jan. 16, 2009)).)

### 2. *American Pipe*

Plaintiffs contend this Court should apply *American Pipe* to the temporal scope analysis of the pleadings and/or the class period for the pre-certification putative class if their Rule 15 analysis is not adopted.[14] (ECF No. 199 at 15.) Plaintiffs further argue Judge Wolfson did not rule definitively on the issue of the applicability of *American Pipe* to the temporal scope of any

_____

class"; (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) "the representative parties will fairly and adequately protect the interests of the class."

[14] In *American Pipe*, the U.S. Supreme Court held that the filing of a putative class action complaint tolls the applicable statute of limitations as to the individual claims of absent class members. 414 U.S. at 553–54. Noel invokes *American Pipe* as a basis to substitute as a named plaintiff, enabling him to represent the putative class in its currently defined time period. (ECF No. 193 at 35.)

15

certified class "because her statements were part of an effort to determine the proper analytical framework, and she ultimately deferred the issue to class certification." (*Id.* at 19.)

Judge Wolfson's January 21 R&R expressly denied Plaintiffs' contention that *American Pipe* necessarily resolves the scope issue. (ECF No. 193 at 38.) Judge Wolfson framed the narrow issue here as "whether Nole, whose claims are timely, can represent the class based on Named Plaintiffs' earlier EEOC charges," not "whether Nole's claims were untimely and tolled under *American Pipe* to allow his substitution as a named plaintiff." (*Id.*) After eight pages of thorough *American Pipe* analysis, Judge Wolfson definitively concluded that *American Pipe* does not apply to the temporal scope issue. (*Id.* at 31–39.) This conclusion is neither clearly erroneous nor contrary to law, and modification is not warranted. Accordingly, Plaintiffs' conditional objections are **OVERRULED**, and Judge Wolfson's R&Rs are **AFFIRMED**.

## IV.    CONCLUSION

For the reasons set forth above, the parties' objections are **OVERRULED**,[15] and Judge Wolfson's R&Rs (ECF Nos. 193, 197) are **ADOPTED**. Plaintiffs' motion for leave to file a third amended complaint (ECF No. 166) is **GRANTED** as recommended in the R&Rs, and resolution of the temporal scope issue is **DEFERRED** to the class certification stage.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Date: May 7, 2026

---

[15] The Court expressly declines to rule on Judge Wolfson's determination regarding whether Rule 16 applies to Plaintiffs' motion to amend given her thorough assessment of whether "good cause" existed here. *See infra* Section III.A.

16