# HUNTON

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

ROBERT T. QUACKENBOSS
DIRECT DIAL: 202 • 955 • 1950
EMAIL: rquackenboss@HuntonAK.com

FILE NO: 046636.60

June 22, 2026

**Via ECF**

The Honorable Brian R. Martinotti
United States District Court Judge
Martin Luther King Jr. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:    Nole, et al. v. Walmart Inc., Case No. 21-Civ-13827 (D.N.J.)**

Dear Judge Martinotti:

Pursuant to Your Honor's individual rules, Walmart respectfully submits this letter requesting a pre-motion conference in connection with an anticipated motion to dismiss the claims of Plaintiffs Rahshan Paige and Tierra Eason in the Revised Third Amended Complaint ("RTAC") under Rule 12(b)(6).

Plaintiffs allege that Walmart's criminal-history screening process has a disparate impact on Black applicants. RTAC ¶¶ 1-2, 77-79. Plaintiffs seek to represent a nationwide class of Black applicants denied employment based on criminal history. Plaintiffs also propose a New Jersey class of Black applicants denied employment on the basis of their criminal history (represented by Plaintiff Paige), and a Pennsylvania class of applicants denied employment on that basis (represented by Plaintiff Nole). RTAC ¶¶ 112-115.

But Paige's and Eason's allegations fall short of stating a claim under Title VII (and, in Paige's case, also the New Jersey state-law equivalent) because neither Plaintiff alleges facts connecting the dots between their criminal records and Walmart's decision not to hire them. Instead, both Paige and Eason omit any specific allegations that Walmart decided not to hire them based on their criminal conviction record. Those omissions cannot be cured through broad, conclusory allegations that Walmart violated Title VII and state law: although well-pleaded factual allegations are accepted as true at the pleading stage, "conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016).

**Rahshan Paige.** The RTAC alleges that Paige applied for an entry-level associate role, received and accepted an offer, consented to a background check, received a report marked "Decisional," was told he could submit additional information within five business days, and

June 22, 2026
Page 2

later was notified that Walmart revoked his offer. RTAC ¶¶ 62-67. Missing is any allegation—or even reasonable inference—that Paige's criminal conviction history was the <u>reason</u> Walmart did not hire him. RTAC ¶¶ 68-71, 120-121.

The background-check notices sent to Paige invited him to submit additional information within five business days. RTAC ¶¶ 66. As Plaintiffs know, Paige failed to submit additional information until weeks later. Walmart then adjudicated him *eligible* for hire, but it was too late—the position had already been filled. The documentation of that fact has been shared not only with Plaintiffs but with the Court, in the briefing on the motion for leave to amend. *See* ECF No. 179-3 (Decl. of J. Muro explaining Paige hiring decision and attaching relevant documents). Walmart does not ask the Court to rely on that documentation in deciding the motion to dismiss (even though it is arguably incorporated by reference into the RTAC, by virtue of Paige's allegations regarding the background check itself). The critical point is Plaintiffs' overt failure to plead facts connecting the background check policy to Walmart's ultimate decision not to hire him. That failure to plead facts is explained by the underlying record, which disproves Plaintiffs' implied allegation that Walmart ultimately declined to hire Paige because of his criminal background, rather than because he waited too long to respond to Walmart, and by the time he did, the position was filled.

**<u>Tierra Eason.</u>** The RTAC alleges that Eason applied for an Order Filler position, interviewed, received and accepted an offer, consented to a background check, called for updates, and later received correspondence rescinding her offer. RTAC ¶¶ 72-75. But the RTAC does not allege that Eason actually completed the criminal background check process (nor could it so allege, because that is not true—she never provided the requested additional information regarding her convictions). Nor does the RTAC allege that Walmart's criminal background check policy barred people with Eason's criminal background from holding the position she sought.

This case has been pending for nearly five years. Plaintiffs' attorneys have received substantial information in discovery—including information that relates to these specific individuals. Plaintiffs seek to serve as class representatives. The law requires that they plead facts sufficient to make out a plausible individual claim under Title VII. The late stage of this case is *more* reason to hold Paige and Eason to the pleading standard, not less. The holes in Plaintiffs' individual allegations permit only one inference: Paige and Eason do not have the facts necessary to state claims.

\* \* \*

Accordingly, for the reasons stated herein, Walmart intends to ask this Court to dismiss the claims asserted by Plaintiffs Paige and Eason under Rule 12(b)(6).

June 22, 2026
Page 3

Respectfully submitted,

/s/ Robert T. Quackenboss

Robert T. Quackenboss

cc: The Honorable Freda L. Wolfson (ret.)

June 22, 2026
Page 4

## CERTIFICATE OF SERVICE

I, Robert T. Quackenboss, counsel for Defendant Walmart Inc., hereby certify that on June 22, 2026, the foregoing document was filed via the Court's CM/ECF filing system and then served via email to counsel of record and the Special Master in this case.

/s/ Robert T. Quackenboss