# Outten&Golden

June 29, 2026

**Via ECF**
The Honorable Freda L. Wolfson (ret.)
Lowenstein Sandler
One Lowenstein Drive
Roseland, New Jersey 07068

**Re:**    *Nole, et al. v. Walmart, Inc.*, **No. 21 Civ. 13827 (D.N.J.)**

Dear Judge Wolfson:

Plaintiffs submit this response to Walmart's June 22, 2026 letter requesting a pre-motion conference about its anticipated partial[1] motion to dismiss the Revised Third Amended Complaint, ECF No. 211 ("RTAC"). *See* ECF No. 213 ("Def.'s Letter"). As described, Walmart's anticipated motion is meritless, and an inefficient use of resources that should instead be focused on completing this narrow phase of discovery. Walmart's request should be summarily denied.

## I.    <u>The Court Already Decided That Plaintiff Paige Has Plausibly Stated a Claim.</u>

As a threshold matter, the Court should preclude Walmart from moving to dismiss Plaintiff Paige's claims because his allegations in the RTAC *are no different* than those in the Third Amended Complaint ("TAC"), which the Court already ruled was sufficient for Rule 15 futility purposes. *See* ECF No.210-2 (RTAC redline); ECF No. 209 (order granting Plaintiffs leave to file TAC). As Your Honor previously recognized, courts assess futility for Rule 15 purposes just like legal sufficiency under Rule 12(b)(6). ECF No. 193 ("R&R"), at 23 (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). The Court already rejected the arguments Walmart attempts to reprise for Plaintiff Paige[2] under Rule 15's identical standard, holding the "TAC is not futile as to [Plaintiff Paige]," in part because Walmart improperly sought to "introduce facts outside the four corners of the TAC," which "is not permitted at the futility stage," R&R, at 30, just as it is not permitted on a motion to dismiss, *see Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Walmart should be barred from another bite at the apple.[3] *Cf. Scudder v. Colgate Palmolive Co.*, No. 16 Civ. 7433, 2018 U.S. Dist. LEXIS 149592, at *4 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. 2018))).

## II.    <u>Walmart's Letter Presents No Viable Arguments as to Either Plaintiff Paige or Eason.</u>

In addition, allowing Walmart to file a motion to dismiss would be a waste of resources

---

[1]    The motion does not purport to dispose of Plaintiff Nole's claims (Title VII or CHRIA).

[2]    *Compare* ECF No. 182-3 (Def.'s Opp. Mot. Amend), at 8, 20 ("[H]is own delay in responding to Walmart's process resulted in him receiving a cancellation of his job offer, not his criminal history."), *with* Def.'s Letter at 1-2.

[3]    Walmart's position is emblematic of its continued pattern of relitigating issues it already lost. *See, e.g.*, R&R at 5 n.5; ECF No. 158 (ordering production of non-Base applicant data).

Hon. Freda L. Wolfson (ret.)
June 29, 2026
Page 2 of 3

because, contrary to Walmart's arguments, Plaintiffs Paige and Eason – like Plaintiff Nole – have stated Title VII claims and Plaintiff Paige has stated an equivalent New Jersey claim.

*First*, the RTAC alleges that Walmart denied Plaintiffs Paige and Eason because of their criminal history and its overbroad policy. Specifically, it alleges that "Plaintiffs" – referring to all named plaintiffs – are "exemplars of . . . individuals" with "old and unrelated convictions" who were "den[ied] employment" because of Walmart's "overbroad criminal history screen that fails to account for evidence of rehabilitation or mitigating circumstances." RTAC ¶¶ 2-15.[4] Both Plaintiffs also allege that they applied for employment with Walmart, received and accepted a conditional offer of employment, and consented to a criminal history background check, which Walmart proceeded to run before subsequently rescinding their offer of employment. *See* RTAC ¶¶ 62-67 (Plaintiff Paige) and ¶¶ 72-76 (Plaintiff Eason).

In response to these allegations, Walmart appears to argue that to proceed as proposed named plaintiffs, Plaintiffs Paige and Eason must also allege that: "Paige's criminal conviction history was the reason Walmart did not hire him"; Plaintiff Eason "actually completed the criminal background check process" (in that she "provided . . . requested additional information regarding her convictions"); and that "Walmart's criminal background check policy barred people with Eason's criminal background from holding the position she sought." Def.'s Letter at 2. But Walmart cites no authority[5] to support the argument that these allegations are required, while Third Circuit precedent is clear that plaintiffs need not even establish a prima facie case to satisfy the "much less onerous" standard at the pleading stage. *Powell v. Ridge*, 189 F.3d 387, 394 (3d Cir. 1999).[6] Under Rule 8, there are no "magic words" Plaintiffs must state to plead a claim. Walmart is wrong to argue otherwise.

