**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN NOLE, RAHSHAN PAIGE, and TIERRA EASON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC.,<br><br>Defendant. | Case No. 2:21-cv-13827 (BRM) (AME)<br><br>**ORDER** |

**THIS MATTER** is opened to the Court on the Report and Recommendation of the special master, the Honorable Freda L. Wolfson (ret.), dated October 26, 2026 (ECF No. 248), wherein she recommends the Court: (1) grant Defendant Walmart's motion to dismiss Plaintiff Rahshan Paige's ("Paige") claims alleging disparate-impact discrimination under Title VII and the New Jersey Law Against Discrimination ("NJLAD") (ECF No. 218),[1] and (2) grant Paige leave to amend. The parties were given the opportunity to respond or object to Judge Wolfson's Report and Recommendation by November 16, 2026. To date, no party has responded or objected to the Report and Recommendation.

In recommending the motion be granted, Judge Wolfson found: (1) by granting plaintiffs leave to amend, she did not inherently adjudicate the specific issues posed by Defendant in the motion to dismiss, and therefore the motion to dismiss was permissible; (2) the Complaint does

[1] Defendant moved to dismiss Plaintiffs Rahshan Paige and Tierra Eason's First Claim for Relief, alleging disparate-impact discrimination under Title VII, and Paige's Second Claim for Relief, alleging disparate-impact discrimination under the New Jersey Law Against Discrimination ("NJLAD"). (ECF No. 218.) Because Walmart expressed its intent to move to compel arbitration as to Plaintiff Eason, it requested the motion to dismiss Eason's claims be held in abeyance. Judge Wolfson and this Court agree.

not sufficiently state a claim for disparate impact as to Paige because it fails to sufficiently allege the connection between Defendant's screening policy and the revocation of Paige's employment offer and does not plausibly allege that the policy caused Paige's non-hire[2]; and (3) amendment to cure this discrete deficiency—that "the Complaint does not adequately allege what occurred during Paige's review, including what information Walmart possessed, that form the basis for Walmart to revoke his offer"—is appropriate.

Having reviewed the docket and the Report and Recommendation, the Court agrees. Therefore, and for good cause appearing,

**IT IS** on this 17th day of November 2026,

**ORDERED** that the Report and Recommendation (ECF No. 248) is hereby **ADOPTED** in its entirety and entered; and it is further

**ORDERED** that the motion to dismiss (ECF No. 218) is **GRANTED** as to Paige's Title VII disparate-impact and NJLAD claims; and it is further

**ORDERED** that Paige is permitted to, by November 30, 2026, amend the complaint limited to curing the discrete issue identified above, and it is further

**ORDERED** that if Paige cannot allege curative facts, the claims may be dismissed with prejudice, and it is finally

[2] Namely, Judge Wolfson noted the Complaint lacked any allegations regarding what, if anything, Paige submitted to Walmart in response to the screening report, and that "[w]ithout facts about what occurred during Paige's review, the Complaint leaves unclear whether Walmart completed the challenged screening process and revoked the offer simply because the application was treated as incomplete." (ECF No. 14–15.) However, Judge Wolfson did find that "the Complaint identifies the challenged employment practice and policy with sufficient specificity" and "alleges sufficient facts supporting a plausible inference that the policy disproportionately affects Black applicants." (ECF No. 248 at 12–13.)

**ORDERED** that the motion to dismiss as to Plaintiff Eason will be held in abeyance pending full briefing of the anticipated motion to compel arbitration, which has been referred to Judge Wolfson.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**