---

[4]    *See also, e.g.*, RTAC ¶ 86 ("As a result of its overbroad policy, Walmart denied employment to Plaintiffs and disproportionately denies employment to countless other Black applicants."), ¶ 120 ("Walmart took discriminatory adverse action against Plaintiffs based on their criminal history. Walmart also denied employment to Plaintiffs based on their criminal history, without those criminal convictions being related to their suitability for employment in the positions for which they applied."), ¶ 121 (Plaintiffs "were denied a position with Walmart because of their criminal history."), ¶ 127 ("Walmart's criminal history screening policy and practice of denying employment opportunities to individuals with criminal convictions (including individuals who purportedly fail to fully or precisely self-disclose their criminal history) has harmed, and continues to harm, Plaintiffs[.]"); ¶ 134 (same under New Jersey law).

[5]    This is contrary to the pre-motion conference requirement. *See* Judge Brian Martinotti Judicial Preferences, https://www.njd.uscourts.gov/content/brian-r-martinotti (requiring pre-motion letter seeking to file a motion to dismiss to "include citations to relevant authority").

[6]    Again, Plaintiffs *have* pleaded they were denied employment because of their criminal history. Even so, highlighting the difficulty of Walmart's position, its motion must be rejected if any reasonable inference leads to the conclusion that Plaintiffs properly pleaded a claim. *See, e.g.*, *Schuchardt v. President of the United States*, 839 F.3d 336, 352 (3d Cir. 2016) (plaintiffs are "entitled to any inference in [their] favor that may be 'reasonably' drawn from [their] pleaded facts" on a motion to dismiss" (*cited by* Def.'s Letter at 1)). Here, that standard is plainly met.

Hon. Freda L. Wolfson (ret.)
June 29, 2026
Page 3 of 3

*Second*, Walmart's arguments again rely on impermissible extrinsic evidence. *See, e.g.*, Def.'s Letter at 2 (referring to "the underlying record"). As to Plaintiff Paige, Walmart asserts that "Walmart ultimately declined to hire Paige [not] because of his criminal background, . . . [but] because he waited too long to respond to Walmart, and by the time he did, the position was filled."[7] *Id.* As to Plaintiff Eason, Walmart asserts that she did not "actually complete the criminal background check process" because "she never provided the requested additional information regarding her convictions." *Id.* But no such allegations appear in the RTAC, so they cannot be considered by the Court. Consistent with Your Honor's R&R, while Walmart is free to raise "[a]ny arguments challenging [Plaintiffs'] adequacy as a class representative based on [their] personal circumstances . . . at the class certification stage," R&R at 31 n.22, they are inappropriate now.

*Third*, while not necessary to deny the motion, Walmart's argument is also mistakenly premised on the myopic notion that, to prevail, Plaintiffs must prove that they were denied employment "because of" the nature of their convictions alone, as opposed to the application of Walmart's criminal history screening policy as a whole. Here, Plaintiffs challenge Walmart's entire criminal history screen, which includes Walmart's uniform step of denying employment to applicants with criminal histories who do not provide additional, unnecessary, information after a background check is run. This requirement leads to the denial of countless Black applicants' applications for employment because of their criminal history.

### III.    Any Purported Deficiency Could Be Easily Cured.

Finally, each of Walmart's purported issues with the RTAC could be cured by, at most, a single sentence. While Plaintiffs believe this is unnecessary given the points above, in the interest of judicial efficiency Plaintiffs are open to conferring with Walmart about adding the words it believes would suffice to obviate its motion. To date, Walmart has chosen not to take this step.[8]

Respectfully submitted,

Christopher M. McNerney

cc:    All counsel of record

---

[7]    Walmart's suggestion that the eligibility determination is somehow "incorporated by reference" because the "background check itself" is referenced in the RTAC is incorrect and a vast overreach. Even so, neither the background check document provided to Plaintiff Paige nor any document Walmart provided to him outside of this litigation ever put him on notice of his apparent "eligibility." *See, e.g.*, *Pryor*, 288 F.3d at 560 (on a motion to dismiss, court may consider only documents "*whose contents are alleged in the complaint* and whose authenticity no party questions" (emphasis added)).

[8]    Plaintiffs provided their proposed RTAC for Walmart's review as soon as litigation resumed. Walmart could have raised its concerns then, but instead chose this more burdensome path. While this is Walmart's right, it is an inefficient use of the parties' and the Court's resources.